# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERICK MENESES, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SPRINT CORPORATION, MICHEL COMBES, ANDREW DAVIES,<br><br>Defendants. | Case No.  1:19-cv-03549-ALC<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ISAAC SOLOMON FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL |
| ISAAC SOLOMON, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SPRINT CORPORATION, MICHEL COMBES, ANDREW DAVIES,<br><br>Defendants. | Case No.  1:19-cv-05272-UA |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ...................................................................................................... 2

ARGUMENT............................................................................................................................ 3

I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED ...................................... 3

II.     MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF........................................... 4

        A.      Movant is Willing to Serve as a Class Representative ........................................... 5

        B.      Movant Has the "Largest Financial Interest" in the Action.................................... 6

        C.      Movant Otherwise Satisfies the Requirements of Rule 23 ..................................... 7

III.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ........... 9

CONCLUSION......................................................................................................................... 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*, 17-CV-10085,
   2018 U.S. Dist. LEXIS 57591 (S.D.N.Y. Apr. 4, 2018) .......................................................... 7

*Bassin v. Decode Genetics, Inc.*,
   230 F.R.D. 313 (S.D.N.Y. 2005) ............................................................................................. 4

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
   141 F.R.D. 229 (2d Cir. 1992) ................................................................................................. 8

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
   252 F.R.D. 188 (S.D.N.Y. 2008) ............................................................................................. 4

*Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*,
   2018 U.S. Dist. LEXIS 104185 (S.D.N.Y. June 21, 2018) ...................................................... 6

*Dookeran v. Xunlei Ltd.*, 18-cv-467 (RJS) *et al.*,
   2018 U.S. Dist. LEXIS 62575 (S.D.N.Y. Apr. 12, 2018) ........................................................ 9

*Foley v. Transocean Ltd.*,
   272 F.R.D. 126 (S.D.N.Y. 2011) ............................................................................................. 9

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) ..................................................................................................... 6

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER),
   2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) .................................................... 6, 10

*In re Drexel Burnham Lambert Grp., Inc.*,
   960 F.2d 285 (2d Cir. 1992) ..................................................................................................... 8

*In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC),
   2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009) ........................................................ 4

*In re Molson Coors Brewing Co. Sec. Litig.*,
   233 F.R.D. 147 (D. Del. 2005) ................................................................................................. 9

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) ......................................................................................... 6

*In re Orion Secs. Litig.*, 08 Civ. 1328 (RJS),
   2008 U.S. Dist. LEXIS 55368 (S.D.N.Y. July 7, 2008) .......................................................... 8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ........................................................................................................7

*In re Tronox, Inc. Sec. Litig.*,
   262 F.R.D. 338 (S.D.N.Y. 2009) .....................................................................................................4

*Janbay v. Canadian Solar, Inc.*,
   272 F.R.D. 113 (S.D.N.Y. 2010) .....................................................................................................8

*Johnson v. Celotex Corp.*,
   899 F.2d 1281 (2d Cir. 1990) ..........................................................................................................4

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007) .......................................................................................................7

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
   311 F.R.D. 373 (S.D.N.Y. 2015) .....................................................................................................9

*Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715,
   1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ..................................................................6

*Malcolm v. Nat'l Gypsum Co.*,
   995 F.2d 346 (2d Cir. 1993) ............................................................................................................4

*Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN),
   2017 U.S. Dist. LEXIS 187238 (S.D.N.Y. Nov. 13, 2017) .............................................................6

*Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc.*,
   229 F.R.D. 395 (S.D.N.Y. 2004) .....................................................................................................6

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
   589 F. Supp. 2d 388 (S.D.N.Y. 2008) .............................................................................................9

## Statutes

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ........................................................................................ *passim*

## Rules

Fed. R. Civ. P. 23 .................................................................................................................. *passim*

Fed. R. Civ. P. 42 ......................................................................................................................1, 2, 4

Isaac Solomon ("Movant" or "Solomon") respectfully submits this memorandum of law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Solomon as Lead Plaintiff; and (3) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

The Complaints in the Related Actions allege that Sprint Corporation ("Sprint" or the "Company") and the above-named defendants (collectively, the "Defendants") defrauded investors in violation of the Securities Exchange Act of 1934 ("Exchange Act"). Sprint investors, including Solomon, incurred significant losses following the disclosure of the alleged fraud, which caused Sprint's stock price to fall sharply, damaging Solomon and other Sprint investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the action and that satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In connection with his purchases of Sprint securities between January 31, 2019 and April 16, 2019, both dates inclusive (the "Class Period"), Solomon incurred losses of approximately $65. Accordingly, Movant believes that he has the largest financial interest in the relief sought in this action.

