UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISAAC SOLOMON, individually and on behalf of all others similarly situated,

                    Plaintiff,

                    -against-

SPRINT CORPORATION, ANDREW COMBES, and MICHAEL DAVIES.,

                    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/13/2020

1:19-cv-05272-MKV

ORDER APPOINTING
LEAD PLAINTIFF AND
LEAD COUNCSEL

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff Isaac Solomon ("Plaintiff" or "Solomon") has moved [ECF #20] for appointment as Lead Plaintiff and for designation of Pomerantz LLP as lead counsel in this class action lawsuit against Defendants Sprint Corporation ("Sprint"), Michael Combes, and Andrew Davies (together "Defendants"). The Motion is unopposed. Upon careful review of Solomon's submissions, for the reasons stated below, the Motion is GRANTED.

                    \*   \*   \*

      The history of this litigation, which is outlined in the letter of Plaintiff's counsel dated March 4, 2020 [ECF #22], is a bit convoluted. On April 22, 2019, Plaintiff Eric Meneses ("Meneses") filed against Defendants a putative class action on behalf of purchasers of Sprint common stock. *See Meneses v. Sprint Corp.*, Case No. 19-cv-3549-ALC (S.D.N.Y. Apr. 22, 2019). That action sought damages under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. § 78j(b) and 78t(a), as well as Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated by the Securities and Exchange Commission, for allegedly misleading statements by Sprint about certain business growth metrics between January and April 2019. *See* Complaint, ECF 1, *Meneses v. Sprint Corp.*, Case No. 19-cv-3549-ALC (S.D.N.Y. Apr. 22, 2019).

The same day that he filed the action, Meneses published requisite notice pursuant to the Private Securities Litigation Reform Act, advising the public of the filing and of the right of members of the purported class to seek to serve as lead plaintiff. *See* ECF 20, Ex. 7 (Declaration of Jeremy Lieberman, Ex. E, Press Release); ECF 22, *Solomon v. Sprint Corp.*, Case No. 19-cv-5272-MKV (S.D.N.Y. Mar. 4, 2020). As a result, any putative class member had until June 21, 2019 to seek appointment as Lead Plaintiff in the *Meneses* case. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i) ("The Plaintiff . . . shall cause to be published . . . a notice advising members of the purported class . . . that not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.").

Following notice, Solomon filed this action asserting substantially similar claims against Defendants over an identical putative class period. *See* Complaint, ECF 1. Shortly after he filed this case, Solomon timely moved on June 21, 2019 for consolidation of this action with the *Meneses* action and for appointment as Lead Plaintiff in the consolidated case. Three days later, the *Meneses* action was voluntarily dismissed. *See* Notice of Voluntary Dismissal, ECF 13, *Meneses v. Sprint Corp.*, Case No. 19-cv-3549-ALC (S.D.N.Y. June 24, 2019). Notably, the *Meneses* case was dismissed before a ruling on the motion for consolidation and appointment of a lead plaintiff. No motion for appointment of lead counsel was ever filed in this action, since the Motion properly had been filed in the related *Meneses* case.

On January 28, 2020, Judge George B. Daniels, to whom this case was originally assigned, ordered that the motion filed in the *Meneses* action would be deemed timely filed for purposes of this action, and asked Plaintiff to refile a copy of the motion papers on the docket here. *See* Order, ECF 19 (Jan. 28, 2020). Plaintiff did so, *see* ECF 20, and several days later this

case was transferred to me.  Plaintiff's counsel filed an additional letter informing the Court of the procedural abnormalities in this case.  *See* ECF 22.

While no other action asserting the same claims is currently pending, and because no other party has moved for appointment as Lead Plaintiff, the Court is nonetheless required to determine whether Solomon is an appropriate plaintiff to represent the other putative class members.  *See* 15 U.S.C.A. § 78u-4(a)(3)(B)(i) (The Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members.").  In making its determination, the Court is guided by the statutory rebuttable presumption that the most adequate plaintiff is the person that (1) has either filed the complaint or made a motion for appointment as lead plaintiff, (2) has the largest financial interest in the relief sought by the class, and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The presumption may be rebutted if the Court finds evidence that the presumptive plaintiff "will not fairly and adequately protect the interests of the class" or is subject to "unique defenses" that render him or her incapable of adequately representing the class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  A plaintiff appointed as the Lead Plaintiff may choose counsel to represent the class, subject to Court approval.  15 U.S.C. § 78u-4(a)(3)(B)(v).

Based on a review of the relevant criteria and materials submitted in this case, the Court finds that Isaac Solomon is the most adequate plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i).  Additionally, the Court approves Mr. Solomon's choice of Pomerantz LLP as Lead Counsel.

