

**Omar Jafri**
Attorney

November 17, 2020

<u>VIA ECF</u>

Honorable Mary K. Vyskocil                 Omar Jafri
United States District Judge               Pomerantz LLP
United States District Court               10 South La Salle
Southern District of New York              Suite 3500
500 Pearl Street, Room 2230                Chicago, Illinois 60603
New York, NY 10007

**Re:** *Solomon v. Sprint Corporation*,
<u>Civil Action No. 19 Civ. 05272 MKV</u>

Dear Judge Vyskocil,

We write on behalf of Plaintiffs Isaac Solomon and Francine Canion ("Plaintiffs") regarding arguments raised by Defendants for the first time in their Reply.

In their Motion to Dismiss, Defendants argued only that the statements related to Sprint's post-paid net additions could not be false because the "information was already known to investors."  ECF No. 43 at 20.  No attempt was made to address the negative financial information in Sprint's letter to the FCC that contradicted Defendants' false statements made during the Class Period.  After Plaintiffs pointed out that Defendants waived their right to explain the contradictory information conceded in the letter to the FCC, ECF No. 45 at 7 n.2, Defendants pivoted away from their truth-on-the-market defense in their moving papers, and presented new arguments in their Reply brief to assert that the contradictory financial information in Sprint's letter to the FCC, which was disclosed to Sprint's Board of Directors in 2018 and 2019, does not render their Class Period misstatements false.  ECF No. 49 at 6-8.

As Defendants did not raise these new theories and facts in their Motion to Dismiss, such grounds for dismissal have been forfeited. The Second Circuit has long held that new theories or facts raised for the first time in a reply brief are forfeited.  *See Evangelista v. Ashcroft*, 359 F.3d 145, 155 n.4 (2d Cir. 2004) ("We do not consider the merits of [appellant's] argument, because we will not consider an argument raised for the first time in a reply brief.") (internal quotation marks and citations omitted); *Ernst Haas*

ojafri@pomlaw.com
10 South LaSalle Street, Suite 3505, Chicago, IL 60603   tel: 312.377.1181   www.pomerantzlaw.com

NEW YORK      CHICAGO      LOS ANGELES      WESTON, FL

# POMERANTZLLP

*Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999) (declining to entertain new theories raised in a reply brief).    The rule applies equally to legal theories as well as facts.  *See Seabrook v. United States*, No. 16-CV-1676 (VSB) (JLC), 2019 U.S. Dist. LEXIS 23619, at \*31-32 (S.D.N.Y. Feb. 13, 2019) (declining to consider new facts raised for the first time in a reply brief). Accordingly, we would initially request Your Honor to strike the new arguments.

Should the Court, however, choose to consider the new arguments raised in Defendants' Reply, then Plaintiffs respectfully request the Court's leave to file a Sur-Reply, which is attached as Exhibit A to this letter.

For the first time, Defendants also raise new arguments related to Sprint's misappropriation of Lifeline subsidies based on a Consent Decree with the FCC that was executed after the Amended Complaint was filed and after Plaintiffs filed their Opposition to Defendants' Motion to Dismiss.  ECF No. 49 at 9; *see also* Exhibit B.  Not only are these new arguments improperly raised for the first time in a Reply brief, Defendants' reliance on the Consent Decree is also an impermissible attempt to reach outside the four corners of the Amended Complaint and inject "alternative facts" at the pleading stage.  *See Kermanshah v. Kermanshah*, 580 F. Supp. 2d 247, 258-59 (S.D.N.Y. 2008) (observing that, at the motion to dismiss stage, courts are limited to facts pled within the four corners of the complaint, and cannot weigh evidence offered in support of a motion).[1]

While the Court need not consider Defendants' new arguments, Plaintiffs respectfully seek the Court's leave to file a Sur-Reply if the Court chooses to address any of Defendants' new arguments raised in their Reply brief.  *See Beaumont v. Chase Bank*, 01 Civ. 3393 (DLC)(HBP), 2002 U.S. Dist. LEXIS 19889, at \*5-6 (S.D.N.Y. June 25, 2002) (noting that sur-replies are permitted when new arguments are raised in a reply brief); *Von Hundertmark v. Bos. Prof'l Hockey Ass'n*, CV-93-1369 (CPS), 1996 U.S. Dist. LEXIS 20231, at \*9 (E.D.N.Y. Mar. 7, 1996) (allowing sur-reply when opposing party introduced new facts and arguments in a reply brief).

Plaintiffs conferred with Defendants via email, and Defendants do not consent to Plaintiffs' request for leave to file a Sur-Reply.

---

[1] Defendants' reliance on *Toure v. Cent. Parking Sys.*, 05 Civ. 5237 (WHP), 2007 U.S. Dist. LEXIS 74056, at \*4 (S.D.N.Y. Sep. 28, 2007) is utterly misplaced.  In *Toure*, the Court noted that a reply brief can address new arguments raised for the first time in an opposition to a motion.  Plaintiffs did not raise any new arguments in their opposition. Plaintiffs discussed the well-pled facts of the Amended Complaint, which Defendants chose to avoid discussing and hence waived.  In any event, in *Toure*, the Court allowed sur-reply briefs because it found that preferable to striking new materials submitted on reply.  *Id.*

Respectfully submitted,

/s/ *Omar Jafri*
Omar Jafri
Pomerantz LLP