SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST

NEW YORK 10001

———

TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

DIRECT DIAL

212-735-7852

EMAIL ADDRESS

scott.musoff@skadden.com

FIRM/AFFILIATE OFFICES

————
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
————
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

November 19, 2020

**Via ECF**

The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:    *Solomon v. Sprint, et al.*, No. 19-cv-05272 (MKV)

Dear Judge Vyskocil:

We represent defendants Sprint Corporation, Michel Combes, Andrew Davies, Marcelo Claure, and Tarek Robbiati ("Defendants") in the above-referenced action.  We respectfully write in opposition to Plaintiffs' November 17, 2020 letter moving to strike Defendants' arguments or alternatively requesting leave to file a sur-reply (ECF No. 52) (the "Letter").  Defendants did not raise any new issues on reply and therefore there is nothing to be struck nor is a sur-reply warranted.

***Plaintiffs' Motion to Strike and Request to File Sur-Reply Should Be Denied***

Sur-replies are generally disfavored, and one is not warranted here, where Defendants raised no new material issues in their Reply (ECF No. 49) (the "Reply").  *See Nat'l Ret. Fund v. Caesars Entm't Corp.*, No. 15-CV-2048 (LAK) (JLC), 2016 WL 2621068, at \*2 n.3 (S.D.N.Y. May 5, 2016) ("Sur-replies are generally not permitted because such a procedure has the potential for placing a court in the position of refereeing an endless volley of briefs.").  Here, the Reply did not raise any issues that were not made in the Opening Brief and directly responds to Plaintiffs' Opposition (ECF No. 45) (the "Opposition").  *See, e.g.*, *Niv v. Hilton Hotels Corp.*, 710 F. Supp. 2d 328, 338 n.4 (S.D.N.Y. 2008) (declining to ignore argument from defendants' reply where argument "was not a new argument, but rather an extension of the arguments made in the initial papers" and finding that "even if considered a new argument . . . it was reasonable to expect this

The Honorable Mary Kay Vyskocil
November 19, 2020
Page 2

argument and therefore it is not prejudicial to plaintiffs to consider th[ese] materials"), *aff'd*, 358 F. App'x 282 (2d Cir. 2009).

Plaintiffs "ha[ve] not demonstrated to the Court that papers to which [they] seek[] to file a reply raise new issues which are material to the disposition of the question before the Court." *Mohsen v. Morgan Stanley & Co. Inc.*, No. 11-CV-6751 (PGG), 2013 WL 5312525, at *3 n.2 (S.D.N.Y. Sept. 23, 2013) (denying motion for leave to file a sur-reply where reply brief "asserts no new facts, raises no new legal arguments, and properly cites new cases only in response to Plaintiff's arguments").  Further, Plaintiffs' request to file a sur-reply should be denied because their proposed sur-reply "simply recites the arguments [] raised in [the] opposition." *Underwood v. Lastrada Entertainment Co., Ltd.*, No. 16-CV-9058 (DLC), 2020 WL 3640532, at *7 n.11 (S.D.N.Y. July 6, 2020); (*Compare e.g.*, Opp. 17 *with* Proposed Sur-Reply at 1; Opp. 4 *with* Sur-Reply at 2; Opp. 5 *with* Sur-Reply at 3; Opp. 11-12 *with* Sur-Reply at 3-4.).

### *Defendants' Reply Brief Does Not Raise New Material Issues*

As outlined in the Reply, Plaintiffs' contention that Defendants have waived the ability to discuss Sprint's April 15, 2020 letter to the FCC (the "FCC Letter") finds no support in fact or in law.  (Reply at 1, n.2.)  Plaintiffs' claim is contradicted by Defendant's Opening Brief (ECF No. 43) ("Def. Br."), which extensively discusses the FCC Letter and its contents.  (Def. Br., at 1-2, 7-9, 10-12, 29.)  In fact, Defendants attached the FCC Letter in their submission to the Court (Musoff Dec., ECF No. 44, Ex. L) and specified in their Opening Brief every instance of the Amended Complaint's reliance on the FCC Letter (Def. Br. at 8).  Defendants do not raise new arguments relating to the FCC Letter, which was submitted to the Court and extensively cited in the Complaint, Defendants' Opening Brief, and the Amended Complaint.  *See Ramon v. Corp. City of New York,* No. 17-CV-2307 (KAM), 2019 WL 1306061, at *7 (E.D.N.Y. Mar. 21, 2019) (the record "makes clear that [reply brief's] representations do not constitute new facts or arguments" because the information was "taken directly" from a document that plaintiff had attached to his complaint and "cited from [] extensively").

