UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :

ISAAC SOLOMON, FRANCINE CANION,      :
Individually and on behalf of all others similarly   :   1:19-cv-5272 (MKV)
situated,                                      :

                   Plaintiffs,           :

          v.                     :

SPRINT CORPORATION, MICHEL COMBES,  :
ANDREW DAVIES, MARCELO CLAURE and  :
TAREK ROBBIATI,                 :

                   Defendants.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT

Defendants Sprint Corporation ("Sprint" or the "Company"), Michel Combes, Andrew Davies, Marcelo Claure, and Tarek Robbiati (together with Sprint, "Defendants"), by and through their undersigned counsel, respectfully submit the following Answer and Affirmative Defenses (the "Answer") to the Amended Class Action Complaint dated July 31, 2020 (the "Amended Complaint"). Defendants deny all allegations in the Amended Complaint unless expressly admitted herein.

On March 25, 2022, the Court issued an Opinion and Order granting in part and denying in part Defendants' motion to dismiss. As a result of the Court's decision, certain allegations of the Amended Complaint have been dismissed (the "Dismissed Allegations"), and therefore no response to these allegations is required. But to the extent a response is required, unless otherwise indicated herein, Defendants deny the Dismissed Allegations. Additionally, because the Court's decision dismissed certain allegations in the Amended Complaint, there are no remaining

allegations against defendants Marcelo Claure and Tarek Robbiati (the "Dismissed Defendants"), and therefore no response is required from them. But to the extent a response is required, the Dismissed Defendants adopt and join in the below responses. By this Answer, Defendants do not place back in issue any Dismissed Claims or Dismissed Defendants.

To the extent headings in the Amended Complaint contain factual allegations or legal conclusions, Defendants deny those.

The first, non-numbered paragraph of the Amended Complaint reflects Plaintiffs' characterization of their own allegations for which no response is required.

Defendants answer the allegations in the like-numbered paragraphs of the Amended Complaint as follows:

### NATURE OF THE ACTION

1. Denied, except admit that Plaintiffs purport to bring this action as a putative securities class action and purport to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act"). Defendants deny that they have violated any law or that Plaintiffs have suffered any damages.

2. Admitted.

3. Denied, except admit that SoftBank Group Corporation, based in Tokyo, Japan, acquired an interest in Sprint.

4. Defendants deny the allegations in the first and third sentences. The allegations in the second sentence are Dismissed Allegations and therefore no response is required. To the extent a response is required, Defendants deny the allegations.

5. Denied.

6. To the extent that the allegations are Dismissed Allegations, no response is required. As to the remaining allegations, Defendants deny the allegations, except admit that

2

between January and March 2018, some Defendants discussed with the Company's Board of Directors, among other things, the Company's finances. Defendants respectfully refer the Court to Sprint's April 15, 2019, letter to the Secretary of the Federal Communications Commission ("FCC Letter") for its complete and accurate contents.

7. Defendants respectfully refer the Court to the FCC Letter for its complete and accurate contents.

8. Denied. Defendants respectfully refer the Court to the transcripts cited in paragraphs 120 and 140 of the Amended Complaint for their complete and accurate contents.

9. To the extent that the allegations are Dismissed Allegations, no response is required. To the extent a response is required, Defendants deny the allegations. Defendants respectfully refer the Court to the transcripts cited in paragraphs 104 and 134 of the Amended Complaint for their complete and accurate contents.

10. Denied. Defendants respectfully refer the Court to the J.P. Morgan and Morgan Stanley reports for their complete and accurate contents.

11. Denied, except admit that on April 19, 2019, Sprint filed the FCC Letter. Defendants respectfully refer the Court to the FCC Letter for its complete and accurate contents.

12. Denied. Defendants respectfully refer the Court to the FCC Letter for its complete and accurate contents.

13. Denied. Defendants respectfully refer the Court to the FCC Letter for its complete and accurate contents.

14. Denied. Defendants respectfully refer the Court to the Wall Street Journal article posted on April 16, 2019, and the FCC Letter for their complete and accurate contents. Defendants deny that the Wall Street Journal article accurately depicts the relevant facts.

15.     Denied.  Defendants respectfully refer the Court to the publicly reported historical prices for Sprint securities.

