**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ISAAC SOLOMON and FRANCINE CANION, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPRINT CORPORATION, MICHEL COMBES, ANDREW DAVIES, MARCELO CLAURE and TAREK ROBBIATI<br><br>Defendants. | **Civil Action No. 1:19-cv-05272-MKV** |

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement (the "Stipulation"), dated September 12, 2022, is made and entered into by and between Isaac Solomon and Francine Canion ("Plaintiffs"), on behalf of themselves and other members of the Settlement Class, and Defendants Sprint Corporation ("Sprint" or the "Company"), Michel Combes, Andrew Davies, Marcelo Claure and Tarek Robbiati (collectively, "Defendants") (Plaintiffs and Defendants are referred to collectively as the "Parties" and each as a "Party") in the above-captioned action ("the Action"), by and through their respective counsel of record in the Action. This Stipulation is intended by the Parties to resolve, discharge and settle the Released Claims (as defined below), upon the terms and subject to the conditions hereof, and subject to the approval of the Court fully, finally and forever.

WHEREAS, on June 5, 2019, Plaintiff Isaac Solomon filed a class action complaint against Defendants Sprint Corporation, Michel Combes and Andrew Davies alleging violations of the federal securities laws in the United States District Court for the Southern District of New York;

WHEREAS, on May 13, 2020, the Court appointed Isaac Solomon as Lead Plaintiff, and

appointed Pomerantz LLP as Lead Counsel;

WHEREAS, on July 31, 2020, Lead Plaintiff Solomon and additional Plaintiff Francine Canion filed their Amended Complaint against Sprint Corporation, Michel Combes, Andrew Davies, Marcelo Claure and Tarek Robbiati;

WHEREAS, on March 25, 2022, the Court denied in part and granted in part Defendants' motion to dismiss the Amended Complaint;

WHEREAS, on June 17, 2022, Plaintiffs moved to amend and sought leave to file a proposed Second Amended Complaint;

WHEREAS, on July 19, 2022, the Court denied Plaintiffs' motion to amend;

WHEREAS, on July 21, 2022, the Parties participated in a mediation session before Jed Melnick, Esq. of JAMS, a nationally-recognized mediator experienced in complex shareholder litigation, who made a mediator's proposal to all Parties, after a full day of negotiations, recommending the settlement of this Action for the Settlement Amount, as defined below; and

WHEREAS, the Parties accepted the mediator's proposal and, on August 4, 2022, executed a binding Memorandum of Understanding.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** between Plaintiffs and Defendants, by and through their undersigned counsel, that the Action, all Released Claims (as defined below) and all Defendants' Claims (as defined below) shall be settled, compromised, and dismissed with prejudice, subject to the approval of the Court, in the manner and upon the terms and conditions hereafter set forth.

## I.   PLAINTIFFS' ASSESSMENT OF THE CLAIMS AND THE BENEFITS OF SETTLEMENT

A.   Plaintiffs believe that the claims asserted in the Action have merit and that the evidence developed to date supports their claims.  Nonetheless, Plaintiffs and Lead Counsel

2

recognize the current posture of the litigation and the expense and length of continued prosecution of the Action against Defendants through discovery, class certification, trial, and possible appeals. Plaintiffs and Lead Counsel also recognize the uncertain outcome and the risk associated with the litigation, especially in complex securities actions such as this Action, as well as the challenges and delays inherent in such litigation. Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class, is fair, reasonable, adequate, and is in the best interests of the Settlement Class.

## II.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

A.    Defendants have denied and continue to deny each and all of the claims asserted in the Action, and expressly deny that they have engaged in any wrongdoing, including, without limitation, that their public statements were false or misleading; that they acted with the requisite scienter; that they have committed any violations of law or breaches of duty to Plaintiffs, Sprint shareholders, or anyone else, or aided and abetted the same; and that any investment losses sustained by Plaintiffs and the Settlement Class were caused by Defendants' alleged misconduct. Defendants believe that the Action is without merit, that their public statements during the Settlement Class Period contained no material misstatements or omissions, that they otherwise complied with all applicable rules, regulations, and laws, and that they have meritorious defenses to all claims alleged in the Action. Defendants make no admission of liability or any form of wrongdoing whatsoever by entering into this Settlement.

B.    This Stipulation, whether or not consummated, and whether or not approved by the Court, shall not be construed as or deemed to be evidence of any presumption, admission, or concession on the part of any Defendant, Defendants' counsel, insurer, or any of the other Released Parties (as defined in paragraph III.U), with respect to any claim of any fact alleged by Plaintiffs

or any Settlement Class Member, the validity of any claim that was or could have been asserted by Plaintiffs or any Settlement Class Member, or any deficiency of any defense that has been or could have been asserted by Defendants in this Action or in any other litigation.  Further, this Stipulation, and all related documents, shall not be construed as or deemed to be evidence of any deception, negligence, fault, liability, wrongdoing, or damage whatsoever, of any kind or by any Defendant, nor any of the Released Parties, or in any way referred to for any other reason as against any Defendant or any of the Released Parties, in any civil, criminal, or administrative action or proceeding.  The Parties, and each of them, shall not assert or pursue any action, claim or rights that any party hereto violated any provision of Rule 11 of the Federal Rules of Civil Procedure. Further, the Parties, and each of them, will not deny in any statement made to any media representative that the Action is being settled voluntarily after consultation with competent counsel.  The Parties, and each of them, and their respective counsel agree that the Action was resolved in good faith, following arm's length bargaining.

C.      As set forth below, neither the Settlement nor any of the terms of this Stipulation shall constitute an admission or finding of any fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted in the Action. Defendants are entering into this Stipulation solely to eliminate the burden and expense of further litigation.  Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in the Stipulation.

