**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ISAAC SOLOMON and FRANCINE CANION, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>SPRINT CORPORATION, MICHEL COMBES, ANDREW DAVIES, MARCELO CLAURE and TAREK ROBBIATI<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) **Civil Action No. 1:19-cv-05272-MKV** |

**PRELIMINARY APPROVAL ORDER**

WHEREAS, the Parties to the above-entitled action entered into a Stipulation of Settlement dated September 12, 2022 (the "Stipulation" or "Settlement"), which is subject to review by this Court and which, together with the Exhibits thereto, sets forth the terms and conditions for the Settlement of the claims alleged in the Action; and the Court having read and considered the Stipulation and the accompanying documents, including the Motion for Preliminary Approval of Class Action Settlement; and the Parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1.    The Court preliminarily finds that:

(a)    the Settlement resulted from informed, extensive arm's length negotiations, including a mediation session before an experienced mediator, Jed Melnick, Esq. of JAMS, and has no obvious deficiencies;

(b)    the Settlement appears to be fair, reasonable, adequate, and in the best

interests of the Settlement Class, and therefore there is sufficient likelihood that the Court will be able to approve the Settlement pursuant to Rule 23(e)(2) to warrant providing notice of the Settlement to the Settlement Class;

2. Plaintiffs have made a sufficient showing in their moving papers, and Defendants do not contest, that each of the requirements of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure is satisfied in the context of this settlement, and therefore, the Court hereby preliminarily certifies the following Settlement Class only for purposes of this Settlement: All individuals and entities who purchased or otherwise acquired Sprint common stock between October 25, 2017 and November 1, 2019, both dates inclusive, and who were damaged thereby. Excluded from the Settlement Class are (i) Defendants; (ii) the parent entity, officers and directors of the Company, at all relevant times; (iii) members of the immediate families of such officers and directors of the Company, and their legal representatives, heirs, successors or assigns; and (iv) any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class is any Settlement Class member that validly and timely requests exclusion in accordance with the requirements set by the Court;

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes the of this Settlement only, Plaintiffs Isaac Solomon and Francine Canion are hereby preliminarily appointed Class Representatives for the Settlement Class, and Pomerantz LLP is hereby preliminarily appointed Class Counsel for the Settlement Class.

4. A hearing (the "Final Approval Hearing") is hereby scheduled to be held before the Court on _____ ____, 2022, to determine:

(a) whether the Settlement, on the terms and conditions provided for in the Stipulation, should be finally approved by the Court as fair, reasonable and adequate;

(b)    whether the Judgment substantially in the form attached as Exhibit 1-B to the Stipulation should be entered, dismissing the Action on the merits and with prejudice;

(c)    whether the Court should permanently enjoin and bar the assertion of any Released Claims;

(d)    whether the proposed Plan of Allocation should be approved as fair, reasonable, and adequate;

(e)    the amount of attorneys' fees and expenses that should be awarded to Lead Counsel;

(f)    whether any Settlement Class Member's timely and properly noticed objection to the Settlement, the proposed Plan of Allocation, the Fee and Expense Application, and/or a reimbursement award to Plaintiffs, should be sustained; and

(g)    such other matters as the Court may deem necessary or appropriate.

5.    The Court reserves the right to approve the Settlement with or without modification, with or without further notice to the Settlement Class, and may adjourn the Final Approval Hearing without further notice to the Settlement Class.  The Court reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or any application by Lead Counsel for an award of attorneys' fees or expenses or a reimbursement award to Plaintiffs.

6.    The Court approves the form, substance and requirements of the Notice of Pendency and Settlement of Class Action (the "Notice"), the Summary Notice of Proposed Settlement of Class Action (the "Summary Notice"), and the Proof of Claim and Release form (the "Proof of Claim") annexed hereto as Exhibits 1-D, 1-C and 1-E, respectively, and finds that the dissemination of the Notice and publishing of the Summary Notice substantially in the manner

and form set forth in ¶ 7 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and are the best notices practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

7.    The Court approves the appointment of A.B. Data, Ltd. ("A.B. Data") as the Settlement Administrator to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Proofs of Claim as more fully set forth below:

(a)    The Settlement Administrator will mail notice individually (substantially in the form attached as Exhibit 1-D to the Stipulation) to those members of the Settlement Class who hold (or held) their eligible securities directly and are listed in the records of Sprint's transfer agent with respect to such holdings.  This direct Notice will also provide general information regarding the Settlement and Settlement Class Members' rights in connection with it, and direct recipients to the Settlement website for additional information, including a copy of the Proof of Claim and Release.

