**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ISAAC SOLOMON and FRANCINE CANION, Individually and On Behalf of All Others Similarly Situated,<br><br>       Plaintiffs,<br><br>   v.<br><br>SPRINT CORPORATION, MICHEL COMBES, ANDREW DAVIES, MARCELO CLAURE and TAREK ROBBIATI,<br><br>       Defendants. | **Civil Action No. 1:19-cv-05272-MKV** |

<u>**NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION**</u>

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY**
**YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION**

**TO:** **All individuals and entities who purchased or otherwise acquired Sprint common stock between October 25, 2017 and November 1, 2019, both dates inclusive, and who were damaged thereby.**

**Excluded from the Settlement Class are (i) Defendants; (ii) the parent entity, officers and directors of the Company, at all relevant times; (iii) members of the immediate families of such officers and directors of the Company, and their legal representatives, heirs, successors or assigns; and (iv) any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class is any Settlement Class member that validly and timely requests exclusion in accordance with the requirements set by the Court.**

 **CLASS RECOVERY:** This Notice has been sent to you pursuant to an Order of the United States District Court for the Southern District of New York (the "Court") in the above-captioned action (the "Action"). One of the purposes of this Notice is to inform you of the proposed Settlement of the Action for $3,750,000.

 **POTENTIAL OUTCOME OF THE CASE:** Lead Counsel recognizes the expense, risks, and uncertain outcome of any litigation and subsequent appeals, especially in a complex action such as this with its inherent difficulties and delays. The Parties vigorously disagree on both liability and damages, and do not agree on the average amount of damages per share that would be recoverable if Plaintiffs prevailed on each claim alleged. No trial has taken place, and no trier of fact has ruled on any claim or defense in this Action. The Defendants continue to deny that they are liable and deny that Plaintiffs or the Settlement Class have suffered any damages, and the Settlement is not any admission of wrongdoing or liability.

1

**REASONS FOR SETTLEMENT:** Plaintiffs believe that the proposed Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. Plaintiffs and their counsel ("Lead Counsel") have reached this conclusion after investigating and considering, among other things, the amount of the Settlement, the strengths and weaknesses of the claims against Defendants, the uncertainties of trial and appeal, and the concrete benefits provided by the Settlement to the members of the Settlement Class. The Settlement was entered into after arms' length mediation proceedings. Without admitting any wrongdoing or liability, Defendants are willing to settle to avoid the continuing burden, expense, inconvenience and distraction of continued litigation.

**ATTORNEYS FEES AND COSTS SOUGHT:** Lead Counsel have not received any payment for their services in conducting this litigation on behalf of Plaintiffs and the members of the Settlement Class, nor have they been reimbursed for their out-of-pocket expenditures. If the Settlement is approved by the Court, Lead Counsel will collectively apply to the Court for attorneys' fees not to exceed 33 1/3% of the Settlement Amount, and reimbursement of expenses not to exceed $140,000. In addition, a reimbursement award for the time and expenses incurred by Plaintiffs will be sought, not to exceed $5,000. If these amounts are requested and awarded, Plaintiffs estimate that they would total $.004375 per share.

**IDENTIFICATION OF LEAD COUNSEL:** Requests for further information may be directed to Lead Counsel: Omar Jafri, Pomerantz LLP, 10 South LaSalle Street, Suite 3505, Chicago, IL 60603, Telephone: (312) 377-1181.

**DEFINITIONS:** All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation of Settlement, dated September 12, 2022 (the "Stipulation").

## I. THE CLASS INVOLVED IN THE PROPOSED SETTLEMENT

The proposed Settlement affects the rights of the members of the Settlement Class. The Settlement Class consists of:

> All individuals and entities who purchased or otherwise acquired Sprint common stock between October 25, 2017 and November 1, 2019, both dates inclusive, and who were damaged thereby.

