## PROOF OF CLAIM AND RELEASE FORM

### A. GENERAL INSTRUCTIONS & INFORMATION

1.    You are urged to read carefully the accompanying Notice of Pendency and Settlement of Class Action (the "Notice").  All capitalized terms used herein not otherwise defined herein shall have the same meaning as defined in the Notice.

2.    To file a claim and recover under the Settlement of this Action, you must submit this Proof of Claim and Release form (the "Proof of Claim").  However, such filing is not a guarantee that you will share in the proceeds of the Settlement in the Action.

3.    **You must mail your completed and signed Proof of Claim postmarked on or before _____, 2022, addressed to the Settlement Administrator at:**

Sprint Securities Litigation
Settlement Administrator
c/o A.B. Data, Ltd.
P.O. Box 173001
Milwaukee, WI 53217

4.    If you are a Settlement Class Member and you do not timely request exclusion, you will be bound by the terms of any Judgment entered in the Action.

5.    If you are **not** a Settlement Class Member, **do not** submit a Proof of Claim.

6.    **If you need assistance filling out this Proof of Claim, please contact the Settlement Administrator.**

### B. INSTRUCTIONS FOR FILLING OUT THE PROOF OF CLAIM

**Important additional information regarding the Settlement and this Proof of Claim is contained in the accompanying Notice.  Please refer to the proposed Plan of Allocation set forth in the accompanying Notice for a detailed explanation of how an Authorized Claimant's Recognized Loss will be calculated.**

1.    In order to be eligible to participate in the distribution of the Net Settlement Fund, an Authorized Claimant must have purchased Sprint Corporation's ("Sprint") common stock between October 25, 2017 and November 1, 2019, both dates inclusive (the "Settlement Class Period"), and otherwise be a Settlement Class Member as defined in the Notice.

2.    The submission of a Proof of Claim does not ensure that your claim will be upheld or that you will share in any recovery. All claims are subject to verification and investigation.  You may be requested to provide further information.

3.    All claims must be made by persons or entities who were beneficial owners (as opposed to record holders or nominees) of shares of Sprint common stock.  If Sprint common stock was owned jointly, all joint owners must complete and sign the Proof of Claim.

4.    Executors, administrators, guardians, conservators and trustees may complete and sign the Proof of Claim on behalf of persons or entities represented by them, but they must identify such persons or entities and provide proof of their authority (*e.g.*, powers of attorney or currently effective letters testamentary or letters of administration) to do so.

5.    You must file a separate Proof of Claim for each differently named account or ownership, such as an individual account, an IRA account, a joint account, a custodial account, etc.  Joint tenants, co-owners

1

or UGMA custodians should file a single claim. Claimants who file one or more claims (*e.g.*, one in Claimant's name and one for an IRA or joint ownership) must identify the other claims filed.

6.    NOTICE REGARDING ELECTRONIC FILES:   Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may email the Settlement Administrator's electronic filing department at info@sprintsecuritiesclassaction.com.  Any file not submitted in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Settlement Administrator issues an email after processing your file with your claim number(s) and respective account information. Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@sprintsecuritiesclassaction.com to inquire about your file and confirm it was received and acceptable.

7.   There will be no Recognized Loss attributed to any Sprint securities other than common stock.

8.   The date of purchase and/or sale of shares of Sprint common stock is the "trade" date and not the "settlement" date.

9.   The first-in, first-out basis ("FIFO") will be applied to both purchases and sales.

10.  Sprint common stock originally sold short will have no Recognized Loss.

11. Exercise of option contracts or the conversion of preferred stock into common stock will be considered to be purchases or sales of common stock as of the date of the exercise or conversion.  Option premiums and the conversion price for preferred stock will be incorporated into the purchase/sale price of the common stock accordingly.

12. The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Settlement Class Member on equitable grounds.

13. No cash payment will be made on a claim where the potential distribution is less than $20.00.

14. You must attach to your Proof of Claim form **copies** of brokerage confirmations, monthly statements or other documentation of your transactions in Sprint common stock in order for your claim to be valid.  Failure to provide this documentation could delay verification of your claim or could result in rejection of your claim.

If you have any questions or need additional Proofs of Claim, contact the Settlement Administrator via the information set forth in Section A.  You may make photocopies of this form.