Beyond his considerable financial interest, Solomon also meets the applicable requirements of Rule 23 because his claims are typical of absent class members and because he will fairly and adequately represent the interests of the Class.

1

In order to fulfill his obligations as Lead Plaintiff and vigorously prosecute this action on behalf of the Class, Movant has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a nationally recognized securities class action firm that has recovered billions of dollars on behalf of defrauded investors, and recently secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest securities class action settlement in a decade.

Consolidation is appropriate under Fed. R. Civ. P. 42(a) where actions involve common questions of law or fact. Here, the Related Actions are all putative class actions alleging violations of the federal securities laws by an overlapping group of Defendants occurring during overlapping class periods arising from the same alleged fraudulent misconduct. As such, the Related Actions involve common questions of both law *and* fact, and consolidation is plainly warranted.

Accordingly, Movant respectfully requests that the Court enter an order consolidating the Related Actions, appointing Movant as Lead Plaintiff and approving Movant's selection of Pomerantz as Lead Counsel.

## STATEMENT OF FACTS

As the Complaints in the Related Actions allege, Sprint is a communications company offering a comprehensive range of wireless and wireline communications products and services that are designed to meet the needs of individual consumers, businesses, government subscribers and resellers.

During the Class Period, and unbeknownst to investors, Sprint misled investors by highlighting that it had 309,000 total postpaid net additions, a widely-watched metric by Wall Street analysts, while failing to disclose that these additions were not new customers, but instead driven by free lines offered to Sprint customers and the inclusion of less valuable tablet and

2

other non-phone devices, as well as pre- to post-paid migrations that do not represent new Sprint customers.

The truth was revealed on April 15, 2019, when Sprint filed a letter with the Federal Communications Commission ("FCC") regarding the "Applications of T-Mobile US, Inc. and Sprint Corporation for Consent to Transfer Control of Licenses and Authorizations, WT Docket No. 18-197" (the "FCC Letter").

The FCC Letter was referenced in a Wall Street Journal Article entitled "T-Mobile Sprint Deal Runs Into Resistance From DOJ Antitrust Staff," published on April 16, 2019 (the "April 16, 2019 Wall Street Journal Article"). The article made reference to the FCC Letter, noting that "Sprint said in a Monday FCC filing that its current performance would be unsustainable without the merger due to weak network infrastructure and a customer base prone to leave in search of better deals."

Following the submission of the FCC Letter, Sprint's stock price fell from $6.10 per share at close on Friday, April 12, 2019 to $5.88 per share at close on Monday, April 15, 2019, a drop of roughly 3.61%. Sprint's stock price fell again following the publication of the April 16, 2019 Wall Street Journal article, from a close of $6.01 per share on April 16, 2019 to $5.64 per share at the close on April 17, 2019, a drop of over 6%.

## ARGUMENT

## I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the
> court, it may order a joint hearing or trial of any or all of the matters at issue in the

3

> actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). *See also* Manual for Complex Litigation (Third), § 20.123 (1995). Consolidation is appropriate when the actions before the court involve common questions of law **or** fact. *See* Fed. R. Civ. P. 42(a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)).

The Related Actions at issue here clearly involve common questions of law **and** fact. Each action was brought against an overlapping group of Defendants (Sprint and certain of its officers) in connection with violations of the federal securities laws during overlapping class periods. Accordingly, the Related Actions allege substantially the same wrongdoing—namely that the Defendants issued materially false and misleading statements and omissions that artificially inflated the price of Sprint's securities and subsequently damaged the putative class members when the price of Sprint's securities plunged as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *5 (S.D.N.Y. July 29, 2009) ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties."); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same).

## II.  MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

Movant should be appointed Lead Plaintiff because, to his knowledge, Movant has the largest financial interest in the Action and otherwise satisfies the requirements of Rule 23. The

PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Specifically, the Court "shall" appoint the presumptively "most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Solomon satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A.    Movant is Willing to Serve as a Class Representative

On April 22, 2019, counsel for plaintiff in the first-filed of the Related Actions caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities fraud class action had been filed against Defendants and which advised investors in Sprint securities that they had 60 days—*i.e.* until June 21, 2019—to file a motion to be appointed as lead plaintiff (the "PSLRA Notice"). *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Ex. A. Movant has filed the instant motion pursuant to the PSLRA Notice, and has attached a Certification attesting that he is willing

to serve as a representative for the Class, and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. B. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff of the Class.