First, Solomon's adequacy to represent the class and pursue its claims is self-evident, given that he is the only person who has filed an action asserting these particular claims against Defendants and has sought to serve as lead plaintiff.  *See Bevinal v. Avon Prods., Inc.*, No. 19-

cv-1420-CM, 2019 WL 2497739, at *1 (S.D.N.Y. June 3, 2019) (appointing movant as lead plaintiff where "No other class member has filed a timely application for appointment as lead plaintiff").

Second, Solomon's alleged loss—and therefore his financial interest in the action—is the largest among all interested class representatives (of which he is the only one) and, indeed, is larger than the losses originally asserted in the *Meneses* complaint, which Meneses has since dismissed. *Compare* ECF 20, Ex. G (asserting a loss of $65 dollars for Solomon) *with* ECF 1 ¶ 33, Ex. 1, *Meneses v Sprint Corp.*, Case No. 19-cv-3549-ALC (S.D.N.Y. Apr. 22, 2019) (asserting a loss of approximately $27 for Meneses).[1] Given Solomon's larger financial stake, he is presumptively the most adequate plaintiff. *See Bevinal*, 2019 WL 2497739, at *1.[2]

Finally, no one has submitted any evidence or argument to rebut Solomon's status as the presumptive most adequate plaintiff. After reviewing Solomon's application and the other filings in this case and in *Meneses*, the Court finds that Solomon has made a sufficient preliminary showing that he satisfies the requirements of Rule 23. *See* Fed. R. Civ. P. 23;

---

[1] While the *Meneses* action did not assert an exact loss amount, the plaintiff's certification in that case, ECF 1, Ex., states that he purchased 48 shares of Sprint common stock at $6.19 per share. The Complaint in that action also alleges that the price of Sprint common stock fell to $5.64 by the end of the putative class period. While the plaintiff there did not allege a total personal loss as a result of the alleged fraud by Sprint, arithmetic suggests that the total possible loss to Meneses was $26.40.

[2] Ordinarily, the Court would engage in an analysis of competing movants' losses under the factors set forth in *Lax v. First Merchants Acceptance Corp.*, No. 97-cv-02715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997), which courts in this district have adopted to determine which Plaintiff has the largest financial interest. *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, Case No. 18-cv-02268 (AT) (SN), 2018 WL 3093965, at *1 (S.D.N.Y. June 21, 2018). However, since Solomon is the only movant here, he is presumptively the investor with the largest loss of those interested in lead plaintiff role.

*Bevinal*, 2019 WL 2497739, at *2.  Accordingly, the Court grants Solomon's application to serve as Lead Plaintiff.

Additionally, the Court approves Solomon's choice of Pomerantz LLP ("Pomerantz") to be Lead Counsel.  As exhibited in Solomon's submissions, Pomerantz is a long-standing successful securities litigation firm that has returned several billion dollars to investors.  *See* ECF 20, Ex B at 9-10; Ex. H.  The firm's highlights include a recovery of nearly $3 billion for investors in Petrobras and $110 million for investors of Fiat-Chrysler Automobiles N.V.  *See* ECF 20, Ex. H at 3-4.  The firm has also been appointed Lead Counsel in putative class actions in this district, including in cases where several competing potential lead plaintiffs and law firms were considered. *See, e.g.*, *Cook v. Allergan PLC*, No. 18 CIV. 12089 (CM), 2019 WL 1510894 (S.D.N.Y. Mar. 21, 2019) (case now captioned *In re Allergan PLC Secs. Litig.*).

## CONCLUSION

For the foregoing reasons, Solomon's motion is GRANTED.  As lead counsel, Pomerantz shall have the following responsibilities and duties, to be carried out either personally or through counsel whom the firm designates:

    a.    to coordinate the preparation and filings of all pleadings;

    b.    to coordinate the briefing and argument of any and all motions;

    c.    to coordinate the conduct of any and all discovery proceedings;

    d.    to coordinate the examination of any and all witnesses in depositions;

    e.    to coordinate the selection of counsel to act as spokesperson(s) at all pretrial conferences;

    f.    to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

    g.    to coordinate all settlement negotiations with counsel for Defendants;

    h.        to coordinate and direct pretrial discovery proceedings, preparation for trial, and trial of this matter and delegate work responsibilities to selected counsel as may be required; and

    i.        to supervise all other matters concerning the prosecution or resolution of the claims asserted in this action.

SO ORDERED.

Date:  May 13, 2020                                   MARY KAY VYSKOCIL  
          New York, NY                                  United States District Judge