Plaintiffs' claim that Defendants "presented new arguments in their Reply brief to assert that the contradictory financial information in Sprint's letter to the FCC . . . does not render their Class Period misstatements false" is incorrect.  (Letter at 1.)  Defendants unequivocally state in their Opening Brief that "[t]he April 2019 letter to the FCC was hardly a corrective disclosure as there was nothing inconsistent with that letter and any prior public statements." (Def. Br. at 2; *see also* Def. Br. at 10-11, 29.)  The Reply reiterates that Plaintiffs fail to plead any actionable misstatements or omissions because nothing in the FCC Letter is inconsistent with Sprint's disclosures and expands on these arguments to the extent necessary to directly address arguments raised in the Opposition.[1]  (Reply at 1-7; Def. Br. at 10-21; *Kowalski v. YellowPages.com, LLC,*

---

[1] For example, Defendants' Brief states: "Plaintiffs point to statements in the FCC Letter claiming that the letter 'admitted that net additions had been driven by 'free lines' given to existing customers, the inclusion of less valuable tablet and other non-phone devices and pre to post migrations that did not represent 'new' Sprint customers.' (AC ¶ 13.)  This statement is far from a revelation and is entirely consistent with Sprint's disclosures before and throughout the Class Period." (Def. Br. at 10-11.)  Expanding on this, the Reply argues: "Plaintiffs' claim that Sprint's statements in the FCC Letter were an 'admission' that 'its public statements to investors were incomplete,' is utterly without

The Honorable Mary Kay Vyskocil
November 19, 2020
Page 3

No. 10-CV-7318 (PGG), 2012 WL 1097350, at *10 (S.D.N.Y. Mar. 31, 2012) ("[T]he argument favoring a surreply submission is less compelling where the reply brief, in responding to the opposition brief, does not spring upon [the opposing party] new reasons for [granting the motion]."); *Kapiti v. Kelly*, No. 07-CV-3782 (RMB) (KNF), 2008 WL 754686, at *1 n.1 (S.D.N.Y. Mar. 12, 2008) (declining to allow plaintiff to file a sur-reply where "defendants' reply . . . responded directly to the arguments advanced through [plaintiff's] opposition memorandum"), *aff'd*, No. 07-CV-3782 (RMB) (KNF), 2008 WL 1882652 (S.D.N.Y. Apr. 28, 2008).)

Further, Plaintiffs' contention that Defendants raised "new arguments" because the Reply references in one sentence Sprint's recent settlement with the FCC (the "FCC Consent Decree") ignores that the same sentence expressly notes that consideration of the FCC Consent Decree is "not necessary to resolve the motion to dismiss." (*See* Reply at 4.) And of course, the Court is free to ignore it. Moreover, the reference to the FCC Consent Decree directly responds to Plaintiffs' argument in its brief that Sprint could face fines that totaled "'in the low billions of dollars' as a result of the FCC investigation, which remains ongoing." (Opp. at 7; *Bayway Refining Co. v. Oxygenated Marketing and Trading A.G.*, 215 F.3d 219, 226-27 (2d Cir. 2000) ("reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party").) Finally, briefing the FCC Consent Decree through a sur-reply would be a futile exercise because Plaintiffs cannot amend their complaint through briefing. *See Lazaro v. Good Samaritan Hosp.*, 54 F. Supp. 2d 180, 184 (S.D.N.Y. 1999) ("[I]t is axiomatic that the Complaint cannot be amended by briefs in opposition to a motion to dismiss.").[2]

Because the Reply raises no new material issues, the Court should not allow Plaintiffs to now redraft their Opposition and impermissibly amend their pleading through a sur-reply. Should the Court grant Plaintiffs' request, we respectfully ask to file a short response.

---

merit . . . . The FCC Letter discusses Sprint's postpaid net additions and explains that '[w]hile these public statements and the individual metrics cited are *all accurate*, they are incomplete and none are a substitute for a realistic analysis of the key factors that are most probative of Sprint's *overall* competitive position and prospects.'" (Reply at 2-3.) This hardly presents a new legal theory but instead repeats that the FCC Letter does not contradict Sprint's disclosures. *See Niv v. Hilton Hotels Corp.*, 710 F. Supp. 2d 328, 338 (S.D.N.Y. 2008) (argument that Israel was alternative forum "was not a new argument" on reply but "an extension of the arguments made in the initial papers" when defendants initially argued that New York was inappropriate forum), *aff'd*, 358 F. App'x 282 (2d Cir. 2009).

[2] Plaintiffs' cited cases are inapposite. *See Evangelista v. Ashcroft,* 359 F.3d 145, 155 n.4 (2d Cir. 2004) (defendant's reply brief argued for the first time that he could show detrimental reliance on a repealed statute); *Ernst Haas Studio, Inc. v. Palm Press, Inc.,* 164 F.3d 110, 112 (2d Cir. 1999) (appellant's principal brief failed to provide "contentions . . . on the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on" and reply brief "suppl[ied] what was conspicuously omitted in the main Brief" and was "almost three times as long"); *Beaumont v. Chase Bank,* No. 01-CV-3393 (DLC) (HBP), 2002 U.S. Dist. LEXIS 19889, at *5-6 (S.D.N.Y. June 25, 2002) (asserting for first time in reply an argument successfully asserted by co-defendant that complaint failed to allege the elements of a separate billing error claim); *Seabrook v. United States,* No. 16-CV-1676 (VSB) (JLC), 2019 WL 580014, at *8 (S.D.N.Y. Feb. 13, 2019) (petitioner made general allegations about witness's perjured testimony in one page of his original habeas petition but in his reply provided specific example of the perjury for the first time and otherwise expanded on his claim in 12 pages).

Respectfully submitted,

*/s/ Scott D. Musoff*

Scott D. Musoff

cc: All counsel via ECF