16.     Denied.

17.     The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, Defendants deny the allegations except admit that, at the time, Lifeline was a federal program administered by the FCC that lowered the monthly cost of phone and internet for low-income, qualifying subscribers.  Defendants respectfully refer the Court to the FCC's Lifeline webpage, https://www.fcc.gov/general/lifeline-program-low-income-consumers, for more information about the Lifeline program.

18.     The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, Defendants deny the allegations.

19.     The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, Defendants deny the allegations and respectfully refer the Court to the New Street report for its complete and accurate contents.

20.     The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, Defendants deny the allegations and respectfully refer the Court to the publicly reported historical prices for Sprint securities.

21.     The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, Defendants deny the allegations except admit that on November 4, 2019, Sprint released its fiscal year 2019 second quarter ("2Q 2019")[1] quarterly investor update and respectfully refer the Court to Sprint's 2Q 2019 quarterly investor update for its complete and accurate contents.

---

[1]     Further references to Sprint's fiscal quarters herein follow the same abbreviation format.

22. The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, Defendants deny the allegations and respectfully refer the Court to the Cowen & Company, Morgan Stanley, and Barclays reports for their complete and accurate contents.

23. The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, Defendants deny the allegations and respectfully refer the Court to the publicly reported historical prices for Sprint securities.

24. The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, Defendants deny the allegations and respectfully refer the Court to Sprint's Amended Annual Report filed on November 12, 2019, for its complete and accurate contents.

25. The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, Defendants deny the allegations and respectfully refer the Court to the Wall Street Journal article published on December 2019. Defendants deny that the Wall Street Journal article accurately depicts the relevant facts.

26. Denied.

## **JURISDICTION AND VENUE**

27. The allegations state legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations, including that Defendants violated any law or that Plaintiffs suffered any damages, but admit that the Amended Complaint purports to assert claims under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

28. The allegations state legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations, but admit that the Court has subject matter jurisdiction over this action pursuant to the referenced statutes.

29. The allegations state legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations, but admit that Plaintiffs allege misstatements and damages taking place in this judicial district.

30. The allegations state legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations.

**PARTIES**

31. Defendants deny the allegations, except that Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation that Plaintiffs acquired Sprint common stock, and deny it on that basis.

32. Admitted.

33. Admitted.

34. Admitted.

35. The allegations relate to a Dismissed Defendant and therefore no response is required. To the extent a response is required, admitted.

36. The allegations relate to a Dismissed Defendant and therefore no response is required. To the extent a response is required, admitted.

37. Paragraph 37 reflects Plaintiffs' characterization of their own allegations for which no response is required. To the extent a response is required, denied.

38. The allegations state legal conclusions for which no response is required. To the extent a response is required, denied.

## SUBSTANTIVE ALLEGATIONS

**Background**

39.    Admitted.

40.    Denied.

41.    Denied, except admit that SoftBank Group Corporation acquired an interest in Sprint.

42.    Admitted.

43.    Denied, except admit the combined company would be named T-Mobile.

44.    Denied, except admit that on June 18, 2018, Sprint and T-Mobile filed documents with the FCC related to their potential merger; the Department of Justice announced its approval of the merger in July 2019; and the FCC voted to approve the merger on October 16, 2019.

45.    Admitted.

**The Lifeline Program**

46.    The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, Defendants deny the allegations except admit that, at the time, Lifeline was a federal program administered by the FCC that lowered the monthly cost of phone and internet for low-income, qualifying subscribers.  Defendants respectfully refer the Court to the FCC's Lifeline webpage, https://www.fcc.gov/general/lifeline-program-low-income-consumers, for more information about the Lifeline program.

47.    The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, Defendants deny the allegations and respectfully refer the Court to the FCC's Lifeline webpage, https://www.fcc.gov/general/lifeline-program-low-income-consumers, for more information about the Lifeline program.

48. The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, Defendants deny the allegations and respectfully refer the Court to the FCC's Lifeline webpage, https://www.fcc.gov/general/lifeline-program-low-income-consumers, for more information about the Lifeline program.

49. The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, admitted.

50. The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, Defendants deny the allegations  except admit that during the relevant time periods in question, the subsidies that Sprint received from the federal government for Lifeline subscribers were included in Sprint's "Wholesale, affiliate and other" category of service revenue.