**III.    DEFINITIONS**

To the extent not otherwise defined herein, as used in this Stipulation, the following terms have the meanings specified below:

A.      "Authorized Claimant" means a member of the Settlement Class who submits a

timely and valid Proof of Claim and Release form to the Settlement Administrator and whose proof of claim is not rejected.  Only those members of the Settlement Class filing valid and timely Proofs of Claim and Releases shall be entitled to receive any distributions from the Net Settlement Fund.

B.    "Court" means the United States District Court for the Southern District of New York.

C.    "Defendants' Claims" means all claims and causes of action of every nature and description, including both known and "Unknown Claims," that Defendants may have against Plaintiffs, Settlement Class Members, and their respective attorneys, insurers and reinsurers, whether arising under federal, state, common, or foreign law, that arise out of, in connection with, or relate to the institution, prosecution, or settlement of the claims against Defendants, except for claims relating to the enforcement of this Settlement.  "Defendants' Claims" does not include and shall not affect any claims, demands, rights, or causes of action and liabilities between or among Defendants, or between Defendants and their insurers.

D.    "Defendants' Counsel" means the law firm of Skadden, Arps, Slate, Meagher & Flom LLP.

E.    "Effective Date" means the first date by which all of the conditions to the Settlement specified in Section XII.A of this Stipulation have been satisfied.

F.    "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent to receive the Settlement Amount.

G.    "Escrow Agent" means The Huntington National Bank.

H.    "Execution Date" means the last date upon which this Stipulation has been signed by all the signatories hereto through their counsel.

I.    "Final" as used herein with respect to the judgment means the date by which the

5

judgment shall have been entered by the Court and either: (i) the time for appeal from the judgment has expired with no appeal taken; or (ii) if the judgment is appealed, such appeal is dismissed or withdrawn, or the judgment has been affirmed in all material respects and is no longer subject to further appeal or other review. Provided, however, and notwithstanding any provision to the contrary in this Settlement, "Final" shall not include (and the Settlement is expressly not conditioned upon) the Court's approval of attorneys' fees and the reimbursement of expenses sought by Lead Counsel, or the approval of payment of a reimbursement award to Plaintiffs, or any appeals solely related hereto.

J.    "Final Approval Hearing" means the final hearing required by Federal Rule of Civil Procedure 23(e), to be held by the Court to determine whether the proposed Settlement should be approved as fair, reasonable and adequate; whether an order approving the Settlement should be entered thereon; whether the Plan of Allocation of the Net Settlement Fund should be approved; and whether and in what amounts to award attorneys' fees and expenses to Lead Counsel and a reimbursement award to Plaintiffs.

K.    "Gross Settlement Fund" means the Settlement Amount defined herein (or any proceeds therefrom), plus all interest earned thereon.

L.    "Judgment" means the proposed final order and judgment to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit 1-B, or in such other form as the Court may direct.

M.    "Lead Counsel" means the law firm of Pomerantz LLP.

N.    "Net Settlement Fund" means the Gross Settlement Fund, less: (i) Court-awarded attorneys' fees and expenses; (ii) taxes and tax expenses; (iii) Notice and Administration Expenses; and (iv) a reimbursement award to Plaintiffs, if any.

O.      "Notice and Administration Expenses" means all expenses incurred (whether or not paid) in connection with the Settlement administration, and shall include, among other things, the cost of publishing Summary Notice (as defined in Section VII below) on a national business internet wire service; disseminating the Notice (as defined in Section VII, below), as directed by the Court; and the cost of processing proofs of claim and distributing the Net Settlement Fund to Settlement Class Members who timely submit a valid Proof of Claim and Release.

P.      "Order for Notice and Hearing" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Settlement Class substantially in the form attached hereto as Exhibit 1-A, or in such other form as the Court may direct.

Q.      "Person" means an individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their respective spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives, or assigns.

R.      "Plan of Allocation" means a plan or formula for allocating the Net Settlement Fund to Authorized Claimants.  The Plan of Allocation is not part of this Stipulation and Defendants and the other Released Parties shall have no responsibility or liability with respect thereto or with respect to any description of the Plan of Allocation to the Settlement Class.

S.      "Proof of Claim and Release" means the Proof of Claim and Release to be submitted by claimants, substantially in the form attached as Exhibit 1-E.

T.      "Released Claims" means any and all claims, suits, actions, appeals, causes of action, damages (including, without limitation, compensatory, punitive, exemplary, rescissory,

direct, consequential, or special damages, and restitution and disgorgement), demands, rights, debts, penalties, costs, expenses, fees, injunctive relief, attorneys' fees, expert or consulting fees, prejudgment interest, indemnities, duties, liabilities, losses, or obligations of every nature and description whatsoever, including both known and Unknown Claims, whether or not concealed or hidden, fixed or contingent, direct or indirect, anticipated or unanticipated, whether legal, contractual, rescissory, statutory, or equitable in nature, arising under federal, state, local, statutory, or common law, or any other law, rule, or regulation that have been or could have been asserted in any forum by the members of the Settlement Class, or the successors or assigns of any of them, in any capacity arising out of, based upon or related in any way to the purchase, acquisition, sale, or ownership of Sprint securities during the Settlement Class Period, including without limitation any claims that were or could have been asserted in the Amended Complaint or the initial complaint and relate to the purchase of Sprint's common stock during the Settlement Class Period, except for any claims relating to the enforcement of this Settlement.

U.    "Released Parties" means Defendants and Sprint's current or former parents, subsidiaries, predecessors, successors, divisions, joint ventures and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, investment bankers, underwriters, insurers, or reinsurers in their capacities as such, as well as each of the immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns of the Individual Defendants and other individuals referred to in this paragraph.

V.    "Settlement" means the settlement of this Action as set forth in this Stipulation.

W.    "Settlement Administrator" means A.B. Data, Ltd. ("A.B. Data"), which shall

administer the Settlement.