(b)    For those Settlement Class Members whose information is not available through Sprint's transfer agent, through a comprehensive targeted media program (the "Media Plan"), notice will be disseminated to them through (1) Google Display Networks banner ads, (2) Google Search AdWords, (3) LinkedIn Newsfeed Ads; (4) Earned Media including a press release distributed via PR Newswire US1 National Newswire, which will be tweeted to PR Newswire and A.B. Data followers.  All banner, newsfeed and mobile ads will include an embedded link to the settlement website.  The Media Plan will target mobile, tablet, and desktop users.  A.B. Data estimates that the digital and social media campaign will generate 131 million impressions (views). During the media campaign, A.B. Data will monitor the success, conversions and activity associated with the Media Plan and will adjust the number of impressions delivered across each

platform to maximize engagement and efficiency. The newswire release will also assist with driving search engine results, which will help increase traffic to the Settlement website.

(c)    The Settlement Administrator will cause the Stipulation, as well as the Notice, Proof of Claim and Release, and Preliminary Approval Order of the Court to be posted on a website dedicated to the Settlement and maintained by the Settlement Administrator. Settlement Class Members will be required to submit a valid Proof of Claim and Release to be eligible to participate in the Settlement and receive a payment from the Net Settlement Fund.

(d)    The Summary Notice shall be published once in the national edition of *PR Newswire*, substantially in the form annexed hereto, within ten (10) calendar days after the dissemination of the Notice.

8.    Lead Counsel shall, at least fourteen (14) calendar days before the Final Approval Hearing, file with the Court and serve on the settling Parties proof of dissemination of the Notice and Proof of Claim and proof of publication of the Summary Notice.

9.    The form and content of the Notice and the Summary Notice, and the method set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Federal Rule of Civil Procedure 23, due process, and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(7). They constitute the best notice practicable and feasible under the circumstances and provide due and sufficient notice to all Persons and entities entitled thereto. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice

10.    In order to be entitled to participate in the Net Settlement Fund, in the event the

5

Settlement is consummated in accordance with its terms set forth in the Stipulation, each Settlement Class Member shall take the following actions and be subject to the following conditions:

(a)    Each Person claiming to be an Authorized Claimant shall be required to submit to the Settlement Administrator a completed Proof of Claim postmarked on or before _____, 2022, substantially in a form contained in Exhibit 1-E attached hereto, in accordance with the instructions therein and as approved by the Court, signed under penalty of perjury.

(b)    Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth therein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained therein, and the Judgment.  Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept for processing late submitted claims, so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed, but shall incur no liability for declining to accept a late-submitted claim.

(c)    As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of this Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Released Claims as provided in the Stipulation.

11.    Settlement Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless they request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A Settlement Class Member

wishing to make such a request shall, no later than fourteen (14) calendar days prior to the date scheduled herein for the Final Approval Hearing, mail a request for exclusion in written form ("Request for Exclusion"), by first-class mail postmarked to the address designated in the Notice. Such Request for Exclusion shall clearly indicate: (i) the name, address and telephone number of the Person seeking exclusion, (ii) that the Person requests to be excluded from the Settlement, and (iii) the number of shares of Sprint Corporation common stock purchased and sold, as well as the dates of such purchases and sales; and the request must be signed by the Person requesting exclusion. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment. Unless otherwise ordered by the Court, any Person falling within the definition of the Settlement Class who fails to timely submit a Request for Exclusion from the Settlement Class in compliance with this paragraph shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class, and shall be barred from requesting exclusion from the Settlement Class in this or any other proceeding.

12.    Lead Counsel shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, and written revocations of Requests for Exclusion, promptly upon receipt and as expeditiously as possible, and in any event not less than ten (10) calendar days prior to the Final Approval Hearing.

13.    Any Settlement Class Member may file a written objection to the proposed Settlement and show cause, if he, she, or it has any cause, why the proposed Settlement of the Action should or should not be approved as fair, reasonable, and adequate, why a judgment should not be entered thereon, why the proposed Plan of Allocation should or should not be approved,

why attorneys' fees and expenses should or should not be awarded to Lead Counsel, or why a reimbursement award to Plaintiffs should or should not be approved; *provided*, *however*, that no Settlement Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has filed a written objection and any supporting papers with the Clerk of the Court, United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007, and has served said objection and supporting papers upon Lead Counsel and Defendants' Counsel no later than fourteen (14) calendar days prior to the date scheduled herein for the Final Approval Hearing.  Copies of objections and supporting documents shall be served upon Omar Jafri, Esq., Pomerantz LLP, 10 South LaSalle Street, Suite 3505, Chicago, IL 60603 on behalf of Plaintiffs and the Settlement Class, and Scott Musoff, Skadden, Arps, Slate, Meagher & Flom LLP, One Manhattan West, New York, NY 10001 on behalf of Defendants.