Excluded from the Settlement Class are (i) Defendants; (ii) the parent entity, officers and directors of the Company, at all relevant times; (iii) members of the immediate families of such officers and directors of the Company, and their legal representatives, heirs, successors or assigns; and (iv) any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class is any Settlement Class member that validly and timely requests exclusion in accordance with the requirements set by the Court.

***The sending of this Notice should not be construed as any indication of the Court's view as to the merits of any claims or defenses asserted by any Party to this Action.***

## II. DESCRIPTION OF THE ACTION

**Summary of the Action**

On June 5, 2019, Plaintiff Isaac Solomon filed a class action complaint against Defendants Sprint Corporation, Michel Combes and Andrew Davies alleging violations of the federal securities laws in the United States District Court for the Southern District of New York

2

(the "Court"). On May 13, 2020 the Court granted Plaintiff Solomon's motion to be appointed as Lead Plaintiff and to approve Plaintiff's selection of Pomerantz LLP as Lead Counsel.

On July 31, 2020, Lead Plaintiff Solomon and additional Plaintiff Francine Canion ("Plaintiffs") filed their Amended Complaint against Sprint Corporation, Michel Combes, Andrew Davies, Marcelo Claure and Tarek Robbiati ("Complaint"). The Complaint alleged violations of the Securities Exchange Act of 1934 for false and misleading statements made to the public concerning the growth in Sprint's postpaid net additions, Sprint's Lifeline program, and the Company's revenues and internal controls.

On March 25, 2022, the Court denied Defendants' motion to dismiss the Complaint in part and granted it in part. The Court found that Plaintiffs had stated a claim for violations of the securities laws in connection with Sprint's statements related to postpaid net additions, but that Plaintiffs did not adequately allege scienter for the statements related to Sprint's Lifeline program and its revenue figures and internal controls.

On June 17, 2022, Plaintiffs moved to amend the Complaint with additional allegations regarding statements related to Sprint's Lifeline program, including related revenue figures and internal controls. On July 19, 2022, the Court denied Plaintiffs' motion to amend.

**The Proposed Settlement and Evaluation by Lead Counsel**

On July 21, 2022, the Parties participated in an extended mediation session conducted by Jed Melnick, Esq. At the close of the mediation, the mediator made a proposal to all Parties to settle this Action for the Settlement Amount, which the Parties accepted.

Lead Counsel continues to believe that the claims against the Defendants in this Action have merit and that the evidence would support their claims at trial. However, they acknowledge the expense and length of continued proceedings, trial, and appeals, and have considered the uncertain outcome and the risk of any litigation, especially complex actions like this. They are also mindful of the defenses asserted by Defendants, and the risks inherent to certifying a class action. Lead Counsel believes that the Settlement set forth in the Stipulation confers a meaningful benefit upon the Settlement Class, and based on the evaluation and recommendation of Lead Counsel, Plaintiffs have determined that the Settlement is in the best interests of the Settlement Class.

**The Release**

In return for the payment of the Settlement Fund, Settlement Class Members who do not file for exclusion from the Settlement Class will release, discharge and dismiss with prejudice all Released Claims as against each and all of the Released Parties, without costs to any party except as provided herein, upon the Effective Date. Plaintiffs and all Settlement Class Members, whether or not any such Person submits a Proof of Claim and Release or shares in the Net Settlement Fund, on behalf of themselves and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees and administrators, will be deemed by this Settlement on the Effective Date to release and forever discharge the Released Parties from any and all of the Released Claims.

On the Effective Date, all Settlement Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceedings in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Parties.

### III. **PROPOSED PLAN OF ALLOCATION**

The $3,750,000 Settlement Amount, together with any interest earned thereon and/or proceeds thereof shall be the Gross Settlement Fund. The Gross Settlement Fund less taxes, approved costs, fees and expenses (the "Net Settlement Fund") shall be distributed to members of the Settlement Class who submit valid Proofs of Claim ("Authorized Claimants").

The Settlement Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Loss." The Recognized Loss formula is not intended to be an estimate of the amount of what a Settlement Class Member lost or might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is simply the basis upon which the Net Settlement Fund will be proportionately allocated to Authorized Claimants.