*Sprint Securities Litigation*

## **PROOF OF CLAIM**

**Must be received by the Settlement Administrator postmarked no later than _____, 2022.**

### C.  **CLAIMANT IDENTIFICATION**

*Please Type or Print*

_____
Beneficial Owner's Name *(as it appears on your brokerage statement)*

_____
Joint Beneficial Owner's Name *(as it appears on your brokerage statement)*

_____
Street Address

_____          _____          _____
City                                              State                          Zip Code

_____          _____
Foreign Province                                       Foreign Country

_____  **or**  _____
Last Four Digits of Social Security Number          Last Four Digits of Taxpayer Identification
                                                                          Number

Specify one of the following:

Individual(s) \_\_\_\_\_          Corporation \_\_\_\_\_          IRA \_\_\_\_\_          UGMA Custodian \_\_\_\_\_

Partnership \_\_\_\_\_          Estate \_\_\_\_\_          Trust\_\_\_\_\_          Other: _____

_____          _____ (Day) _____          _____
(Evening) Area Code   Telephone Number                Area Code     Telephone Number

_____          _____
Facsimile Number                                       E-Mail Address

_____
Record Owner's Name and Address *(if different from beneficial owner listed above)*

**D.  SCHEDULE OF TRANSACTIONS IN SPRINT COMMON STOCK**

1.    State the total number of Sprint common stock held as of close of trading on October 24, 2017.  If none, write "zero" or "0." _____

2.    Separately list each and every **purchase** of Sprint common stock between October 25, 2017 **through** January 30, 2020, inclusive, and provide the following information *(must be documented)*:

| Trade Date (list chronologically) Month/Day/Year | Number of Shares Purchased | Purchase / Acquisition Price Per Share | Total Amount of Purchase (excluding commissions, taxes and other fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

3.    Separately list each and every **sale** of Sprint common stock between October 25, 2017 through January 30, 2020, inclusive, and provide the following information *(must be documented)*:

| Trade Date (list chronologically) Month/Day/Year | Number of Shares Sold | Sale Price Per Share | Total Amount of Sale (excluding commissions, taxes and other fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

4.    State the **total number** of Sprint common stock owned at the close of trading on January 30, 2020, long or short *(if none, enter "0"; if other than zero, must be documented)*:  _____

   **If you need additional space, attach the required information on separate, numbered sheets in the same format as above and print your name and last four digits of your Social Security or Taxpayer Identification Number at the top of each additional sheet.**

   **YOU MUST ALSO READ THE RELEASE AND SIGN THE CERTIFICATION BELOW.**

### E. **SUBMISSION TO JURISDICTION OF THE COURT**

By submitting this Proof of Claim and Release form, I/we, and every Settlement Class Member I/we represent, submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of this Action and the Settlement of the Action, as reflected in the Stipulation of Settlement.  I/we further agree to be bound by the orders of the Court, agree that this Proof of Claim form, my/our status or the status of the Settlement Class Member(s) I/we represent as a Claimant and the allowable amount of this claim will be subject to review and further inquiry, and that I/we will furnish such additional documentation with respect to this Proof of Claim as may be required.

### F. **RELEASE**

By signing this Proof of Claim and Release form, and in consideration of the establishment of the Net Settlement Fund, as of the Effective Date thereof, the undersigned claimant ("Claimant"), on behalf of Claimant and Claimant's heirs, executors, administrators, personal representatives, attorneys, agents, partners, successors and assigns, and any other person claiming (now or in the future) to have acted through or on behalf of them, hereby release and forever discharge all of the "Released Claims," including "Unknown Claims," against each of the "Released Parties."

"Released Claims" means any and all claims, suits, actions, appeals, causes of action, damages (including, without limitation, compensatory, punitive, exemplary, rescissory, direct, consequential, or special damages, and restitution and disgorgement), demands, rights, debts, penalties, costs, expenses, fees, injunctive relief, attorneys' fees, expert or consulting fees, prejudgment interest, indemnities, duties, liabilities, losses, or obligations of every nature and description whatsoever, including both known and Unknown Claims, whether or not concealed or hidden, fixed or contingent, direct or indirect, anticipated or unanticipated, whether legal, contractual, rescissory, statutory, or equitable in nature, arising under federal, state, local, statutory, or common law, or any other law, rule, or regulation that have been or could have been asserted in any forum by the members of the Settlement Class, or the successors or assigns of any of them, in any capacity arising out of, based upon or related in any way to the purchase, acquisition, sale, or ownership of Sprint securities during the Settlement Class Period, including without limitation any claims that were or could have been asserted in the Amended Complaint or the initial complaint and relate to the purchase of Sprint's common stock during the Settlement Class Period, except for any claims relating to the enforcement of this Settlement.