### B.   Movant Has the "Largest Financial Interest" in the Action

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of his knowledge, Movant has the largest financial interest of any Sprint investor or investor group seeking to serve as Lead Plaintiff. For claims arising under federal securities laws, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997). In accord with other courts nationwide,[1] these *Lax* factors have been adopted and routinely applied by courts in this judicial district. *See*, *e.g.*, *Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*, 2018 U.S. Dist. LEXIS 104185, at *12 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS 187238, at *3 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004).

During the Class Period, Movant: (1) purchased 500 shares of Sprint stock; (2) expended $2,825 on purchases of Sprint stock; (3) retained all of his shares of Sprint stock; and (4) incurred

---

[1] *See e.g., In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007).

losses of $65 in connection with his transactions in Sprint stock. *See* Lieberman Decl., Ex. C. To the extent that Movant possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

###### C. Movant Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a *prima facie* showing that they meet [the requirements of] Rule 23". *Aude v. Kobe Steel, Ltd.*, 17-CV-10085, 2018 U.S. Dist. LEXIS 57591, at *8 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required.") Moreover, "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *see also Aude*, 2018 U.S. Dist. LEXIS 57591 at *8. Here, the Complaints in the Related Actions sufficiently plead Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all class members, including Movant.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Secs. Litig.*, 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368, at \*12 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291) (2d Cir. 1992)). "[T]he claims of the class representative need not be identical those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (2d Cir. 1992)).

Movant's claims are typical of those of the Class. Movant alleges, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or omitting to disclose material facts concerning Sprint. Movant, as did all members of the Class, purchased Sprint common stock during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove Sprint's stock price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy."

*Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, 18-cv-467 (RJS) *et al.*, 2018 U.S. Dist. LEXIS 62575, at \*6 (S.D.N.Y. Apr. 12, 2018) (same).

As set forth in greater detail below, in Pomerantz, Movant has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits his choice of Pomerantz to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). There is no evidence of antagonism or conflict between Movant's interests and the interests of the Class. Movant has submitted a signed Certification declaring his commitment to protect the interests of the Class (*see* Lieberman Decl., Ex. B), and the significant losses incurred by Movant demonstrate that he has a sufficient interest in the outcome of this litigation to ensure vigorous adequacy.

## III.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with lead plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). *See also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.") (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)). *See also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, Movant has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. *See* Lieberman Decl., Ex. D. Pomerantz is a

9

premiere firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, and Paris, France. For more than 75 years, Pomerantz has represented defrauded investors. In 2018 alone, Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the fifth largest class action settlement ever achieved in the United States, as well as an $80 million recovery on behalf of investors in Yahoo! securities. *See id.* More recently, Pomerantz announced as Co-Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it had achieved a $110 million settlement on behalf of the class in that action. *See* THE WALL STREET JOURNAL, *Fiat Chrysler to Settle Lawsuit for $110 Million*, April 8, 2019 (available at https://www.wsj.com/articles/fiat-chrysler-to-settle-lawsuit-for-110-million-11554746066). The foregoing achievements are part of a long line of record-setting recoveries led by Pomerantz, including a $225 million settlement *in In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *See* Lieberman Decl., Ex. D. Courts in this Judicial District and throughout the country have recognized Pomerantz's qualifications to serve as class counsel, and Pomerantz has recently been appointed lead counsel in actions including *In re Allergan PLC Sec. Litig.*, 18-cv-12089 (S.D.N.Y.); *Anarkat v. CVS Health Corporation*, 19-cv-01725 (S.D.N.Y.); *Schiro v. CEMEX, S.A.B. de C.V.*, 18-cv-2352 (S.D.N.Y.); *Yang v. Nobilis Health Corp.*, 19-cv-145 (S.D. Tex.); and *Costas v. Ormat Technologies, Inc.*, 18-cv-271 (D. Nev.). As a result of Pomerantz's extensive experience in litigation involving issues similar to those raised in the instant action, Movant's chosen counsel have the skill, knowledge, expertise, and experience that will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Pomerantz as Lead Counsel, the members of the class will receive the best legal representation available.

**CONCLUSION**

For the foregoing reasons, Solomon respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Solomon as Lead Plaintiff; and (3) approving proposed Lead Plaintiff's selection of as Lead Counsel for the Class.

Dated:  June 21, 2019

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email:  pdahlstrom@pomlaw.com

*Counsel for Movant and*
*Proposed Lead Counsel for the Class*

11