51. The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, denied.  Defendants respectfully refer the Court to the FCC press release for its complete and accurate contents.

52. The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, denied.  Defendants respectfully refer the Court to the FCC press release for its complete and accurate contents.

53. The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, denied.  Defendants respectfully refer the Court to the FCC press release for its complete and accurate contents.

54. The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, denied.

55.     The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except Defendants admit that Advanced Management Group was a Sprint contractor in California.

56.     The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, Defendants deny the allegations, except that Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations that CW1 made these statements, and deny them on that basis.

**Postpaid Services**

57.     Admitted.

58.     Admitted.

59.     Denied.  Defendants respectfully refer the Court to Sprint's financial statements for their complete and accurate contents.

60.     Denied.  Defendants respectfully refer the Court to the FCC Letter for its complete and accurate contents.

61.     Denied.    Defendants respectfully refer the Court to the transcripts cited in paragraphs 120, 122, and 140 of the Amended Complaint for their complete and accurate contents.

62.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

63.     Defendants deny the allegations, except that Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations that CW2 made these statements, and deny them on that basis.

64.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

65. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

66. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

67. Denied, except that Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation that CW2 made this statement, and deny it on that basis.

68. Denied, except that Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation that CW2 was involved in calculating postpaid additions during CW2's tenure at Sprint and the allegation that CW2 made the statement in the second sentence, and deny them on that basis.

69. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

70. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

71. Defendants deny the allegations, except that Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation that CW3 made this statement, and deny it on that basis.

72. Denied.

73. Denied, except that Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation that CW3 made this statement, and deny it on that basis.

74. Denied, except that Defendants admit gross additions are part of the equation used to calculate net additions, and Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation that CW3 made this statement, and deny it on that basis.

75.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except Defendants admit that The Revenue Optimization Company is a third-party contractor that sells Sprint's service in Walmart retail stores.

76.    Defendants deny the allegations, except that Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation that CW4 made this statement, and deny it on that basis.

77.    Defendants deny the allegations, except that Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations that CW4 made these statements, and deny them on that basis.

78.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

79.    Denied, except that Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation that CW5 made this statement, and deny it on that basis.

80.    Defendants deny the allegations, except that Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations that CW5 made this statement or had this understanding, and deny them on that basis.

81.    Denied, except that Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations that CW5 made these statements, and deny them on that basis.

### ADDITIONAL ALLEGATIONS OF SCIENTER

82.    Denied.  Defendants respectfully refer the Court to the FCC Letter for its complete and accurate contents.

83.    Denied.  Defendants respectfully refer the Court to the FCC Letter for its complete and accurate contents.

84.    Denied.  Defendants respectfully refer the Court to the FCC Letter for its complete and accurate contents.

85.    Denied.  Defendants respectfully refer the Court to the FCC Letter for its complete and accurate contents.

86.    Denied.  Defendants respectfully refer the Court to the FCC Letter for its complete and accurate contents.

87.    Denied.  Defendants respectfully refer the Court to the FCC Letter for its complete and accurate contents.

88.    Denied.  Defendants respectfully refer the Court to the FCC Letter for its complete and accurate contents.

89.    The allegations are Dismissed Allegations and therefore no response is required.  To the extent a response is required, Defendants deny the allegations and respectfully refer the Court to the Wall Street Journal article published on December 3, 2019.  Defendants deny that the Wall Street Journal article accurately depicts the relevant facts.

**Materially False and Misleading Statements Issued During the Class Period**

90.    The allegations are Dismissed Allegations and therefore no response is required.  To the extent a response is required, denied.  Defendants respectfully refer the Court to Sprint's 2Q 2017 quarterly investor update for its complete and accurate contents.

91.    The allegations are Dismissed Allegations and state legal conclusions for which no response is required.  To the extent a response is required, denied.

92.    The allegations are Dismissed Allegations and pertain to Dismissed Defendants and therefore no response is required.  To the extent a response is required, denied, except admit that on November 2, 2017, Sprint released its 2Q 2017 Form 10-Q ("10-Q"), which contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX Certifications") of Dismissed

Defendant Marcelo Claure, then CEO of Sprint, and Dismissed Defendant Tarek Robbiati, then CFO of Sprint. Defendants respectfully refer the Court to Sprint's 2Q 2017 10-Q for its complete and accurate contents.