X.    "Settlement Amount" means three million, seven hundred and fifty thousand U.S. Dollars in cash ($3,750,000), to be deposited into the Escrow Account pursuant to paragraph IV.A of this Stipulation.

Y.    "Settlement Class" means the Class for which Plaintiffs will seek certification by the Court for the purpose of this Settlement only, consisting of:

> All individuals and entities who purchased or otherwise acquired Sprint common stock between October 25, 2017 and November 1, 2019, both dates inclusive, and who were damaged thereby.

Excluded from the Settlement Class are (i) Defendants; (ii) the parent entity, officers and directors of the Company, at all relevant times; (iii) members of the immediate families of such officers and directors of the Company, and their legal representatives, heirs, successors or assigns; and (iv) any entity in which Defendants have or had a controlling interest.  Also excluded from the Settlement Class is any Settlement Class Member that validly and timely requests exclusion in accordance with the requirements set by the Court.

Z.    "Settlement Class Member" means a member of the Settlement Class.

AA.    "Settlement Class Period" means the period from October 25, 2017 through November 1, 2019, both dates inclusive.

BB.    "Supplemental Agreement" means the agreement executed concurrently herewith by Lead Counsel and Defendants' Counsel described in Section XII.H of this Stipulation.

CC.    "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority and arising with respect to income earned by the Escrow Account as described in Section XI.

DD.    "Unknown Claims" shall collectively mean any and all claims, demands, rights,

liabilities, and causes of action of every nature and description which Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to object to this Settlement.  With respect to any and all Released Claims and Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, the Parties shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542.  The Plaintiffs, Defendants and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims or Defendants' Claims, but Plaintiffs shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, and Defendants shall expressly, fully, finally, and forever settle and release any and all Defendants' Claims, in each case known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed,

10

matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Parties acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which these releases are a part.

## IV.   SETTLEMENT CONSIDERATION

A.   Within fifteen (15) business days after the Court preliminarily approves the settlement agreement, Sprint Corporation shall wire or cause their insurers to wire the Settlement Amount to the Escrow Account maintained by the Escrow Agent on behalf of Plaintiffs and the Settlement Class, provided that, at least seven (7) days before the Court enters preliminary approval, Sprint, its successor-in-interest and their insurers shall have received all information necessary to effectuate a transfer of the Settlement Amount by wire transfer to the Escrow Account, including the bank name and ABA routing number, account name and number, and a signed IRS Form W-9 reflecting the taxpayer identification number for the Escrow Account. No other Defendant shall have any responsibility for, or any liability whatsoever with respect to, the payment of the cash portion of the Settlement.

B.   The Settlement Amount is paid as consideration for full and complete settlement of all Released Claims. Sprint Corporation and its insurers will not be required to pay, or cause payment of, more than the Settlement Amount pursuant to this Stipulation and the Settlement for any reason whatsoever, including, without limitation, as compensation to any Settlement Class Member, as payment of attorneys' fees and expenses awarded by the Court, or in payment of any

11

fees or expenses incurred by any Settlement Class Member or Lead Counsel.

## V.      THE ESCROW ACCOUNT

A.      The Escrow Account, including any interest earned thereon and net of any taxes on the income thereof, shall be used to pay: (i) attorneys' fees and expenses; (ii) taxes and tax expenses; (iii) Notice and Administration Expenses, and (iv) a reimbursement award to Plaintiffs. The balance of the Escrow Account shall be the Net Settlement Fund and shall be distributed to the Authorized Claimants as set forth in the Plan of Allocation.  Plaintiffs and Settlement Class Members shall look solely to the Net Settlement Fund for payment and satisfaction of any and all Released Claims.

B.      All funds and instruments held by the Escrow Agent shall be deemed *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed or returned pursuant to this Stipulation and/or further order(s) of the Court.

C.      The Escrow Agent shall invest the Settlement cash exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government. The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.  All risks related to the investment of the Gross Settlement Fund or Net Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Gross Settlement Fund or Net Settlement Fund, and the Released Parties shall have no responsibility for, interest in, or

12

liability whatsoever with respect to the investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

D.    Prior to the Effective Date, the Escrow Agent shall not disburse the Gross Settlement Fund except as provided in this Stipulation, by order of the Court, or with the prior written agreement of Lead Counsel and Defendants' Counsel.

E.    After the Effective Date, Defendants shall have no interest in the Gross Settlement Fund or in the Net Settlement Fund.

F.    The Escrow Agent shall be authorized to execute only such transactions as are consistent with the terms of this Stipulation and the order(s) of the Court.  The Released Parties shall have no liability for any losses arising from the disbursement of any portion of the Gross Settlement Fund other than in accordance with this Stipulation.

**VI.    NOTICE AND ADMINISTRATION EXPENSES**

A.    All Notice and Administration costs shall be paid from funds in the Gross Settlement Fund.  The Settlement Administrator shall invoice only such Notice and Administration Expenses as are necessary and reasonable to provide Notice to the Settlement Class and to administer the Settlement.  The Escrow Agent is authorized to pay invoices for Notice and Administration Expenses upon the approval of Lead Counsel of up to $275,000.00 without further Court approval.  No further Notice and Administration Expenses may be paid prior to final approval except by Court order.  Plaintiffs, Lead Counsel, Defendants, and Defendants' Counsel shall not bear any liability for Notice and Administration Expenses.

**VII.    ORDER FOR NOTICE AND HEARING**

A.    The Parties shall submit this Stipulation together with its exhibits to the Court, and Plaintiffs shall apply for entry of an Order for Notice and Hearing substantially in the form and

content of Exhibit 1-A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement as set forth in the Stipulation, and final approval of forms of notice to be provided to all potential Settlement Class Members who can be identified with reasonable effort (the "Notice") and to be published (the "Summary Notice"), substantially in the forms and contents of Exhibits 1-D and 1-C.