14.    Any objections, filings, and other submissions by the objecting Settlement Class Member must: (i) state the name, address, and telephone number of the Person objecting and must be signed by the objector; (ii) contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; (iii) include documents sufficient to prove membership in the Settlement Class, including the objecting Settlement Class Member's purchases, acquisitions, and sales of Sprint common stock during the Settlement Class Period, including the dates, the number of Sprint shares purchased, acquired, or sold, and price paid or received for each such purchase, acquisition, or sale; and (iv) include the number of times the Settlement Class Member or their counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or

8

service at issue in each case.

15.    Attendance at the Final Approval Hearing is not necessary to object to the proposed Settlement.  However, Persons wishing to be heard orally in opposition to approval of the Settlement, the proposed Plan of Allocation, the request for an award of attorneys' fees and expenses to Lead Counsel, and/or a reimbursement award to Plaintiffs are required to indicate in their written objection their intention to appear at the Final Approval Hearing.  Settlement Class Members do not need to appear at the Final Approval Hearing or take any action if they do not oppose any aspect of the Settlement.  If the Settlement Class Member intends to appear at the Final Approval Hearing and desires to present evidence or call witnesses, the Settlement Class Member must include in their written objections copies of any exhibits they intend to introduce into evidence and identify any witnesses they may seek to call at the Final Approval Hearing.  As required by Federal Rule of Civil Procedure 23(e)(5)(A), any objection must state whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and also state with specificity the grounds for the objection.  If an objector hires an attorney to represent him, her or it for the purposes of making an objection, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than fourteen (14) calendar days prior to the Final Approval Hearing.  A Settlement Class Member who files a written objection does not have to appear at the Final Approval Hearing for the Court to consider his, her or its objection.

16.    Any Settlement Class Member who does not make his, her, or its objection in the manner provided in ¶¶ 13-15 herein shall be deemed to have waived such objection and shall be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement set forth in the Stipulation, to the proposed Plan of Allocation, the award of attorneys'

fees and expenses to Lead Counsel and/or a reimbursement award to Plaintiffs, unless otherwise ordered by the Court.

17.    All papers in support of the Settlement, the proposed Plan of Allocation, and any application by Plaintiff's Counsel for attorneys' fees, expenses and a reimbursement award to Plaintiffs shall be filed thirty (30) calendar days prior to the Final Approval Hearing.  All reply papers shall be filed and served at least seven (7) calendar days prior to the Final Approval Hearing.

18.    The proposed Plan of Allocation and any application by Lead Counsel for attorneys' fees or expenses or a reimbursement award to Plaintiffs will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  At or after the Final Approval Hearing, the Court shall determine whether the proposed Plan of Allocation and any application for attorneys' fees or payment of expenses should be approved.

19.    All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed or returned pursuant to the Stipulation and/or further order of the Court.

20.    Defendants' Counsel and Lead Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

21.    Unless otherwise ordered by the Court, all proceedings in the Action are stayed, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.  Pending final determination of whether the Settlement should be approved, Plaintiffs, Settlement Class Members, and anyone who acts or purports to act on their behalf, either directly or indirectly, representatively, or in any other capacity, shall not institute, commence, maintain

or prosecute, and are hereby barred and enjoined from instituting, commencing, maintaining or prosecuting, any action in any court or tribunal asserting any of the Released Claims against any of the Released Parties.

22.     All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Gross Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed, or due and owing from the Gross Settlement Fund for the notice and administration of the Settlement as provided for in the Stipulation.

23.     If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to any Party, and each Party shall be restored to his, her or its respective position as it existed on August 4, 2022.

24.     Neither this Order, nor the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed or offered as an admission or concession by Defendants as to the validity of any claims or as to the truth of any of the allegations in the Action, or in respect of any liability, fault, or wrongdoing of any kind.

25.     The Court may adjourn or continue the Final Approval Hearing without further written notice.

26.     The Court retains exclusive jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice

11

to the Settlement Class.

**SO ORDERED**.

Dated:  September _____, 2022

_____
Honorable Mary Kay Vyskocil
United States District Judge
Southern District of New York