The proposed Plan of Allocation incorporates the damage limitation under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(e), as well as the principles articulated by the Supreme Court in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005). For purposes of this Settlement, Recognized Loss shall be calculated as follows:

1. There is no Recognized Loss for any shares purchased before October 25, 2017.

2. For shares purchased on or between August 1, 2018 and April 16, 2019, and

   (a) sold on or before April 16, 2019, the Recognized Loss per share is $0.00.

   (b) sold on or between April 17, 2019 and July 15, 2019, the Recognized Loss per share is the lesser of:

      i.   $0.34; or

      ii.  the purchase price minus the sale price (excluding all fees, taxes, and commissions). If this calculation results in a negative number, then the Recognized Loss is $0; or

      iii. the purchase price minus the "90-Day Lookback Value" on the date of sale/disposition provided in Table 1 below. If this calculation results in a negative number, then the Recognized Loss per share is $0.

   (c) that were still held as of the close of trading on July 15, 2019, the Recognized Loss per share is the lesser of

      i.   $0.34; or

      ii.  the purchase price (excluding all fees, taxes, and commissions) minus the average closing price of the shares during the 90-day period starting April 17, 2019, which is $6.53. If this calculation results in a negative number, then the Recognized Loss per share is $0.

| Table 1 90-Day Lookback Values Starting April 17, 2019 | | | | | |
|---|---|---|---|---|---|
| Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value |
| 4/17/2019 | $5.64 | 5/17/2019 | $5.79 | 6/18/2019 | $6.37 |
| 4/18/2019 | $5.71 | 5/20/2019 | $5.86 | 6/19/2019 | $6.39 |
| 4/22/2019 | $5.76 | 5/21/2019 | $5.91 | 6/20/2019 | $6.41 |
| 4/23/2019 | $5.75 | 5/22/2019 | $5.94 | 6/21/2019 | $6.42 |
| 4/24/2019 | $5.72 | 5/23/2019 | $5.98 | 6/24/2019 | $6.43 |
| 4/25/2019 | $5.71 | 5/24/2019 | $6.03 | 6/25/2019 | $6.44 |
| 4/26/2019 | $5.68 | 5/28/2019 | $6.06 | 6/26/2019 | $6.44 |
| 4/29/2019 | $5.66 | 5/29/2019 | $6.08 | 6/27/2019 | $6.45 |
| 4/30/2019 | $5.65 | 5/30/2019 | $6.12 | 6/28/2019 | $6.45 |
| 5/1/2019 | $5.65 | 5/31/2019 | $6.14 | 7/1/2019 | $6.45 |
| 5/2/2019 | $5.63 | 6/3/2019 | $6.16 | 7/2/2019 | $6.46 |
| 5/3/2019 | $5.64 | 6/4/2019 | $6.19 | 7/3/2019 | $6.47 |
| 5/6/2019 | $5.65 | 6/5/2019 | $6.21 | 7/5/2019 | $6.48 |
| 5/7/2019 | $5.66 | 6/6/2019 | $6.24 | 7/8/2019 | $6.49 |
| 5/8/2019 | $5.66 | 6/7/2019 | $6.26 | 7/9/2019 | $6.49 |
| 5/9/2019 | $5.68 | 6/10/2019 | $6.28 | 7/10/2019 | $6.50 |
| 5/10/2019 | $5.71 | 6/11/2019 | $6.29 | 7/11/2019 | $6.51 |
| 5/13/2019 | $5.73 | 6/12/2019 | $6.30 | 7/12/2019 | $6.52 |
| 5/14/2019 | $5.74 | 6/13/2019 | $6.31 | 7/15/2019 | $6.53 |
| 5/15/2019 | $5.76 | 6/14/2019 | $6.33 | -- | -- |
| 5/16/2019 | $5.77 | 6/17/2019 | $6.35 | -- | -- |

3.    For shares purchased on or between October 25, 2017 and November 1, 2019, except for shares purchased between August 1, 2018 and April 16, 2019, and

(a)  sold on or before November 1, 2019, the Recognized Loss per share is $0.00.