"Released Parties" means Defendants and each of Sprint's current or former parents, subsidiaries, predecessors, successors, divisions, joint ventures and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, investment bankers, underwriters, insurers, or reinsurers in their capacities as such, as well as each of the immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns of the Individual Defendants other individuals referred to in this paragraph.

"Unknown Claims" shall collectively mean any and all claims, demands, rights, liabilities, and causes of action of every nature and description which Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to object to this Settlement.  With respect to any and all Released Claims, each of the Settlement Class Members shall be deemed to have expressly waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code § 1542, which provides:

A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. Settlement Class Members may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, in each case known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged that the foregoing waiver was separately bargained for and is a key element of the Settlement of which these releases are a part.

Upon the Effective Date, the Settlement Class Members, on behalf of themselves, and to the fullest extent permitted by law, their heirs, executors, administrators, personal representatives, attorneys, agents, partners, successors and assigns, and any other Person claiming (now or in the future) to have acted through or on behalf of them, shall hereby be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever, released, relinquished, settled and discharged the Released Parties from all Released Claims and shall be permanently and forever barred and enjoined from instituting, commencing, or prosecuting, or continuing to prosecute, in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, any Released Claim against any of the Released Parties directly, indirectly or in any other capacity, whether or not such Settlement Class Members execute and deliver a Proof of Claim and Release to the Settlement Administrator.

## G. REPRESENTATIONS

I/we acknowledge that I/we have read the Notice, and that pursuant thereto I/we file this claim to participate in the Settlement.

I/we hereby warrant and represent that neither I/we, nor any person I/we represent, is a Defendant (as defined in the Stipulation of Settlement) with respect to any of the claims asserted in the Action, member of a Defendant's family or their legal representative, heir, successor or assign, an entity in which any Defendant (or a combination of defendants) have or had a controlling interest, or a person or entity who has requested exclusion from the Settlement Class.

I/we hereby warrant and represent that I am/we are authorized to execute and deliver this Proof of Claim and Release form.

I/we also submit to the jurisdiction of the United States District Court for the Southern District of New York, with respect to my/our claim as a Settlement Class Member(s) and for purposes of enforcing the release and covenant not to sue set forth herein. I/we further acknowledge that I am/we are bound by and subject to the terms of any judgment that may be entered in this Action. I/we have not submitted any other claim covering the same purchases or sales of Sprint common stock during the Settlement Class Period and know of no other Person having done so on my/our behalf.

6

## H. <u>CERTIFICATION</u>

I/we certify that I am/we are not subject to backup withholding. **(If you have been notified by the IRS that you are subject to backup withholding, strike out the previous sentence.)**

I/we declare and affirm under penalties of perjury that the foregoing information and the documents attached hereto, including the Social Security or Taxpayer Identification Number shown on this Proof of Claim, are true, correct and complete to the best of my/our knowledge, information and belief, and that this Proof of

Claim was executed this _____day of_____,    2022    in _____. (City) (State/Country)

_____
Signature of Claimant

_____
(Print your name here)

_____
Signature of Joint Claimant, if any

_____
(Print your name here)

_____
Signature of person signing on behalf of Claimant

_____
(Print your name here)

_____
Capacity of person signing on behalf of Claimant, if other than an individual (*e.g.*, Executor, President, Custodian, etc.)

7

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.  THANK YOU FOR YOUR PATIENCE.**

**Reminder Checklist:**

1. Remember to sign the above Release and Certification.

2. Remember to attach only **copies** of acceptable supporting documentation.  Failure to provide all the acceptable documentation and transactions requested may result in the rejection of your claim in part or in full.

3. Do not send originals of securities certificates.

4. Keep copies of the completed claim form and documentation for your own records.

5. The Settlement Administrator will acknowledge the receipt of your Proof of Claim postcard within 60 days of receipt.  If you do not receive such acknowledgement within 60 days, please contact the Settlement Administrator.  Your claim is not deemed filed unless a postcard is received.

6. If your address changes in the future, or if these documents were sent to an old or incorrect address, please send us **written** notification of your new address.

7. If you have any questions or concerns regarding your claim, please contact the Settlement Administrator at: Sprint Securities Litigation Settlement Administrator, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217, www.sprintsecuritiesclassaction.com