93. The allegations are Dismissed Allegations and state legal conclusions for which no response is required. To the extent a response is required, denied.

94. The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, denied. Defendants respectfully refer the Court to Sprint's 2Q 2017 10-Q for its complete and accurate contents.

95. The allegations are Dismissed Allegations and state legal conclusions for which no response is required. To the extent a response is required, denied.

96. The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, denied. Defendants respectfully refer the Court to Sprint's 3Q 2017 quarterly investor update for its complete and accurate contents.

97. The allegations are Dismissed Allegations and state legal conclusions for which no response is required. To the extent a response is required, denied.

98. The allegations are Dismissed Allegations and pertain to a Dismissed Defendant and therefore no response is required. To the extent a response is required, denied, except admit that on February 5, 2018, Sprint filed its 3Q 2017 10-Q, which contained SOX Certifications of Dismissed Defendant Marcelo Claure, then CEO of Sprint, and Defendant Michel Combes, then CFO of Sprint. Defendants respectfully refer the Court to Sprint's 3Q 2017 10-Q for its complete and accurate contents.

99. The allegations are Dismissed Allegations and state legal conclusions for which no response is required. To the extent a response is required, denied.

13

100.    The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, denied.  Defendants respectfully refer the Court to Sprint's 3Q 2017 10-Q for its complete and accurate contents.

101.    The allegations are Dismissed Allegations and state legal conclusions for which no response is required.  To the extent a response is required, denied.

102.    The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, denied.  Defendants respectfully refer the Court to Sprint's 4Q 2017 quarterly investor update for its complete and accurate contents.

103.    The allegations are Dismissed Allegations and state legal conclusions for which no response is required.  To the extent a response is required, denied.

104.    The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, denied.  Defendants respectfully refer the Court to the transcript of the JP Morgan Technology, Media and Communications Conference for its complete and accurate contents.

105.    The allegations are Dismissed Allegations and state legal conclusions for which no response is required.  To the extent a response is required, denied.

106.    The allegations are Dismissed Allegations and pertain to a Dismissed Defendant and therefore no response is required.  To the extent a response is required, denied, except admit that on May 24, 2018, Sprint filed its 2017 Form 10-K ("10-K"), which contained SOX Certifications of Dismissed Defendant Marcelo Claure, then CEO of Sprint, and Defendant Michel Combes, then CFO of Sprint.  Defendants respectfully refer the Court to Sprint's 2017 10-K for its complete and accurate contents.

14

107.    The allegations are Dismissed Allegations and state legal conclusions for which no response is required.  To the extent a response is required, denied.

108.    The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, denied.  Defendants respectfully refer the Court to Sprint's 2017 10-K for its complete and accurate contents.

109.    The allegations are Dismissed Allegations and state legal conclusions for which no response is required.  To the extent a response is required, denied.

110.    Denied.  Defendants respectfully refer the Court to Sprint's 1Q 2018 quarterly investor update for its complete and accurate contents.

111.    The allegations state legal conclusions for which no response is required.  To the extent a response is required, denied.

112.    Denied.  Defendants respectfully refer the Court to Sprint's 1Q 2018 quarterly investor update for its complete and accurate contents.

113.    The allegations state legal conclusions for which no response is required.  To the extent a response is required, denied.

114.    Denied.  Defendants respectfully refer the Court to Sprint's 1Q 2018 earnings call transcript for its complete and accurate contents.

115.    The allegations state legal conclusions for which no response is required.  To the extent a response is required, denied.

116.    Denied, except admit that on August 7, 2018, Sprint filed its 1Q 2018 10-Q, which contained SOX Certifications of Defendant Michel Combes, then CEO of Sprint, and Defendant Andrew Davies, then CFO of Sprint.  Defendants respectfully refer the Court to Sprint's 1Q 2018 10-Q for its complete and accurate contents.

117.     The allegations state legal conclusions for which no response is required.  To the extent a response is required, denied.

118.     Denied.  Defendants respectfully refer the Court to Sprint's 1Q 2018 10-Q for its complete and accurate contents.