B.  **For the sole purpose of this Settlement, the Parties stipulate, agree and consent to: (i) certification of this Action as a class action pursuant to Rule 23(a) and 23(b) of the Federal Rules of Civil Procedure; (ii) appointment of Plaintiffs as the Class Representatives of the Settlement Class; and (iii) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.  The Parties agree that the proposed Order for Notice and Hearing attached hereto as Exhibit 1-A will conditionally certify the Action to proceed as a class action for settlement purposes only.**  The Notice shall include a proof of claim substantially in the form of Exhibit 1-E, attached hereto (the "Proof of Claim and Release"), containing the general terms of the Settlement set forth in the Stipulation and setting forth the procedure by which any Person that otherwise would be a Settlement Class Member may request to be excluded from the Settlement Class.

C.  Nothing in this Stipulation shall serve, either directly or indirectly, as evidence of support for certification of a class other than for settlement purposes, and the Parties intend that the provisions herein concerning certification of the Settlement Class shall have no effect whatsoever in the event the Settlement and Judgment do not become Final.  Defendants expressly reserve the right to contest class certification in the event the Settlement is terminated or the Effective Date does not occur for any other reason.

D.  The Parties shall request that after the Notice and Summary Notice have been

provided and published, respectively, in accordance with this Stipulation, the Court hold the Final Approval Hearing to approve the Settlement of this Action.

E.      The Settlement Administrator will mail notice individually (substantially in the form attached as Exhibit 1-D to the Stipulation) to those members of the Settlement Class who hold (or held) their eligible securities directly and are listed in the records of Sprint's transfer agent with respect to such holdings.  This direct Notice will also provide general information regarding the Settlement and Settlement Class Members' rights in connection with it, and direct recipients to the Settlement website for additional information, including a copy of the Proof of Claim and Release, substantially in the form attached as Exhibit 1-E hereto.

F.      For those Settlement Class Members whose information is not available through Sprint's transfer agent, through a comprehensive targeted media program (the "Media Plan"), notice will be disseminated to them through (1) Google Display Networks banner ads, (2)  Google Search  AdWords, (3) LinkedIn Newsfeed Ads; (4) Earned Media including a press release distributed via PR Newswire US1 National Newswire, which will be tweeted to PR Newswire and A.B. Data followers.  All banner, newsfeed and mobile ads will include an embedded link to the settlement website.  The Media Plan will target mobile, tablet, and desktop users.  A.B. Data estimates that the digital and social media campaign will generate 131 million impressions (views).  During the media campaign, A.B. Data will monitor the success, conversions and activity associated with the Media Plan and will adjust the number of impressions delivered across each platform to maximize engagement and efficiency.  The newswire release will also assist with driving search engine results, which will help increase traffic to the Settlement website.

G.      The Settlement Administrator will cause the Stipulation, as well as the Notice, Proof of Claim and Release, and Preliminary Approval Order of the Court to be posted on a website

dedicated to the Settlement and maintained by the Settlement Administrator.  Settlement Class

Members will be required to submit a valid Proof of Claim and Release to be eligible to participate

in the Settlement and receive a payment from the Net Settlement Fund.

H.      If the Court does not adopt the notice plan proposed by Plaintiffs, Plaintiffs shall

ask the Court (in open court, by motion, or otherwise as the circumstances require), what additional

or different notice would enable the Court to approve the issuance of notice to the Settlement Class.

Plaintiffs agree to provide such notice to the Settlement Class as is reasonably necessary to obtain

the Court's approval with respect thereto.

## VIII.   JUDGMENT APPROVING THE SETTLEMENT

A.      At the Final Approval Hearing, the Parties shall jointly request entry of the

Judgment substantially in the form attached hereto as Exhibit 1-B, or in such other form as the

Court may direct.

## IX.    ATTORNEYS' FEES AND EXPENSES

A.      Lead Counsel may submit an application or applications (the "Fee and Expense

Application") to the Court for distributions to Lead Counsel from the Gross Settlement Fund for:

(a) an award of attorneys' fees, (b) reimbursement of costs and expenses, including experts and

consultants, incurred in connection with prosecuting the Action, and (c) any interest on the

attorneys' fees and the costs and expenses as may be awarded by the Court at the same rate and

for the same periods as earned by the Gross Settlement Fund until paid.  Lead Counsel reserves

the right to make additional applications for fees and expenses incurred, if necessary.  This

Settlement shall not be conditioned upon any award of attorneys' fees and expenses to Lead

Counsel, and Defendants shall take no position with respect to the Fee and Expense Application.

B.      Any attorneys' fees and expense reimbursement awarded by the Court ("Fee

Award") shall be paid, including any interest thereon, from the Gross Settlement Fund within ten (10) days from the date that the Court enters an order awarding such fees and expenses. This Fee Award shall be subject to Lead Counsel's joint and several obligation to make appropriate refund or repayment of the Fee Award, plus interest thereon at the same rate as earned by the Escrow Account, within thirty (30) days after the date that any condition to establishing the Effective Date has not occurred and shall not occur, or if the Court or any appellate court enters an order reversing or reducing any award of attorneys' fees or litigation expenses. Lead Counsel, as a condition of receiving such fees and expenses, agrees to be subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

      C.     The procedure for and allowance or disallowance by the Court of any application for attorneys' fees and expenses are not part of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. Any order or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto, or reversal or modification thereof, shall not operate to modify, terminate, or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Action.

      D.     Except as provided in Section IV, Defendants and their Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment to Lead Counsel and/or any other Person that receives payment from the Gross Settlement Fund.