(b)  sold on or between November 4, 2019 and January 30, 2020, the Recognized Loss per share is the lesser of:

i.    $0.05[1]; or

---

[1] The Plan of Allocation acknowledges that the Court has dismissed all statements made during the Settlement Class Period that relate to Sprint's revenue figures and internal controls for lack of scienter.  For that reason, and because purchasers who suffered a loss in November 2019 will nonetheless be bound by the releases of this Settlement, a nominal inflation of $0.05 has been assigned for these Recognized Losses.

ii.   the purchase price minus the sale price (excluding all fees, taxes, and commissions).  If this calculation results in a negative number, then the Recognized Loss is $0; or

iii.  the purchase price minus the "90-Day Lookback Value" on the date of sale/disposition provided in Table 2 below.  If this calculation results in a negative number, then the Recognized Loss per share is $0.

(c)  that were still held as of the close of trading on January 30, 2020, the Recognized Loss per share is the lesser of

i.   $0.05; or

ii.   the purchase price (excluding all fees, taxes, and commissions) minus the average closing price of the shares during the 90-day period starting November 4, 2019, which is $5.38.  If this calculation results in a negative number, then the Recognized Loss per share is $0.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| 90-Day Lookback Values Starting November 4, 2019 | | | | | |
| Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value |
| 11/4/2019 | $6.15 | 12/3/2019 | $5.91 | 1/2/2020 | $5.61 |
| 11/5/2019 | $6.15 | 12/4/2019 | $5.90 | 1/3/2020 | $5.60 |
| 11/6/2019 | $6.15 | 12/5/2019 | $5.87 | 1/6/2020 | $5.59 |
| 11/7/2019 | $6.16 | 12/6/2019 | $5.86 | 1/7/2020 | $5.58 |
| 11/8/2019 | $6.15 | 12/9/2019 | $5.84 | 1/8/2020 | $5.57 |
| 11/11/2019 | $6.11 | 12/10/2019 | $5.82 | 1/9/2020 | $5.56 |
| 11/12/2019 | $6.07 | 12/11/2019 | $5.80 | 1/10/2020 | $5.54 |
| 11/13/2019 | $6.07 | 12/12/2019 | $5.78 | 1/13/2020 | $5.53 |
| 11/14/2019 | $6.05 | 12/13/2019 | $5.76 | 1/14/2020 | $5.51 |
| 11/15/2019 | $6.03 | 12/16/2019 | $5.74 | 1/15/2020 | $5.50 |
| 11/18/2019 | $6.01 | 12/17/2019 | $5.72 | 1/16/2020 | $5.49 |
| 11/19/2019 | $5.99 | 12/18/2019 | $5.71 | 1/17/2020 | $5.48 |
| 11/20/2019 | $5.96 | 12/19/2019 | $5.70 | 1/21/2020 | $5.47 |
| 11/21/2019 | $5.94 | 12/20/2019 | $5.69 | 1/22/2020 | $5.46 |
| 11/22/2019 | $5.93 | 12/23/2019 | $5.67 | 1/23/2020 | $5.45 |
| 11/25/2019 | $5.93 | 12/24/2019 | $5.66 | 1/24/2020 | $5.44 |
| 11/26/2019 | $5.93 | 12/26/2019 | $5.65 | 1/27/2020 | $5.43 |
| 11/27/2019 | $5.93 | 12/27/2019 | $5.64 | 1/28/2020 | $5.41 |
| 11/29/2019 | $5.93 | 12/30/2019 | $5.63 | 1/29/2020 | $5.40 |
| 12/2/2019 | $5.92 | 12/31/2019 | $5.62 | 1/30/2020 | $5.38 |

**General Provisions:**

1.  There shall be no Recognized Loss for any Sprint securities other than common stock.

2.  The "trade" date and not the "settlement" date shall be considered the date of purchase or sale.

3. A claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts.

The Net Settlement Fund will be distributed to authorized claimants on a pro rata basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all authorized claimants, multiplied by the total amount in the Net Settlement Fund.