119.     The allegations state legal conclusions for which no response is required.  To the extent a response is required, denied.

120.     Denied.  Defendants respectfully refer the Court to the transcript of the Goldman Sachs Communacopia Conference for its complete and accurate contents.

121.     The allegations state legal conclusions for which no response is required.  To the extent a response is required, denied.

122.     Denied.  Defendants respectfully refer the Court to the transcript of the Deutsche Bank Leveraged Finance Conference for its complete and accurate contents.

123.     The allegations state legal conclusions for which no response is required.  To the extent a response is required, denied.

124.     Denied.  Defendants respectfully refer the Court to Sprint's 2Q 2018 quarterly investor update for its complete and accurate contents.

125.     The allegations state legal conclusions for which no response is required.  To the extent a response is required, denied.

126.     Denied.  Defendants respectfully refer the Court to Sprint's 2Q 2018 quarterly investor update for its complete and accurate contents.

127.     The allegations state legal conclusions for which no response is required.  To the extent a response is required, denied.

128.    Denied.  Defendants respectfully refer the Court to Sprint's 2Q 2018 earnings call transcript for its complete and accurate contents.

129.    The allegations state legal conclusions for which no response is required.  To the extent a response is required, denied.

130.    Denied, except admit that on November 7, 2018, Sprint filed its 2Q 2018 10-Q, which contained SOX Certifications of Defendant Michel Combes, then CEO of Sprint, and Defendant Andrew Davies, then CFO of Sprint.  Defendants respectfully refer the Court to Sprint's 2Q 2018 10-Q for its complete and accurate contents.

131.    The allegations state legal conclusions for which no response is required.  To the extent a response is required, denied.

132.    Denied.  Defendants respectfully refer the Court to Sprint's 2Q 2018 10-Q for its complete and accurate contents.

133.    The allegations state legal conclusions for which no response is required.  To the extent a response is required, denied.

134.    The allegations are Dismissed Allegations and therefore no response is required.  To the extent a response is required, denied.  Defendants respectfully refer the Court to the transcript of the Bank of America Merrill Lynch Leveraged Finance Conference for its complete and accurate contents.

135.    The allegations state legal conclusions for which no response is required.  To the extent a response is required, denied.

136.    Denied.  Defendants respectfully refer the Court to Sprint's 3Q 2018 quarterly investor update for its complete and accurate contents.

17

137. The allegations state legal conclusions for which no response is required. To the extent a response is required, denied.

138. Denied. Defendants respectfully refer the Court to Sprint's 3Q 2018 quarterly investor update for its complete and accurate contents.

139. The allegations state legal conclusions for which no response is required. To the extent a response is required, denied.

140. Denied. Defendants respectfully refer the Court to Sprint's 2Q 2018 earnings call transcript for its complete and accurate contents.

141. The allegations state legal conclusions for which no response is required. To the extent a response is required, denied.

142. Denied, except admit that on January 31, 2019, Sprint filed its 3Q 2018 10-Q, which contained SOX Certifications of Defendant Michel Combes, then CEO of Sprint, and Defendant Andrew Davies, then CFO of Sprint. Defendants respectfully refer the Court to Sprint's 3Q 2018 10-Q for its complete and accurate contents.

143. The allegations state legal conclusions for which no response is required. To the extent a response is required, denied.

144. Denied. Defendants respectfully refer the Court to Sprint's 3Q 2018 10-Q for its complete and accurate contents.

145. The allegations state legal conclusions for which no response is required. To the extent a response is required, denied.

146. The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, denied. Defendants respectfully refer the Court to Sprint's 4Q 2018 quarterly investor update for its complete and accurate contents.

147. The allegations are Dismissed Allegations and state legal conclusions for which no response is required. To the extent a response is required, denied.

148. The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, denied, except admit that on May 29, 2019, Sprint filed its 2018 10-K, which contained SOX Certifications of Defendant Michel Combes, then CEO of Sprint, and Defendant Andrew Davies, then CFO of Sprint. Defendants respectfully refer the Court to Sprint's 2018 10-K for its complete and accurate contents.

149. The allegations are Dismissed Allegations and state legal conclusions for which no response is required. To the extent a response is required, denied.