      E.     Defendants and their Released Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Lead Counsel or any other Person that may assert some claim to any portion of the Fee Award that the Court may make in the Action.

F.      Lead Counsel may apply to the Court to authorize the payment of a reimbursement award from the Gross Settlement Fund for the time and expenses expended by Plaintiffs in assisting Lead Counsel in the litigation of this Action.  Any such payment authorized by the Court to Plaintiffs shall be payable in cash within ten (10) days from the date that the Court enters an order awarding such expenses.  This Settlement shall not be conditioned upon any award of reimbursement to Plaintiffs, and Defendants shall take no position with respect to any reimbursement award.

G.      The procedure for, and allowance or disallowance by the Court of any application for a reimbursement award to Plaintiffs are not a condition of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation.  Any order of or proceeding relating to the reimbursement award, or any objection to, motion regarding, or appeal from any order or proceeding relating thereto or reversal or modification thereof, shall not operate to modify, terminate, or cancel this Stipulation, or affect or delay the finality of the Judgment or the releases contained therein or any other orders entered pursuant to this Stipulation.

X.      **ADMINISTRATION AND CALCULATION OF CLAIMS, FINAL AWARDS, AND DISTRIBUTION OF THE NET SETTLEMENT FUND**

A.      Each Settlement Class Member wishing to participate in the Settlement shall be required to submit a Proof of Claim and Release substantially in the form annexed hereto as Exhibit 1-E, signed under penalty of perjury by the beneficial owner(s) of the stock or by someone with documented authority to sign for the beneficial owner(s), and supported by such documentation as specified in the instructions accompanying the Proof of Claim and Release.

B.      All Proofs of Claim and Releases must be received within the time prescribed in the Preliminary Approval Order unless otherwise ordered by the Court.  Except as otherwise

ordered by the Court, any Settlement Class Member who fails to submit a properly completed Proof of Claim and Release within such period as authorized by the Court shall be forever barred from receiving any payments pursuant to this Stipulation or from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of this Stipulation and the Judgment, including, without limitation, the release of the Released Claims and dismissal of the Action with prejudice, and will be barred from bringing any action against the Released Parties concerning the Released Claims.

C.     The Settlement Administrator shall administer the Settlement subject to such approval by the Court as circumstances may require.

D.     Each Proof of Claim and Release shall be submitted to the Settlement Administrator to determine Authorized Claimants' *pro rata* share of the Net Settlement Fund pursuant to this Stipulation and the Plan of Allocation for approval by the Court.

E.     The Settlement Administrator shall administer and calculate the claims submitted by Persons seeking recovery from the Settlement, determine the extent to which claims shall be allowed, and oversee distribution of the Net Settlement Fund subject to appeal to, and jurisdiction of, the Court.  Neither Lead Counsel, its designees or agents, Plaintiffs, Defendants' Counsel or the Released Parties shall have any liability arising out of such determination.

F.     The administrative determination of the Settlement Administrator accepting and rejecting claims shall be presented to the Court for approval.

G.     Following the Effective Date provided in paragraph XII.A and upon application to the Court by Lead Counsel, the Net Settlement Fund shall be distributed to Authorized Claimants by the Settlement Administrator or Escrow Agent.

H.     The Net Settlement Fund shall be distributed to the Authorized Claimants

substantially in accordance with the terms of this Stipulation and a Plan of Allocation to be approved by the Court, subject to and in accordance with the following:

1.    Any such Plan of Allocation, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and it is not a condition of this Settlement that any particular Plan of Allocation be approved.

2.    No funds from the Net Settlement Fund shall be distributed to Authorized Claimants until after the Effective Date.

3.    Each Person who claims to be an Authorized Claimant shall be required to submit to the Settlement Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit 1-E attached hereto, signed under penalty of perjury and supported by such documents as specified in the Proof of Claim and Release and as are reasonably available to such Person.

4.    Except as otherwise ordered by the Court, all Settlement Class Members who fail to submit a Proof of Claim and Release within such period as may be ordered by the Court, or otherwise allowed by the Court, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but shall in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment, and will be barred and enjoined from bringing any action against the Released Parties concerning the Released Claims.  Notwithstanding the foregoing, Lead Counsel have the discretion (but not the obligation) to accept for processing late submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  Lead Counsel shall have no liability for not accepting late-submitted claims.

5.    All Persons who fall within the definition of the Settlement Class and who do not timely and validly request to be excluded from the Settlement Class in accordance with the

instructions set forth in the Notice (as defined in Section VII, above) shall be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment with respect to all Released Claims, regardless of whether such Persons seek or obtain by any means any distribution from the Gross Settlement Fund or the Net Settlement Fund.

6.      If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants in an equitable and economic fashion.  Thereafter, any *de minimis* balance which still remains in the Net Settlement Fund shall be donated to an appropriate non-profit organization selected by Lead Counsel.

I.      Neither the Defendants nor their counsel or other Released Parties shall have any responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Gross Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of any Taxes, the distribution of the Net Settlement Fund, or any losses incurred in connection with any such matters.

J.      This is not a claims-made settlement, and if all conditions of the Stipulation are satisfied and the Judgment becomes final, no portion of the Gross Settlement Fund will be returned to Defendants or any of their insurers.  Defendants, their counsel, their insurers and the other Released Parties shall have no responsibility for, involvement in, interest in, or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of taxes or tax expenses, or any losses incurred in connection therewith.  No Person shall have any claims against the Released Parties, Lead Counsel, the Settlement Administrator, or any other agent

designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.  Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim filed, where doing so is in the interest of achieving substantial justice.

K.       Neither Defendants nor Defendants' Counsel shall have any involvement in the solicitation or review of Proofs of Claim and Releases, nor any involvement in the administration process, which will be conducted by the Settlement Administrator in accordance with this Stipulation.