4.   For Settlement Class Members who held Sprint common stock at the beginning of the Class Period or made multiple purchases or sales during the Settlement Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases and sales for purposes of calculating a claim.  Under the FIFO method, sales of Sprint common stock during the Settlement Class Period will be matched, in chronological order, first against Sprint common stock held at the beginning of the Settlement Class Period.  The remaining sales of Sprint common stock in the Settlement Class Period will then be matched, in chronological order, against Sprint common stock purchased during the Settlement Class Period.

5.  Common stock originally sold short will have no Recognized Loss.

6.  Exercise of option contracts or the conversion of preferred stock into common stock will be considered to be purchases or sales of common stock as of the date of the exercise or conversion. Option premiums and the conversion price for preferred stock will be incorporated into the purchase/sale price of the common stock accordingly.

7.   No cash payment will be made on a claim where the potential distribution amount is less than $20.  Please be advised that if you do not opt out of the Settlement you will be bound by all determinations and judgments of the Court in connection with the Settlement, including being barred from asserting any of the Released Claims against the Released Parties, whether or not you are entitled to a cash payment.

8.  The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Settlement Class Member on equitable grounds.

9.  The receipt or grant by gift, inheritance or operation of law of Sprint common stock during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of Sprint common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any Sprint common stock unless (i) the donor or decedent purchased or otherwise acquired such Sprint common stock during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Sprint common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

7

10.  No person shall have any claim against Lead Counsel, the Settlement Administrator or other agent designated by Lead Counsel, or any Defendant or any Defendants' Counsel based on the distribution made substantially in accordance with the Stipulation and this Plan of Allocation, or further orders of the Court.

11.  Settlement Class Members who do not submit valid Proofs of Claim will not share in the Settlement proceeds.  Settlement Class Members who do not either submit a Request for Exclusion or submit a valid Proof of Claim will nevertheless be bound by the Settlement and the Final Order and Judgment of the Court dismissing this Action.

## IV. <u>REQUESTING EXCLUSION FROM THE SETTLEMENT CLASS</u>

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOU MAY BE ELIGIBLE TO SHARE IN THE BENEFITS OF THIS SETTLEMENT AND WILL BE BOUND BY ITS TERMS UNLESS YOU EXCLUDE YOURSELF FROM THE SETTLEMENT.**

Each member of the Settlement Class shall be bound by all determinations and judgments of the Court in connection with the Settlement, whether favorable or unfavorable, unless such Settlement Class Member shall mail, by first class mail, sufficient postage prepaid, a written request for exclusion from the Settlement Class, **postmarked no later than _____, 2022**, addressed                to              the            Settlement                Administrator            at: _____.  Such request for exclusion shall be in a form that sufficiently identifies (1) the name, address, and telephone number of the person(s) or entity seeking exclusion, and (2) a list of all transaction(s) involving Sprint common stock during the period October 25, 2017 through November 1, 2019, including the number of shares of common stock, principal amount and trade date of each purchase and sale.  A request for exclusion shall not be effective unless submitted within the time and in the form and manner provided for herein.  **You cannot exclude yourself by telephone, email or fax.**

**If you are a Settlement Class Member and duly request to be excluded from the Settlement Class, you will not be bound by any orders or judgments entered in respect of the Settlement and shall not be entitled to receive any benefits provided by the Settlement in the event it is finally approved by the Court.**

If a judgment approving the Settlement provided for in the Stipulation is finally entered, all Settlement Class Members that have not requested exclusion shall conclusively be deemed to have released and shall thereafter be barred from asserting any of the Released Claims against the Released Parties.