150. The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, Defendants deny the allegations and respectfully refer the Court to Sprint's 2018 10-K for its complete and accurate contents.

151. The allegations are Dismissed Allegations and state legal conclusions for which no response is required. To the extent a response is required, denied.

152. The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, denied. Defendants respectfully refer the Court to Sprint's 1Q 2019 quarterly investor update for its complete and accurate contents.

153. The allegations are Dismissed Allegations and state legal conclusions for which no response is required. To the extent a response is required, denied.

154. The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, denied, except admit that on August 7, 2019, Sprint filed its 1Q 2019 10-Q, which contained SOX Certifications of Defendant Michel Combes, then CEO of

19

Sprint, and Defendant Andrew Davies, then CFO of Sprint. Defendants respectfully refer the Court to Sprint's 1Q 2019 10-Q for its complete and accurate contents.

155. The allegations are Dismissed Allegations and state legal conclusions for which no response is required. To the extent a response is required, denied.

156. The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, denied. Defendants respectfully refer the Court to Sprint's 1Q 2019 10-Q for its complete and accurate contents.

157. The allegations are Dismissed Allegations and state legal conclusions for which no response is required. To the extent a response is required, denied.

### The Truth Emerges Through A Series of Partial Disclosures

158. Denied, except admit that on April 19, 2019, Sprint filed the FCC Letter. Defendants respectfully refer the Court to the FCC Letter for its complete and accurate contents.

159. Denied. Defendants respectfully refer the Court to the Wall Street Journal article posted on April 16, 2019, and the FCC Letter for their complete and accurate contents. Defendants deny that the Wall Street Journal article accurately depicts the relevant facts.

160. Denied. Defendants respectfully refer the Court to the publicly reported historical prices for Sprint securities.

161. The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, denied. Defendants respectfully refer the Court to the FCC press release and the New Street report for their complete and accurate contents.

162. The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, Defendants deny the allegations and respectfully refer the Court to the publicly reported historical prices for Sprint securities.

163. The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, denied.  Defendants respectfully refer the Court to Sprint's 2Q 2019 quarterly investor update for its complete and accurate contents.

164. The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, denied.  Defendants respectfully refer the Court to Sprint's 2Q 2019 quarterly investor update for its complete and accurate contents.

165. The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, denied.  Defendants respectfully refer the Court to the Cowen & Company and Morgan Stanley reports for their complete and accurate contents.

166. The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, Defendants deny the allegations and respectfully refer the Court to the publicly reported historical prices for Sprint securities.

167. The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, denied.  Defendants respectfully refer the Court to Sprint's 2019 Amended Annual Report for its complete and accurate contents.

168. The allegations are Dismissed Allegations and therefore no response is required. To the extent a response is required, denied.  Defendants respectfully refer the Court to Sprint's 2019 Amended Annual Report for its complete and accurate contents.

## **PLAINTIFFS' CLASS ACTION ALLEGATIONS**

169. The allegations state legal conclusions for which no response is required.  To the extent a response is required, denied, except admit that Plaintiffs purport to bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

170. The allegations state legal conclusions for which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

171. The allegations state legal conclusions for which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations. Defendants further deny that they have violated any law or that Plaintiffs have suffered any damages.

172. The allegations state legal conclusions for which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

173. The allegations state legal conclusions for which no response is required. To the extent a response is required, denied. Defendants further deny that they have violated any law or that Plaintiffs have suffered any damages.

174. The allegations state legal conclusions for which no response is required. To the extent a response is required, denied. Defendants further deny that they have violated any law or that Plaintiffs have suffered any damages.

175. The allegations state legal conclusions for which no response is required. To the extent a response is required, denied. Defendants further deny that they have violated any law or that Plaintiffs have suffered any damages.

176. The allegations state legal conclusions for which no response is required. To the extent a response is required, denied.

177. The allegations state legal conclusions for which no response is required. To the extent a response is required, denied.

## COUNT I

### (Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants)

178.    Defendants repeat each of the above responses as though fully set forth here.

179.    The allegations state legal conclusions for which no response is required.  To the extent a response is required, denied.

180.    The allegations state legal conclusions for which no response is required.  To the extent a response is required, denied.

181.    The allegations state legal conclusions for which no response is required.  To the extent a response is required, denied.