L.       It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to a Settlement Class Member's claim set forth therein, is not a condition of this Stipulation and is to be considered by the Court in connection with the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation.  Any order or proceedings relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate, or cancel this Stipulation, or affect or delay the finality of the Judgment and the releases contained therein, or any other orders entered pursuant to this Stipulation.  Defendants will take no position with respect to such proposed Plan of Allocation or such plan as may be approved by the Court.

M.       No Person shall have any claim against Plaintiffs or Lead Counsel, the Escrow Agent, the Settlement Administrator, Defendants, Defendants' Counsel or the other Released Parties with respect to matters set forth in this Section X; and the Settlement Class Members, Plaintiffs, and Lead Counsel release Defendants and the other Released Parties from any and all

liability and claims arising from or with respect to the administration, investment, or distribution of the Gross Settlement Fund or Net Settlement Fund.

## XI.   TAX TREATMENT

A.   The Parties, their counsel, the Court, and the Escrow Agent shall treat the Escrow Account as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1 for all periods on and after the date of the Court's order preliminarily approving this Stipulation.  The Parties, their counsel, the Court and the Escrow Agent agree to take no action inconsistent with the treatment of the Escrow Account in such manner.  In addition, the Settlement Administrator, Escrow Agent, and as necessary, the Defendants, shall make the "relation back election" (as defined in Treas. Reg. § 1.468B-1(j)) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Settlement Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties and thereafter to cause the appropriate filing to occur.  All provisions of this Stipulation shall be interpreted in a manner that is consistent with the Escrow Account being a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.

B.   For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Settlement Administrator. The Settlement Administrator shall satisfy the administrative requirements imposed by Treas. Reg. § 1.468B-2 by, *e.g.*, (i) obtaining a taxpayer identification number, (ii) timely and properly satisfying any information reporting or withholding requirements imposed on distributions from the Escrow Account, and (iii) timely and properly filing or causing to be filed on a timely basis, all federal, state, local and foreign tax returns and other tax related statements necessary or

23

advisable with respect to the Escrow Account including, without limitation, all income tax returns, all informational returns, and all returns described in Treas. Reg. § 1.468B-2(k), and timely and properly paying any taxes imposed on the Escrow Account.  Such returns and Statements (as well as the election described in XI.A hereof) shall be consistent with this section XI.B and in all events shall reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by the Escrow Account shall be paid out of the Escrow Account as provided in XI.C hereof.

C.     All (i) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Escrow Account, including any Taxes or tax detriments that may be imposed upon the Released Parties or their counsel with respect to any income earned by the Escrow Account for any period during which the Escrow Account does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred with the operation and implementation of paragraphs A-C of this Section (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in paragraphs A-C of this Section) ("Tax Expenses") shall be paid out of the Escrow Account; in all events the Released Parties and their counsel shall have no responsibility whatsoever for Taxes or Tax Expenses. The Escrow Agent, through the Escrow Account, shall indemnify and hold each of the Released Parties and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Escrow Account without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the

24

establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be deducted or withheld under Treas. Reg. § 1.468B-2(1)(2)). All Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of paragraphs A-C of this Section.

D.    The Defendants shall have no responsibility to make any filings relating to the Escrow Account and will have no responsibility to pay tax on any income earned by the Escrow Account. In the event this Stipulation is canceled or terminated, funds from the Escrow Account shall be returned to Defendants plus interest earned thereon, less any Taxes paid or due and less any notice or administrative expenses incurred.

## XII.    SETTLEMENT CONDITIONS AND TERMINATION

A.    The Effective Date of Settlement shall be the date when all of the following shall have occurred:

1.    Counsel for all Persons listed on the signature pages of this Stipulation have executed this Stipulation;

2.    The Court has entered the Order for Notice and Hearing, substantially as provided in Section VII;

3.    Defendants or their insurers have timely deposited the Settlement Amount to the Escrow Account;

4.    The Court has approved the Settlement as described herein following Notice to the Settlement Class, and has entered the Judgment, substantially as provided in Section VIII;

5.    The time within which Defendants may exercise their option to terminate this Stipulation in accordance with the terms of the Supplemental Agreement has expired without the exercise of that option; and

25

6.      The Judgment has become Final, as defined in paragraph III.I herein.

B.      Upon the Effective Date, Plaintiffs and the Settlement Class Members, on behalf of themselves, and to the fullest extent permitted by law, their heirs, executors, administrators, personal representatives, attorneys, agents, partners, successors and assigns, and any other Person claiming (now or in the future) to have acted through or on behalf of them, shall hereby be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever, released, relinquished, settled and discharged the Released Parties from all Released Claims and shall be permanently and forever barred and enjoined from instituting, commencing, or prosecuting, or continuing to prosecute, in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, any Released Claim against any of the Released Parties directly, indirectly or in any other capacity, whether or not such Settlement Class Members execute and deliver a Proof of Claim and Release to the Settlement Administrator.   Defendants also release and shall be permanently barred and enjoined from instituting, commencing, or prosecuting all Defendants' Claims against Plaintiffs, Settlement Class Members or Lead Counsel.  Claims to enforce the terms of this Stipulation or any order of the Court in this Action are not released.

C.      If all the conditions specified in paragraph A of this Section are not met, then this Stipulation shall be canceled and terminated, unless Lead Counsel and Defendants' Counsel mutually agree in writing to proceed with the Settlement.