## V. <u>STATEMENT OF ATTORNEYS' FEES AND COSTS SOUGHT</u>

If the proposed Settlement is approved, Lead Counsel intends to apply to the Court for an award from the Gross Settlement Fund of attorneys' fees not to exceed 33 1/3 percent of the Settlement Amount, plus interest, and reimbursement for the reasonable expenses actually incurred in prosecuting the Action not to exceed $140,000.  Lead Counsel believes these requests to be fair and reasonable.  Lead Counsel has litigated this Action on a wholly contingent basis and has received no compensation during the period the case has been pending, while expending considerable time and expense, and risking considerable financial losses.

In addition, Lead Counsel intends to apply to the Court for a reimbursement award from the Gross Settlement Fund to Plaintiffs for their reasonable time and expenses directly relating to the representation of the Settlement Class, in an amount not to exceed $5,000.

## VI.  THE FINAL APPROVAL HEARING

The Final Approval Hearing will be held before the Honorable Mary Kay Vyskocil on _____, 2022 at __:__ _.m., in Courtroom 18C of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007, to determine, among other things: (1) whether the proposed Settlement of the Settlement Class's claims against the Defendants for $3,750,000 should be approved as fair, reasonable and adequate; (2) whether the proposed Plan of Allocation should be approved as fair, reasonable, and adequate; (3) whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Action; (4) whether the Action should be dismissed with prejudice against the Defendants as set forth in the Stipulation of Settlement filed with the Court; (5) whether the application by Plaintiffs' Counsel for an award of attorneys' fees and expenses should be approved; and (6) whether the application for a reimbursement award to Plaintiffs should be granted.  At the Court's discretion, the Final Approval Hearing may be telephonic, in which case call-in details will be displayed by the Settlement Administrator at its website: www.sprintsecuritiesclassaction.com.

***The Final Approval Hearing may be adjourned or continued by the Court without further notice other than an announcement at such hearing or on the Court's PACER website.***

Any Settlement Class Member who does not timely and validly request exclusion from the Settlement Class and who objects to the Settlement, the adequacy of the representation provided by Plaintiffs and Lead Counsel, the proposed Plan of Allocation of the Net Settlement Fund, the Final Order and Judgment contemplated by the Stipulation, the application for attorneys' fees and expenses, or a reimbursement award to the Plaintiffs, or who otherwise wishes to be heard with respect to any of the foregoing, may appear in person or by attorney at the Final Approval Hearing, at his or her own expense, and present any evidence or argument that may be proper and relevant. However, no person shall be heard, and no papers, briefs, pleadings or other documents submitted by any such person shall be considered by the Court unless, no later than _____, 2022, (1) a notice of the person's intention to appear, containing such person's name, address, telephone number, and signature, (2) a statement of such person's objections to any matter before the Court, (3) all grounds for such objections or the reason for such person's request to appear and to be heard, including any legal support known to such person or their counsel, together with any documents that may be presented at the Final Approval Hearing; (4) a list of all transaction(s) involving Sprint common stock from October 25, 2017 to November 1, 2019, inclusive, including the number of shares of common stock, principal amount and trade date of each purchase and sale; (5) brokerage statements and/or confirmation slips sufficient to establish that such person is a member of the Settlement Class, (6) the name, address, and telephone number of all counsel, if any, who represent such person, including former or current counsel who may be entitled to compensation in connection with the objection; and (7) the number of times such person and/or their counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case, shall be filed by such person with the Clerk of the Court, and, on or before such filing, shall be delivered by hand, overnight mail or by certified mail, return-receipt requested, sufficient postage prepaid, upon each of the following counsel of record:

9

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Omar Jafri | Scott D. Musoff |
| POMERANTZ LLP | SKADDEN, ARPS, SLATE, |
| 10 South LaSalle Street | MEAGHER & FLOM LLP |
| Suite 3505 | One Manhattan West |
| Chicago, IL 60603 | New York, New York 10001 |

Any person or entity who fails to object in the manner prescribed in the paragraph immediately above shall be deemed to have waived any objections that person may have and shall be barred from raising such objections in this or any other action or proceeding. Objections directed solely to the proposed Plan of Allocation, attorneys' fees and expenses, or a reimbursement award to the Plaintiffs will not affect the finality of either the Settlement or the Judgment to be entered thereon, if the Settlement is approved by the Court.