182.    The allegations state legal conclusions for which no response is required.  To the extent a response is required, denied.

183.    The allegations state legal conclusions for which no response is required.  To the extent a response is required, denied.

184.    The allegations state legal conclusions for which no response is required.  To the extent a response is required, denied.

185.    The allegations state legal conclusions for which no response is required.  To the extent a response is required, denied.

186.    The allegations state legal conclusions for which no response is required.  To the extent a response is required, denied.

187.    The allegations state legal conclusions for which no response is required.  To the extent a response is required, denied.

## COUNT II

### (Violations of Section 20(a) of the Exchange Act Against the Individual Defendants)

188.    Defendants repeat each of the above responses as though fully set forth here.

189.    The allegations state legal conclusions for which no response is required.  To the extent a response is required, denied.

190.    The allegations state legal conclusions for which no response is required.  To the extent a response is required, denied.

191.    The allegations state legal conclusions for which no response is required.  To the extent a response is required, denied.

192.    The allegations state legal conclusions for which no response is required.  To the extent a response is required, denied.

193.    The allegations state legal conclusions for which no response is required.  To the extent a response is required, denied.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to relief, and respectfully request that the Court dismiss all claims against Defendants with prejudice and order such further relief for Defendants as the Court deems just and proper.  Defendants further deny that the action is appropriate for class action treatment.

## DEMAND FOR TRIAL BY JURY

Plaintiffs' demand for a jury trial is a legal conclusion to which no response is required. Defendants reserve the right to challenge this demand.

## AFFIRMATIVE AND OTHER DEFENSES

As separate and distinct affirmative defenses, Defendants allege as follows:  By alleging the matters set forth below, Defendants do not thereby allege or admit that Defendants have the

24

burden of proof or the burden of persuasion with respect to any of these matters.  Furthermore, Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserve their rights to amend the Answer and assert all such defenses.

### First Defense

This action is barred, in whole or in part, because the statements Plaintiffs challenge were not false or misleading and Defendants neither had a duty nor breached a duty to disclose any facts allegedly not disclosed.

### Second Defense

This action is not maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because the requirements of Rule 23 are not met.

### Third Defense

This action is barred, in whole or in part, because Defendants are immune from liability for certain statements complained of in the Amended Complaint under the safe harbor provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), codified as Section 21E of the Exchange Act, 15 U.S.C. § 78u-5, or the bespeaks caution doctrine.

### Fourth Defense

This action is barred, in whole or in part, because certain statements complained of in the Amended Complaint are non-actionable statements of opinion.

### Fifth Defense

This action is barred, in whole or in part, because certain statements complained of in the Amended Complaint are non-actionable statements of puffery.

**Sixth Defense**

This action is barred, in whole or in part, because the facts which Plaintiffs allege to have been misrepresented or omitted were known to and entered the securities market through credible sources.  Plaintiffs and the putative class are not entitled to any recovery because the substance of the allegedly material information that Plaintiffs allege to have been omitted or misrepresented was in fact disclosed in Defendants' public filings, disclosures, and announcements, in those of third parties, in the documents referenced in the Amended Complaint, and in other sources that were otherwise publicly available or widely known to the market and to the investing community.

**Seventh Defense**

This action is barred, in whole or in part, because Plaintiffs are not entitled to any recovery from Defendants because, at the time Plaintiffs acquired Sprint common stock, Plaintiffs and the putative class knew or should have known of any alleged untrue statement of material fact in the offering documents or of any omission of a material fact required to be stated therein or necessary to make the statements therein not misleading.

**Eighth Defense**

This action is barred, in whole or in part, because Defendants' public statements contain no omissions of any material facts necessary to make any statement made by Defendants not false or misleading.

**Ninth Defense**

This action is barred, in whole or in part, because any alleged misrepresentations or omissions for which Defendants are allegedly responsible were not material.

26

**Tenth Defense**

This action is barred, in whole or in part, because no one whose intent could be imputed to Sprint acted with the requisite scienter.

**Eleventh Defense**

This action is barred, in whole or in part, because Defendants acted in good faith and did not directly or indirectly induce any acts constituting the alleged violations and causes of action.

**Twelfth Defense**

This action is barred, in whole or in part, because Defendants were not the actual or proximate cause of any injury to Plaintiffs or the putative class.