D.      If either (a) the Effective Date does not occur, (b) this Stipulation is canceled or terminated pursuant to its terms, or (c) this Stipulation does not become final for any reason, then the Gross Settlement Fund and all interest earned on the Gross Settlement Fund while held in escrow (less Notice and Administration Expenses or taxes paid or incurred), including both interest paid and accrued (less expenses and costs which have not yet been paid but which are properly

26

chargeable Notice and Administration Expenses), shall be refunded by the Settlement Administrator and/or the Escrow Agent as directed by Defendants' Counsel within thirty (30) days of such cancellation or termination.  The Escrow Agent or its designee shall apply for any tax refund owed to the Escrow Account and pay the proceeds to the parties that submitted the payment, after deduction of any fees or expenses incurred in connection with such application(s) for refund, pursuant to written instructions from Defendants' Counsel.

E.      Upon the occurrence of all of the events specified in paragraph A of this Section, the obligation of the Settlement Administrator and/or the Escrow Agent to return funds from the Gross Settlement Fund to Defendants pursuant to paragraph D of this Section, shall be absolutely and forever extinguished.

F.      If either (a) the Effective Date does not occur, (b) this Stipulation is canceled or terminated pursuant to its terms, or (c) this Stipulation does not become final for any reason, all of the Parties to this Stipulation shall be deemed to have reverted to their respective status as of August 4, 2022; the Parties' counsel shall meet and confer on an appropriate schedule to propose to the Court; and the terms and provisions of this Stipulation, with the exception of this Section XII.F; Section XII.C; Section XIII; and, to the extent applicable, Section XIV, shall have no further force and effect with respect to the Parties and shall not be enforceable, or used in this Action or any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nun pro tunc*.

G.      No order of the Court, or modification or reversal on appeal of any order of the Court, concerning the Plan of Allocation, the Fee and Expense Application, a reimbursement award to Plaintiffs, and interest awarded by the Court to any of the Lead Counsel or Plaintiffs, shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or

termination of the Stipulation.

H.      Notwithstanding any other provision, section, or paragraph in this Stipulation, Defendants shall have the unilateral right to terminate the Settlement in the event that Settlement Class Members, pursuant to timely and valid requests for exclusion from the Settlement Class, meet the conditions set forth in the Parties' Supplemental Agreement.  The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein, to the extent necessary, or as otherwise provided in the Supplemental Agreement), unless or until the Court otherwise directs or a dispute arises between the Parties concerning its interpretation or application.  If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will undertake to have the Supplemental Agreement submitted to the Court *in camera* or filed under seal.

### XIII.  NO ADMISSIONS

A.      The Parties hereto intend the Settlement as described herein to be a final and complete resolution of all disputes between them with respect to the Action and entry in this Settlement shall not be deemed an admission by Plaintiffs and the Settlement Class or any Defendants as to the merits of any claim or defense or any allegation made in the Action.

B.      Neither this Stipulation nor the Settlement may be deemed to be or may be used as an admission or evidence that Plaintiffs and the Settlement Class Members would have received less than the Settlement Amount had the Action been prosecuted to conclusion.

C.      Defendants deny that they have committed or intended to commit any wrongdoing or violations of law as alleged in any complaint in the Action, and maintain that their conduct was at all times proper and in compliance with applicable provisions of law

D.      Defendants further deny that they made any material misstatements or omissions, that they acted with the requisite state of mind, that any plaintiff, including Plaintiffs, has suffered any damages, or that any plaintiff was harmed by any conduct alleged in this action or that could have been alleged therein. This Stipulation of Settlement, whether or not consummated, and whether or not approved by the Court, and any discussions, negotiations, acts performed, proceedings, communications, drafts, documents or agreements relating to this Term Sheet, the Stipulation of Settlement, the Settlement and any matters arising in connection with them, shall not be offered or received against or to the prejudice of any Defendant for any purpose other than in an action to enforce the terms of this Stipulation of Settlement and the Settlement, and in particular do not constitute, and shall not be described as, construed as or otherwise offered or received against any Defendant as evidence of (or deemed to be evidence of) any admission, concession, or presumption by any of the Defendants with respect to (i) the truth of any allegation in any complaint or amended complaint filed, or any amended complaint proposed to be filed, in this action; (ii) the validity of any claim that has been or could have been asserted in this action or in any litigation or proceeding in any forum; (iii) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation or proceeding in any forum; or (iv) any liability, damages, negligence, fault or wrongdoing of any Defendant whatsoever;

E.      Plaintiffs acknowledge that they are entering into the agreement based on their own and Lead Counsel's investigation and after consultation with Lead Counsel, and not in reliance on any statements by Defendants, whether in the Term Sheet, the Stipulation of Settlement or otherwise.

F.      Notwithstanding the foregoing, any of the Released Parties may file this Stipulation and/or the Judgment in any action that may be brought against any of them in order to support a

29

defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

G.    Neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement or as otherwise expressly provided.

## XIV.    MISCELLANEOUS PROVISIONS

A.    Within forty-five (45) days after the Effective Date, and subject to commercially reasonable efforts, all designated Confidential Information and copies thereof, shall at each Party's own option either be returned to counsel for the disclosing Party or destroyed, with the receiving Party certifying such destruction, unless the Confidential Information has been offered into evidence or filed without restriction as to disclosure.  The receiving Party shall not be required to locate, isolate, or destroy/return emails generated in connection with legal representation in this Action (including attachments to emails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or exhibits or draft or final expert reports.  Nothing in this paragraph requires any Party, its counsel, or their respective consultants, vendors or other affiliates, to delete or destroy data which may reside on one or more backup tapes or other media maintained for the purpose of disaster recovery, business continuity or other reasons, or requires more than reasonable and practical actions to locate, identify, or destroy any other electronic data.

B.    Notwithstanding the requirements of paragraph A of this Section, counsel may retain attorney work product.  An attorney may use his or her work product in subsequent litigation,

provided that its use does not disclose or use Confidential Information.