Any person or entity who objects to either the Settlement, the proposed Plan of Allocation, or the award of attorneys' fees and expenses or a reimbursement award to the Plaintiffs subjects to the jurisdiction of the District Court in this matter and consents to being deposed in their district of residence and producing in advance of a deposition any responsive documents to a discovery request prior to the Final Approval Hearing.

Attendance at the Final Approval Hearing is not necessary. Objectors wishing to be heard orally at the Final Approval Hearing must indicate in their written objection that they intend to appear at the Final Approval Hearing and identify any exhibits they intend to introduce into evidence and any witnesses they may call to testify at the Final Approval Hearing.

All members of the Settlement Class who do not request exclusion therefrom, in the manner provided herein, will be represented by Lead Counsel in connection with the Settlement, but may, if they so desire, also enter an appearance through counsel of their own choice and at their own expense.

## VII. PROOF OF CLAIM AND RELEASE FORM

***To be eligible to receive a cash distribution from the Net Settlement Fund, you must timely complete, sign and file a Proof of Claim and Release Form ("Proof of Claim").*** A Proof of Claim is annexed to this Notice. You may receive more than one copy of this Notice and the Proof of Claim, but you should **submit only one Proof of Claim** for each differently named account or ownership, such as an individual account, an IRA account, a joint account, a custodial account, etc.

The Proof of Claim (1) **must** be completed in accordance with the Instructions on the Proof of Claim, (2) **must** enclose all documentation required by the Instructions, and (3) **must** be filed with the Settlement Administrator **postmarked on or before _____, 2022** at the following address:

Sprint Securities Litigation
Settlement Administrator
c/o A.B. Data, Ltd.
P.O. Box 173001
Milwaukee, WI 53217

A Proof of Claim will be deemed filed when mailed via first-class mail, sufficient postage prepaid.

Members of the Settlement Class who do not exclude themselves from the Settlement Class and who fail to submit a valid and timely Proof of Claim will nevertheless be bound by the Settlement if finally approved, and all orders and judgments entered by the Court in connection therewith.

By Order of the Court, the Proof of Claim provides for and requires a Release of all Released Claims as described in Section II, above, by all members of the Settlement Class who file Proofs of Claim. The Release will become effective on the Effective Date of the Settlement.

Each person or entity submitting a Proof of Claim thereby submits to the jurisdiction of the Court for purposes of the litigation, the Settlement and any proceedings relating to such Proof of Claim, and agrees that such a filed Proof of Claim will be subject to review and further inquiry as to such person's or entity's status as a member of the Settlement Class and the allowable amount of the claim.

If you would like acknowledgement of the receipt of your Proof of Claim by the Settlement Administrator, please send it by certified mail, return receipt requested, or its equivalent. *No other formal acknowledgment will be provided, and you will bear all risks of delay or non-delivery of your claim.*

## VIII. <u>EXAMINATION OF PAPERS AND INQUIRIES</u>

For further information about the Action, you may contact the Settlement Administrator at its website, www.sprintsecuritiesclassaction.com, or by email at: info@sprintsecuritiesclassaction.com or may contact Lead Counsel at the address listed above, or consult the pleadings and other papers filed in the Action at the Office of the Clerk of the United States District Court for the Southern District of New York, the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007, during normal business hours of each business day. If you have an account with PACER, you may consult the pleadings and other papers via Electronic Case Filing at the website of the Southern District of New York: https://ecf.nysd.uscourts.gov/.

If you have any questions concerning this case or your membership in the Settlement Class, please contact the Settlement Administrator: Sprint Securities Litigation Settlement Administrator, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217, www.sprintsecuritiesclassaction.com

**INQUIRIES <u>SHOULD NOT</u> BE DIRECTED TO THE COURT,
THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL.**

Dated: _____, 2022

By Order of the Court
United States District Court
Southern District of New York