**Thirteenth Defense**

This action is barred, in whole or in part, because the statements or omissions alleged in the Amended Complaint were not made for the purpose of inducing the purchase or sale of any security.

**Fourteenth Defense**

This action is barred, in whole or in part, because Plaintiffs and the putative class are not entitled to any recovery from Defendants because Plaintiffs and members of the putative class did not acquire Sprint common stock in reliance upon any alleged untrue statement of material fact in the offering documents, or in reliance upon the offering documents and without knowledge of any alleged omission of a material fact required to be stated therein or necessary to make the statements therein not misleading.

**Fifteenth Defense**

This action is barred, in whole or in part, to the extent there are intervening and superseding causes of the alleged harm, if any, suffered by Plaintiffs or the putative class.

### Sixteenth Defense

This action is barred, in whole or in part, because Plaintiffs and the putative class have no compensable damages.

### Seventeenth Defense

This action is barred, in whole or in part, because Plaintiffs' and the putative class's damages, if any, are speculative and thus are not recoverable.

### Eighteenth Defense

This action is barred, in whole or in part, due to the absence of loss causation.

### Nineteenth Defense

This action is barred, in whole or in part, because the fraud on the market theory does not apply.

### Twentieth Defense

This action is barred, in whole or in part, because the *Affiliated Ute* presumption does not apply.

### Twenty-First Defense

This action is barred, in whole or in part, because Sprint securities were not traded on an efficient market.

### Twenty-Second Defense

This action is barred, in whole or in part, to the extent Plaintiffs and the putative class seek damages that exceed those permitted under the federal securities laws and other applicable laws.

### Twenty-Third Defense

This action is barred, in whole or in part, because to the extent it is or may be determined that any person is alleged to have been acting as an agent for Sprint in violation of the Securities

Act of 1933, the Exchange Act or any rules of the Securities and Exchange Commission, with respect to any of the alleged conduct on which the Amended Complaint is based, those actions cannot be imputed to Sprint.

**Twenty-Fourth Defense**

This action is barred, in whole or in part, by the doctrines of contributory negligence, comparative negligence, or assumption of risk, because Plaintiffs and the putative class knew, or in the exercise of reasonable care should have known, the risks inherent in investing in the securities at issue, and they assumed the risk of a decline in the value of their investments.

**Twenty-Fifth Defense**

This action is barred, in whole or in part, because the putative class period is overbroad and therefore many of the putative class members are not entitled to any recovery.

**Twenty-Sixth Defense**

This action is barred, in whole or in part, as against the Dismissed Defendants because the Court's March 25, 2022, Decision and Order dismissed all allegations against them.

**Twenty-Seventh Defense**

This action is barred, in whole or in part, because some or all of Plaintiffs and the members of the putative class would be unjustly enriched if they were permitted to obtain any recovery in this action.

**Twenty-Eighth Defense**

This action is barred, in whole or in part, because some or all of Plaintiffs and the members of the putative class have failed to mitigate damages and have failed to exercise due diligence to mitigate their damages (to which, in any event, they are not entitled).

**Twentieth-Ninth Defense**

Any recovery for damages allegedly incurred by Plaintiffs, if any, is limited to the percentage of responsibility of Defendants in proportion to the total fault of all persons, whether or not named as parties to this action, who may have caused or contributed to Plaintiffs' alleged damages, if any, pursuant to the proportionate liability provisions of the PSLRA, codified as Section 21D(f)(3)(A) of the Exchange Act, 15 U.S.C. § 78u-4(f)(3)(A).

**<u>Prayer for Relief</u>**

WHEREFORE, Defendants respectfully request that the Court dismiss the Amended Complaint with prejudice and award Defendants their costs and attorneys' fees and any other relief deemed just and proper.

Dated: New York, New York
April 22, 2022

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP

By: */s/ Scott D. Musoff*
Scott D. Musoff
Arthur R. Bookout
Thania (Athanasia) Charmani
One Manhattan West
New York, NY 10001
Phone:  (212) 735-3000
Fax:     (212) 735-2000
Email:  scott.musoff@skadden.com
art.bookout@skadden.com
thania.charmani@skadden.com

*Attorneys for Defendants*