C.      Other than as set forth in the Stipulation and Parties' Memorandum of Understanding, the Parties agree that there will be no public announcements regarding the Settlement until Sprint has announced or disclosed it.  Once disclosure is made by Sprint, the Parties agree that, other than disclosures required by law, any public comments from the Parties regarding this resolution will not substantially deviate from words to the effect that the Parties have reached a mutually acceptable resolution by way of a mediated settlement.

D.      The Parties hereto: (a) acknowledge that it is their intent to consummate the Settlement contemplated by this Stipulation; (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation; and (c) agree to exercise their best efforts and to act in good faith to accomplish the foregoing terms and conditions of the Stipulation.

E.      All counsel who execute this Stipulation represent and warrant that they have authority to do so on behalf of their respective clients.

F.      Lead Counsel, on behalf of the Settlement Class, are expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and are also expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class which they deem appropriate.

G.      All exhibits to the Stipulation attached hereto are material and integral parts hereof and are hereby incorporated by reference as though fully set forth herein.

H.      This Stipulation may be amended or modified only by a written instrument signed by counsel for all Parties hereto or their successors in interest.

I.      This Stipulation, exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement between Plaintiffs on the one hand, and Defendants on the other hand, and supersede any and all prior agreements, written or oral, between the Parties.  No representations, warranties or inducements have been made to any Party concerning this Stipulation, its exhibits, or the Supplemental Agreement other than the representations, warranties and covenants contained and memorialized in such documents.

J.      This Stipulation may be executed in one or more original, photocopied or facsimile counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  Counsel for the Parties hereto shall exchange among themselves signed counterparts and a complete set of executed counterparts shall be filed with the Court.

K.      This Stipulation shall be binding upon, and inure to the benefit of the successors, assigns, executors, administrators, affiliates (including parent companies), heirs and legal representatives of the Parties hereto.  No assignment shall relieve any Party hereto of obligations hereunder.

L.      This Stipulation, the exhibits attached hereto, and the Supplemental Agreement shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the Parties to the Stipulation and all terms of this Stipulation and all exhibits hereto shall be governed, interpreted and enforced according to the internal, substantive laws of the State of New York without regard to its conflicts of law rules and in accordance with the laws of the United States.

M.      Without affecting the finality of the Judgment entered in accordance with this Stipulation, the Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Parties submit to the jurisdiction of the Court for purposes of

implementing and enforcing the Settlement embodied in the Stipulation and matters related to the Settlement.

N.    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver by any other Party or a waiver of any other prior or subsequent breach of this Stipulation.

O.    The Parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs or other Settlement Class Members against the Released Parties with respect to the Released Claims, and any potential counterclaims Defendants and Released Parties could have asserted against Plaintiffs, Settlement Class Members and their attorneys with respect to the Defendants' Claims.  The Parties agree that each Party and their respective counsel has complied fully with Rule 11 of the Federal Rules of Civil Procedure.  Accordingly, Plaintiffs and Defendants agree not to assert in any forum that the litigation was brought by Plaintiffs or Lead Counsel, or defended by Defendants, or their counsel, in bad faith or without a reasonable basis.  The Parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Action.  The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel, and with the assistance of an experienced mediator, Jed Melnick, Esq.  The Parties reserve their right to rebut, in a manner that such Party determines to be appropriate, any contention made by any of the Parties in any public forum regarding the Action, including that the Action was brought or defended in bad faith or without a reasonable basis.

P.    This Stipulation shall not be construed more strictly against one Party than another

33

merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that this Stipulation is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to its preparation.

Q.      Pending approval of the Court of this Stipulation and its exhibits, other than by agreement of the Parties, all proceedings in this Action shall be stayed and Plaintiffs and all Settlement Class Members shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Parties.  Sprint and Defendants may seek to prevent or to stay any other action(s) or claims that assert any Released Claims.

R.      Any failure by any Party to this Stipulation to insist upon the strict performance by any other Party of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all the provisions of the Stipulation to be performed by such other Party.

S.      Defendants shall obtain and deliver to Lead Counsel no later than ten (10) business days after the Court preliminarily approves the Settlement, the names and addresses of purchasers of its common stock during the Settlement Class Period as defined in this Stipulation, and for the 180-day period thereafter, as set forth in the records of its transfer agent.

T.      Except as otherwise provided herein, each Party shall bear its own fees and costs.

U.      The headings herein are used for the purpose of convenience and are not intended to have legal effect. All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided.  In computing any period of time prescribed or allowed by this Stipulation or by order of the Court, the day of the act, event, or default from which the designated period of time begins to run shall not be included.

34

V.  Notices required or permitted by this Stipulation shall be submitted either by overnight mail or in person as follows:

| **Notice to Plaintiffs:** | **Notice to Defendants:** |
|---|---|
| Omar Jafri | Scott D. Musoff |
| Pomerantz LLP | SKADDEN, ARPS, SLATE, |
| 10 South LaSalle Street | MEAGHER & FLOM LLP |
| Suite 3505 | One Manhattan West |
| Chicago, IL 60603 | New York, NY 10001 |

W.  The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

X.  Nothing in this Stipulation, or the negotiations related thereto, is intended to be, or shall be deemed to, constitute a waiver of any applicable privilege or immunity, including, without limitation, the attorney-client privilege, the work product doctrine, or the joint-defense or common interest doctrine.

Dated:  September 12, 2022

**Pomerantz LLP**

By:  */s/ Omar Jafri*

Patrick V. Dahlstrom
Omar Jafri
Brian P. O'Connell
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
E-mail:  pdahlstrom@pomlaw.com
          ojafri@pomlaw.com
          boconnell@pomlaw.com

*Lead Counsel for Plaintiffs
and the Settlement Class*

**Skadden, Arps, Slate,
Meagher & Flom LLP**

By:  */s/ Scott D. Musoff*

Scott D. Musoff
Arthur R. Bookout
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001


*Counsel for Defendants*