# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ISAAC SOLOMON and FRANCINE CANION, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPRINT CORPORATION, MICHEL COMBES, ANDREW DAVIES, MARCELO CLAURE and TAREK ROBBIATI<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**Civil Action No. 1:19-cv-05272-MKV**

**DECLARATION OF ERIC NORDSKOG ON BEHALF OF A.B. DATA, LTD. REGARDING NOTICE ADMINISTRATION**

I, Eric Nordskog, declare as follows:

1.      I am a Senior Project Manager with A.B. Data, Ltd. ("A.B. Data"), whose Corporate Office is located in Milwaukee, Wisconsin. Pursuant to the Court's April 11, 2023, Preliminary Approval Order, A.B. Data was appointed as Settlement Administrator in connection with the above-captioned action (the "Action")[1]. I am over 21 years of age and am not a party to the Action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

**DIRECT MAIL NOTICE**

2.      Pursuant to the Preliminary Approval Order, A.B. Data was responsible for mailing the Notice of Pendency and Settlement of Class Action (the "Notice") and Proof of Claim and Release Form (the "Claim Form" and, collectively with the Notice, the "Notice Packet") to those members of the Settlement Class who hold (or held) their eligible securities directly and are listed in the records of Sprint's transfer agent with respect to such holdings. A copy of the Notice Packet is

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation of Settlement dated September 12, 2022 (the "Stipulation"). ECF No. 83-2.

attached hereto as Exhibit A.

3.      On April 11, 2023, A.B. Data received a data file produced by Sprint's transfer agent containing the names and addresses of 19,675 potential Settlement Class Members. Upon receipt, the data was electronically processed by A.B. Data to ensure adequate address formatting and the elimination of duplicate names and addresses, resulting in 19,446 (the "Initial Mailing List") distinct records for mailing. A.B. Data standardized and updated the Initial Mailing List addresses using NCOALink®, a national database of address changes that is compiled by the United States Postal Service (the "USPS"), and on May 11, 2023, A.B. Data caused Notice Packets to be sent by First-Class Mail to these 19,446 potential Settlement Class Members.

4.      As in most class actions of this nature, the large majority of potential Settlement Class Members are beneficial purchasers whose securities are held in "street name" – *i.e.*, the securities are purchased by brokerage firms, banks, institutions, and other third-party nominees in the names of the respective nominees, on behalf of the beneficial purchasers. A.B. Data maintains a proprietary database with names and addresses of the largest and most common banks, brokers, and other nominees (the "Record Holder Mailing Database"). A.B. Data's Record Holder Mailing Database is updated from time to time as new nominees are identified and others go out of business. At the time of the initial mailing, the Record Holder Mailing Database contained 4,972 mailing records. On May 11, 2023, A.B. Data caused the Notice Packet to be sent by First-Class Mail to the 4,972 addresses whose mailing records were contained in the Record Holder Mailing Database.

5.      A.B. Data has also mailed 2 Notice Packets at the request of potential Settlement Class Members.

6.      Therefore, as of the date of this Declaration, A.B. Data has mailed 24,420 Notice Packets directly to potential Settlement Class Members.

## MEDIA NOTICE

7.      For those Settlement Class Members whose information was not available through Sprint's transfer agent, notice was disseminated through a comprehensive media plan. In accordance with Paragraph 7(b) of the Preliminary Approval Order, A.B. Data utilized paid, digital, and earned media to reach Settlement Class Members as set forth below.

8.      Pursuant to Paragraph 7(d) of the Preliminary Approval Order, A.B. Data was required to cause the Summary Notice to be published once in the national edition of *PR Newswire* within ten calendar days after the Notice Date. On May 19, 2023, A.B. Data caused the Summary Notice to be disseminated over *PR Newswire*. A copy of the dissemination over *PR Newswire* is attached as Exhibit B.

9.      Starting on or about May 11, 2023, A.B. Data began running a 30-day digital media campaign publicizing the Settlement, which resulted in at least 137 million impressions among the targeted audience. Banner ads were delivered to targeted financial websites such as marketwatch.com, cnbc.com, finance.yahoo.com, and many others.  Banner advertisements were placed in premium positioning on multiple devices, including desktop, tablet, and mobile devices. Viewers were able to click on the banner advertisement and instantly be directed to the case-specific settlement website.  Copies of the banner advertisements are attached hereto as Exhibit C.

10.     On or about May 11, 2023, A.B. Data began utilizing microtargeting strategies on social media (LinkedIn and Twitter) to identify and engage potential Settlement Class Members. A sample copy of the newsfeed advertisement used as part of the microtargeting strategies is attached hereto as Exhibit D.

**TELEPHONE HELPLINE**

11.    On or about May 11, 2023, A.B. Data established and continues to maintain a case-specific, toll-free telephone helpline, 1-877-390-3469, with an interactive voice response system and live operators, to accommodate potential Settlement Class Members with questions about the Action and the Settlement. The automated attendant answers the calls and presents callers with a series of choices to respond to basic questions. Callers requiring further help have had the option to be transferred to a live operator during business hours.

**WEBSITE**

12.    On or about May 11, 2023, A.B. Data established and continues to maintain a website dedicated to the Settlement, www.SprintSecuritiesClassAction.com, to assist potential Settlement Class Members. The website includes information regarding the Action and the proposed Settlement, including the exclusion, objection, and claim filing deadlines, and the date, time, and location of the Court's Settlement Hearing. Copies of the Notice, Claim Form, Stipulation of Settlement, and Preliminary Approval Order are posted on the website and are available for downloading.

**REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS**

13.    The Notice informed potential Settlement Class Members that requests for exclusion from the Settlement Class are to be mailed to the Settlement Administrator postmarked no later than July 25, 2023. The Notice also set forth the information that was required to be included in each request for exclusion. As of the date of this Declaration, A.B. Data has received one (1) request for exclusion. A.B. Data will submit a supplemental declaration after the deadline addressing any additional requests for exclusion received.

14.     According to the Notice, Settlement Class Members seeking to object to the Settlement, proposed Plan of Allocation of the Net Settlement Fund, and/or Lead Counsel's Fee and Expense Application are required to submit their objection in writing such that the request is received by the Parties and filed with the Court no later than July 25, 2023.  As of the date of this Declaration, A.B. Data has not received any objections.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 12th day of July, 2023.

_____

Eric Nordskog

5

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ISAAC SOLOMON and FRANCINE CANION, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPRINT CORPORATION, MICHEL COMBES, ANDREW DAVIES, MARCELO CLAURE and TAREK ROBBIATI<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) **Civil Action No. 1:19-cv-05272-MKV**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

<u>**NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION**</u>

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY**
**YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION**

**TO:** All individuals and entities who purchased or otherwise acquired Sprint common stock between October 25, 2017 and November 1, 2019, both dates inclusive, and who were damaged thereby.

**Excluded from the Settlement Class are (i) Defendants; (ii) the parent entity, officers and directors of the Company, at all relevant times; (iii) members of the immediate families of such officers and directors of the Company, and their legal representatives, heirs, successors or assigns; and (iv) any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class is any Settlement Class Member that validly and timely requests exclusion in accordance with the requirements set by the Court.**

**CLASS RECOVERY:** This Notice has been sent to you pursuant to an Order of the United States District Court for the Southern District of New York (the "Court") in the above-captioned action (the "Action"). One of the purposes of this Notice is to inform you of the proposed Settlement of the Action for $3,750,000.

**POTENTIAL OUTCOME OF THE CASE:** Lead Counsel recognizes the expense, risks, and uncertain outcome of any litigation and subsequent appeals, especially in a complex action such as this with its inherent difficulties and delays. The Parties vigorously disagree on both liability and damages, and do not agree on the average amount of damages per share that would be recoverable if Plaintiffs prevailed on each claim alleged. No trial has taken place, and no trier of fact has ruled on any claim or defense in this Action. The Defendants continue to deny that they are liable and deny that Plaintiffs or the Settlement Class have suffered any damages, and the Settlement is not any admission of wrongdoing or liability.

**REASONS FOR SETTLEMENT:** Plaintiffs believe that the proposed Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. Plaintiffs and their counsel ("Lead Counsel") have reached this conclusion after investigating and considering, among other things, the amount of the Settlement, the strengths and weaknesses of the claims against Defendants, the uncertainties of trial and appeal, and the concrete benefits provided by the Settlement to the members of the Settlement Class. The Settlement was entered into after arms' length mediation proceedings. Without admitting any wrongdoing or liability, Defendants are willing to settle to avoid the continuing burden, expense, inconvenience and distraction of continued litigation.

**ATTORNEYS FEES AND COSTS SOUGHT:** Lead Counsel have not received any payment for their services in conducting this litigation on behalf of Plaintiffs and the members of the Settlement Class, nor have they been reimbursed for their out-of-pocket expenditures. If the Settlement is approved by the Court, Lead Counsel will collectively apply to the Court for attorneys' fees not to exceed 33 1/3% of the Settlement Amount, and reimbursement of expenses not to exceed $140,000. In addition, a reimbursement award for the time and expenses incurred by Plaintiffs will be sought, not to exceed $5,000. If these amounts are requested and awarded, Plaintiffs estimate that they would total $.004375 per share.

**IDENTIFICATION OF LEAD COUNSEL:** Requests for further information may be directed to Lead Counsel: Omar Jafri, Pomerantz LLP, 10 South LaSalle Street, Suite 3505, Chicago, IL 60603, Telephone: (312) 377-1181.

**DEFINITIONS:** All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation of Settlement, dated September 12, 2022 (the "Stipulation").

## I. <u>THE CLASS INVOLVED IN THE PROPOSED SETTLEMENT</u>

The proposed Settlement affects the rights of the members of the Settlement Class. The Settlement Class consists of:

All individuals and entities who purchased or otherwise acquired Sprint common stock between October 25, 2017 and November 1, 2019, both dates inclusive, and who were damaged thereby.

Excluded from the Settlement Class are (i) Defendants; (ii) the parent entity, officers and directors of the Company, at all relevant times; (iii) members of the immediate families of such officers and directors of the Company, and their legal representatives, heirs, successors or assigns; and (iv) any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class is any Settlement Class Member that validly and timely requests exclusion in accordance with the requirements set by the Court.

***The sending of this Notice should not be construed as any indication of the Court's view as to the merits of any claims or defenses asserted by any Party to this Action.***

## II. <u>DESCRIPTION OF THE ACTION</u>

### Summary of the Action

On June 5, 2019, Plaintiff Isaac Solomon filed a class action complaint against Defendants Sprint Corporation, Michel Combes and Andrew Davies alleging violations of the federal securities laws in the United States District Court for the Southern District of New York (the "Court"). On May 13, 2020 the Court granted Plaintiff Solomon's motion to be appointed as Lead Plaintiff and to approve Plaintiff's selection of Pomerantz LLP as Lead Counsel.

On July 31, 2020, Lead Plaintiff Solomon and additional Plaintiff Francine Canion ("Plaintiffs") filed their Amended Complaint against Sprint Corporation, Michel Combes, Andrew Davies, Marcelo Claure and Tarek Robbiati ("Complaint"). The Complaint alleged violations of the Securities Exchange Act of 1934 for false and misleading statements made to the public concerning the growth in Sprint's postpaid net additions, Sprint's Lifeline program, and the Company's revenues and internal controls.

On March 25, 2022, the Court denied Defendants' motion to dismiss the Complaint in part and granted it in part. The Court found that Plaintiffs had stated a claim for violations of the securities laws in connection with Sprint's statements related to postpaid net additions, but that Plaintiffs did not adequately allege scienter for the statements related to Sprint's Lifeline program and its revenue figures and internal controls.

On June 17, 2022, Plaintiffs moved to amend the Complaint with additional allegations regarding statements related to Sprint's Lifeline program, including related revenue figures and internal controls. On July 19, 2022, the Court denied Plaintiffs' motion to amend.

### The Proposed Settlement and Evaluation by Lead Counsel

On July 21, 2022, the Parties participated in an extended mediation session conducted by Jed Melnick, Esq. At the close of the mediation, the mediator made a proposal to all Parties to settle this Action for the Settlement Amount, which the Parties accepted.

Lead Counsel continues to believe that the claims against the Defendants in this Action have merit and that the evidence would support their claims at trial. However, they acknowledge the expense and length of continued proceedings, trial, and appeals, and have considered the uncertain outcome and the risk of any litigation, especially complex actions like this. They are also mindful of the defenses asserted by Defendants, and the risks inherent to certifying a class action. Lead Counsel believes that the Settlement set forth in the Stipulation confers a meaningful benefit upon the Settlement Class, and based on the evaluation and recommendation of Lead Counsel, Plaintiffs have determined that the Settlement is in the best interests of the Settlement Class.

### The Release

In return for the payment of the Settlement Fund, Settlement Class Members who do not file for exclusion from the Settlement Class will release, discharge and dismiss with prejudice all Released Claims as against each and all of the Released Parties, without costs to any party except as provided herein, upon the Effective Date. Plaintiffs and all Settlement Class Members, whether or not any such Person submits a Proof of Claim and Release or shares in the Net Settlement Fund, on behalf of themselves and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees and administrators, will be deemed by this Settlement on the Effective Date to release and forever discharge the Released Parties from any and all of the Released Claims.

On the Effective Date, all Settlement Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceedings in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Parties.

### III. PROPOSED PLAN OF ALLOCATION

The $3,750,000 Settlement Amount, together with any interest earned thereon and/or proceeds thereof shall be the Gross Settlement Fund. The Gross Settlement Fund less taxes, approved costs, fees and expenses (the "Net Settlement Fund") shall be distributed to members of the Settlement Class who submit valid Proofs of Claim ("Authorized Claimants").

The Settlement Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Loss." The Recognized Loss formula is not intended to be an estimate of the amount of what a Settlement Class Member lost or might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is simply the basis upon which the Net Settlement Fund will be proportionately allocated to Authorized Claimants.

The proposed Plan of Allocation incorporates the damage limitation under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(e), as well as the principles articulated by the Supreme Court in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005). For purposes of this Settlement, Recognized Loss shall be calculated as follows:

1. There is no Recognized Loss for any shares purchased before October 25, 2017.

2. For shares purchased on or between August 1, 2018 and April 16, 2019, and

   (a) sold on or before April 16, 2019, the Recognized Loss per share is $0.00.

   (b) sold on or between April 17, 2019 and July 15, 2019, the Recognized Loss per share is the lesser of:

      i. $0.34; or

      ii. the purchase price minus the sale price (excluding all fees, taxes, and commissions). If this calculation results in a negative number, then the Recognized Loss is $0; or

      iii. the purchase price minus the "90-Day Lookback Value" on the date of sale/disposition provided in Table 1 below. If this calculation results in a negative number, then the Recognized Loss per share is $0.

   (c) that were still held as of the close of trading on July 15, 2019, the Recognized Loss per share is the lesser of

      i. $0.34; or

      ii. the purchase price (excluding all fees, taxes, and commissions) minus the average closing price of the shares during the 90-day period starting April 17, 2019, which is $6.53. If this calculation results in a negative number, then the Recognized Loss per share is $0.

---

| Table 1 | | | | | |
| 90-Day Lookback Values Starting April 17, 2019 | | | | | |
| Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value |
|---|---|---|---|---|---|
| 4/17/2019 | $5.64 | 5/17/2019 | $5.79 | 6/18/2019 | $6.37 |
| 4/18/2019 | $5.71 | 5/20/2019 | $5.86 | 6/19/2019 | $6.39 |
| 4/22/2019 | $5.76 | 5/21/2019 | $5.91 | 6/20/2019 | $6.41 |
| 4/23/2019 | $5.75 | 5/22/2019 | $5.94 | 6/21/2019 | $6.42 |
| 4/24/2019 | $5.72 | 5/23/2019 | $5.98 | 6/24/2019 | $6.43 |
| 4/25/2019 | $5.71 | 5/24/2019 | $6.03 | 6/25/2019 | $6.44 |
| 4/26/2019 | $5.68 | 5/28/2019 | $6.06 | 6/26/2019 | $6.44 |
| 4/29/2019 | $5.66 | 5/29/2019 | $6.08 | 6/27/2019 | $6.45 |
| 4/30/2019 | $5.65 | 5/30/2019 | $6.12 | 6/28/2019 | $6.45 |
| 5/1/2019 | $5.65 | 5/31/2019 | $6.14 | 7/1/2019 | $6.45 |
| 5/2/2019 | $5.63 | 6/3/2019 | $6.16 | 7/2/2019 | $6.46 |
| 5/3/2019 | $5.64 | 6/4/2019 | $6.19 | 7/3/2019 | $6.47 |
| 5/6/2019 | $5.65 | 6/5/2019 | $6.21 | 7/5/2019 | $6.48 |
| 5/7/2019 | $5.66 | 6/6/2019 | $6.24 | 7/8/2019 | $6.49 |
| 5/8/2019 | $5.66 | 6/7/2019 | $6.26 | 7/9/2019 | $6.49 |
| 5/9/2019 | $5.68 | 6/10/2019 | $6.28 | 7/10/2019 | $6.50 |
| 5/10/2019 | $5.71 | 6/11/2019 | $6.29 | 7/11/2019 | $6.51 |
| 5/13/2019 | $5.73 | 6/12/2019 | $6.30 | 7/12/2019 | $6.52 |
| 5/14/2019 | $5.74 | 6/13/2019 | $6.31 | 7/15/2019 | $6.53 |
| 5/15/2019 | $5.76 | 6/14/2019 | $6.33 | -- | -- |
| 5/16/2019 | $5.77 | 6/17/2019 | $6.35 | -- | -- |

3.      For shares purchased on or between October 25, 2017 and November 1, 2019, except for shares purchased between August 1, 2018 and April 16, 2019, and

(a)    sold on or before November 1, 2019, the Recognized Loss per share is $0.00.

(b)    sold on or between November 4, 2019 and January 30, 2020, the Recognized Loss per share is the lesser of:

i.      $0.05[1]; or

ii.     the purchase price minus the sale price (excluding all fees, taxes, and commissions).  If this calculation results in a negative number, then the Recognized Loss is $0; or

iii.    the purchase price minus the "90-Day Lookback Value" on the date of sale/disposition provided in Table 2 below.  If this calculation results in a negative number, then the Recognized Loss per share is $0.

(c)    that were still held as of the close of trading on January 30, 2020, the Recognized Loss per share is the lesser of

i.      $0.05; or

ii.     the purchase price (excluding all fees, taxes, and commissions) minus the average closing price of the shares during the 90-day period starting November 4, 2019, which is $5.38.  If this calculation results in a negative number, then the Recognized Loss per share is $0.

---

[1] The Plan of Allocation acknowledges that the Court has dismissed all statements made during the Settlement Class Period that relate to Sprint's revenue figures and internal controls for lack of scienter.  For that reason, and because purchasers who suffered a loss in November 2019 will nonetheless be bound by the releases of this Settlement, a nominal inflation of $0.05 has been assigned for these Recognized Losses.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| **90-Day Lookback Values Starting November 4, 2019** | | | | | |
| **Sale/ Disposition Date** | **90-Day Lookback Value** | **Sale/ Disposition Date** | **90-Day Lookback Value** | **Sale/ Disposition Date** | **90-Day Lookback Value** |
| 11/4/2019 | $6.15 | 12/3/2019 | $5.91 | 1/2/2020 | $5.61 |
| 11/5/2019 | $6.15 | 12/4/2019 | $5.90 | 1/3/2020 | $5.60 |
| 11/6/2019 | $6.15 | 12/5/2019 | $5.87 | 1/6/2020 | $5.59 |
| 11/7/2019 | $6.16 | 12/6/2019 | $5.86 | 1/7/2020 | $5.58 |
| 11/8/2019 | $6.15 | 12/9/2019 | $5.84 | 1/8/2020 | $5.57 |
| 11/11/2019 | $6.11 | 12/10/2019 | $5.82 | 1/9/2020 | $5.56 |
| 11/12/2019 | $6.07 | 12/11/2019 | $5.80 | 1/10/2020 | $5.54 |
| 11/13/2019 | $6.07 | 12/12/2019 | $5.78 | 1/13/2020 | $5.53 |
| 11/14/2019 | $6.05 | 12/13/2019 | $5.76 | 1/14/2020 | $5.51 |
| 11/15/2019 | $6.03 | 12/16/2019 | $5.74 | 1/15/2020 | $5.50 |
| 11/18/2019 | $6.01 | 12/17/2019 | $5.72 | 1/16/2020 | $5.49 |
| 11/19/2019 | $5.99 | 12/18/2019 | $5.71 | 1/17/2020 | $5.48 |
| 11/20/2019 | $5.96 | 12/19/2019 | $5.70 | 1/21/2020 | $5.47 |
| 11/21/2019 | $5.94 | 12/20/2019 | $5.69 | 1/22/2020 | $5.46 |
| 11/22/2019 | $5.93 | 12/23/2019 | $5.67 | 1/23/2020 | $5.45 |
| 11/25/2019 | $5.93 | 12/24/2019 | $5.66 | 1/24/2020 | $5.44 |
| 11/26/2019 | $5.93 | 12/26/2019 | $5.65 | 1/27/2020 | $5.43 |
| 11/27/2019 | $5.93 | 12/27/2019 | $5.64 | 1/28/2020 | $5.41 |
| 11/29/2019 | $5.93 | 12/30/2019 | $5.63 | 1/29/2020 | $5.40 |
| 12/2/2019 | $5.92 | 12/31/2019 | $5.62 | 1/30/2020 | $5.38 |

**General Provisions:**

1. There shall be no Recognized Loss for any Sprint securities other than common stock.

2. The "trade" date and not the "settlement" date shall be considered the date of purchase or sale.

3. A claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts.

The Net Settlement Fund will be distributed to authorized claimants on a pro rata basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all authorized claimants, multiplied by the total amount in the Net Settlement Fund.

4. For Settlement Class Members who held Sprint common stock at the beginning of the Class Period or made multiple purchases or sales during the Settlement Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases and sales for purposes of calculating a claim. Under the FIFO method, sales of Sprint common stock during the Settlement Class Period will be matched, in chronological order, first against Sprint common stock held at the beginning of the Settlement Class Period. The remaining sales of Sprint common stock in the Settlement Class Period will then be matched, in chronological order, against Sprint common stock purchased during the Settlement Class Period.

5. Common stock originally sold short will have no Recognized Loss.

6. Exercise of option contracts or the conversion of preferred stock into common stock will be considered to be purchases or sales of common stock as of the date of the exercise or conversion. Option premiums and the conversion price for preferred stock will be incorporated into the purchase/sale price of the common stock accordingly.

7. No cash payment will be made on a claim where the potential distribution amount is less than $20. Please be advised that if you do not opt out of the Settlement you will be bound by all determinations and judgments of the Court in connection with the Settlement, including being barred from asserting any of the Released Claims against the Released Parties, whether or not you are entitled to a cash payment.

8. The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Settlement Class Member on equitable grounds.

9. The receipt or grant by gift, inheritance or operation of law of Sprint common stock during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of Sprint common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any Sprint common stock unless (i) the donor or decedent purchased or otherwise acquired such Sprint common stock during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Sprint common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

10. No person shall have any claim against Lead Counsel, the Settlement Administrator or other agent designated by Lead Counsel, or any Defendant or any Defendants' Counsel based on the distribution made substantially in accordance with the Stipulation and this Plan of Allocation, or further orders of the Court.

11. Settlement Class Members who do not submit valid Proofs of Claim will not share in the Settlement proceeds. Settlement Class Members who do not either submit a Request for Exclusion or submit a valid Proof of Claim will nevertheless be bound by the Settlement and the Final Order and Judgment of the Court dismissing this Action.

## IV. <u>REQUESTING EXCLUSION FROM THE SETTLEMENT CLASS</u>

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOU MAY BE ELIGIBLE
TO SHARE IN THE BENEFITS OF THIS SETTLEMENT AND WILL BE BOUND BY ITS
TERMS UNLESS YOU EXCLUDE YOURSELF FROM THE SETTLEMENT.**

Each member of the Settlement Class shall be bound by all determinations and judgments of the Court in connection with the Settlement, whether favorable or unfavorable, unless such Settlement Class Member shall mail, by first class mail, sufficient postage prepaid, a written request for exclusion from the Settlement Class, **postmarked no later than July 25, 2023,** addressed to the Settlement Administrator at: c/o A.B. Data, Ltd., P.O. Box 173094, Milwaukee, WI 53217. Such request for exclusion shall be in a form that sufficiently identifies (1) the name, address, and telephone number of the person(s) or entity seeking exclusion, and (2) a list of all transaction(s) involving Sprint common stock during the period October 25, 2017 through November 1, 2019, including the number of shares of common stock, principal amount and trade date of each purchase and sale. A request for exclusion shall not be effective unless submitted within the time and in the form and manner provided for herein. **You cannot exclude yourself by telephone, email or fax.**

**If you are a Settlement Class Member and duly request to be excluded from the Settlement Class, you will not be bound by any orders or judgments entered in respect of the Settlement and shall not be entitled to receive any benefits provided by the Settlement in the event it is finally approved by the Court.**

If a judgment approving the Settlement provided for in the Stipulation is finally entered, all Settlement Class Members that have not requested exclusion shall conclusively be deemed to have released and shall thereafter be barred from asserting any of the Released Claims against the Released Parties.

## V. <u>STATEMENT OF ATTORNEYS' FEES AND COSTS SOUGHT</u>

If the proposed Settlement is approved, Lead Counsel intends to apply to the Court for an award from the Gross Settlement Fund of attorneys' fees not to exceed 33 1/3 percent of the Settlement Amount, plus interest, and reimbursement for the reasonable expenses actually incurred in prosecuting the Action not to exceed $140,000. Lead Counsel believes these requests to be fair and reasonable. Lead Counsel has litigated this Action on a wholly contingent basis and has received no compensation during the period the case has been pending, while expending considerable time and expense, and risking considerable financial losses.

In addition, Lead Counsel intends to apply to the Court for a reimbursement award from the Gross Settlement Fund to Plaintiffs for their reasonable time and expenses directly relating to the representation of the Settlement Class, in an amount not to exceed $5,000.

## VI. <u>THE FINAL APPROVAL HEARING</u>

The Final Approval Hearing will be held before the Honorable Mary Kay Vyskocil on August 8, 2023, in Courtroom 18C of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007, to determine, among other things: (1) whether the proposed Settlement of the Settlement Class's claims against the Defendants for $3,750,000 should be approved as fair, reasonable and adequate; (2) whether the proposed Plan of Allocation should be approved as fair, reasonable, and adequate; (3) whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Action; (4) whether the Action should be dismissed with prejudice against the Defendants as set forth in the Stipulation of Settlement filed with the Court; (5) whether the application by Plaintiffs' Counsel for an award of attorneys' fees and expenses should be approved; and (6) whether the application for a reimbursement award to Plaintiffs should be granted. At the Court's discretion, the Final Approval Hearing may be telephonic, in which case call-in details will be displayed by the Settlement Administrator at its website: www.SprintSecuritiesClassAction.com.

***The Final Approval Hearing may be adjourned or continued by the Court without further notice other than an announcement at such hearing or on the Court's PACER website.***

Any Settlement Class Member who does not timely and validly request exclusion from the Settlement Class and who objects to the Settlement, the adequacy of the representation provided by Plaintiffs and Lead Counsel, the proposed Plan of Allocation of the Net Settlement Fund, the Final Order and Judgment contemplated by the Stipulation, the application for attorneys' fees and expenses, or a reimbursement award to the Plaintiffs, or who otherwise wishes to be heard with respect to any of the foregoing, may appear in person or by attorney at the Final Approval Hearing, at his or her own expense, and present any evidence or argument that may be proper and relevant. However, no person shall be heard, and no papers, briefs, pleadings or other documents submitted by any such person shall be considered by the Court unless, no later than July 25, 2023,  (1) a notice of the person's intention to appear, containing such person's name, address, telephone number, and signature, (2) a statement of such person's objections to any matter before the Court, (3) all grounds for such objections or the reason for such person's request to appear and to be heard, including any legal support known to such person or their counsel, together with any documents that may be presented at the Final Approval Hearing; (4) a list of all transaction(s) involving Sprint common stock from October 25, 2017 to November 1, 2019, inclusive, including the number of shares of common stock, principal amount and trade date of each purchase and sale; (5) brokerage statements and/or confirmation slips sufficient to establish that such person is a member of the Settlement Class, (6) the name, address, and telephone number of all counsel, if any, who represent such person, including former or current counsel who may be entitled to compensation in connection with the objection; and (7) the number of times such person and/or their counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case, shall be filed by such person with the Clerk of the Court, and, on or before such filing, shall be delivered by hand, overnight mail or by certified mail, return-receipt requested, sufficient postage prepaid, upon each of the following counsel of record:

| Lead Counsel | Defendants' Counsel |
|---|---|
| Omar Jafri | Scott D. Musoff |
| POMERANTZ LLP | SKADDEN, ARPS, SLATE, |
| 10 South LaSalle Street | MEAGHER & FLOM LLP |
| Suite 3505 | One Manhattan West |
| Chicago, IL 60603 | New York, NY 10001 |

Any person or entity who fails to object in the manner prescribed in the paragraph immediately above shall be deemed to have waived any objections that person may have and shall be barred from raising such objections in this or any other action or proceeding. Objections directed solely to the proposed Plan of Allocation, attorneys' fees and expenses, or a reimbursement award to the Plaintiffs will not affect the finality of either the Settlement or the Judgment to be entered thereon, if the Settlement is approved by the Court.

Any person or entity who objects to either the Settlement, the proposed Plan of Allocation, or the award of attorneys' fees and expenses or a reimbursement award to the Plaintiffs subjects to the jurisdiction of the District Court in this matter and consents to being deposed in their district of residence and producing in advance of a deposition any responsive documents to a discovery request prior to the Final Approval Hearing.

Attendance at the Final Approval Hearing is not necessary.  Objectors wishing to be heard orally at the Final Approval Hearing must indicate in their written objection that they intend to appear at the Final Approval Hearing and identify any exhibits they intend to introduce into evidence and any witnesses they may call to testify at the Final Approval Hearing.

All members of the Settlement Class who do not request exclusion therefrom, in the manner provided herein, will be represented by Lead Counsel in connection with the Settlement, but may, if they so desire, also enter an appearance through counsel of their own choice and at their own expense.

## VII. **PROOF OF CLAIM AND RELEASE FORM**

***To be eligible to receive a cash distribution from the Net Settlement Fund, you must timely complete, sign and file a Proof of Claim and Release Form ("Proof of Claim").***  A Proof of Claim is annexed to this Notice.  You may receive more than one copy of this Notice and the Proof of Claim, but you should **submit only one Proof of Claim** for each differently named account or ownership, such as an individual account, an IRA account, a joint account, a custodial account, etc.

The Proof of Claim (1) **must** be completed in accordance with the Instructions on the Proof of Claim, (2) **must** enclose all documentation required by the Instructions, and (3) **must** be filed with the Settlement Administrator **postmarked on or before July 25, 2023** at the following address:

Sprint Securities Litigation
Settlement Administrator
c/o A.B. Data, Ltd.
P.O. Box 173094
Milwaukee, WI 53217

A Proof of Claim will be deemed filed when mailed via first-class mail, sufficient postage prepaid.

Members of the Settlement Class who do not exclude themselves from the Settlement Class and who fail to submit a valid and timely Proof of Claim will nevertheless be bound by the Settlement if finally approved, and all orders and judgments entered by the Court in connection therewith.

By Order of the Court, the Proof of Claim provides for and requires a Release of all Released Claims as described in Section II, above, by all members of the Settlement Class who file Proofs of Claim. The Release will become effective on the Effective Date of the Settlement.

Each person or entity submitting a Proof of Claim thereby submits to the jurisdiction of the Court for purposes of the litigation, the Settlement and any proceedings relating to such Proof of Claim, and agrees that such a filed Proof of Claim will be subject to review and further inquiry as to such person's or entity's status as a member of the Settlement Class and the allowable amount of the claim.

If you would like acknowledgement of the receipt of your Proof of Claim by the Settlement Administrator, please send it by certified mail, return receipt requested, or its equivalent. ***No other formal acknowledgment will be provided, and you will bear all risks of delay or non-delivery of your claim.***

## VIII. <u>EXAMINATION OF PAPERS AND INQUIRIES</u>

For further information about the Action, you may contact the Settlement Administrator at its website, www.SprintSecuritiesClassAction.com, or by email at: info@SprintSecuritiesClassAction.com or may contact Lead Counsel at the address listed above, or consult the pleadings and other papers filed in the Action at the Office of the Clerk of the United States District Court for the Southern District of New York, the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007, during normal business hours of each business day. If you have an account with PACER, you may consult the pleadings and other papers via Electronic Case Filing at the website of the Southern District of New York: https://ecf.nysd.uscourts.gov/.

If you have any questions concerning this case or your membership in the Settlement Class, please contact the Settlement Administrator: Sprint Securities Litigation Settlement Administrator, c/o A.B. Data, Ltd., P.O. Box 173094, Milwaukee, WI 53217, www.SprintSecuritiesClassAction.com

**INQUIRIES <u>SHOULD NOT</u> BE DIRECTED TO THE COURT,
THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL.**

Dated: May 11, 2023

By Order of the Court
United States District Court
Southern District of New York

<u>**PROOF OF CLAIM AND RELEASE FORM**</u>

**A.** <u>**GENERAL INSTRUCTIONS & INFORMATION**</u>

1.     You are urged to read carefully the accompanying Notice of Pendency and Settlement of Class Action (the "Notice").  All capitalized terms used herein not otherwise defined herein shall have the same meaning as defined in the Notice.

2.     To file a claim and recover under the Settlement of this Action, you must submit this Proof of Claim and Release form (the "Proof of Claim").  However, such filing is not a guarantee that you will share in the proceeds of the Settlement in the Action.

3.     **You must mail your completed and signed Proof of Claim postmarked on or before July 25, 2023, addressed to the Settlement Administrator at:**

Sprint Securities Litigation
Settlement Administrator
c/o A.B. Data, Ltd.
P.O. Box 173094
Milwaukee, WI 53217

4.     If you are a Settlement Class Member and you do not timely request exclusion, you will be bound by the terms of any Judgment entered in the Action.

5.     If you are **not** a Settlement Class Member, **do not** submit a Proof of Claim.

6.     **If you need assistance filling out this Proof of Claim, please contact the Settlement Administrator.**

**B.** <u>**INSTRUCTIONS FOR FILLING OUT THE PROOF OF CLAIM**</u>

**Important additional information regarding the Settlement and this Proof of Claim is contained in the accompanying Notice.  Please refer to the proposed Plan of Allocation set forth in the accompanying Notice for a detailed explanation of how an Authorized Claimant's Recognized Loss will be calculated.**

1.     In order to be eligible to participate in the distribution of the Net Settlement Fund, an Authorized Claimant must have purchased Sprint Corporation's ("Sprint") common stock between October 25, 2017 and November 1, 2019, both dates inclusive (the "Settlement Class Period"), and otherwise be a Settlement Class Member as defined in the Notice.

2.     The submission of a Proof of Claim does not ensure that your claim will be upheld or that you will share in any recovery. All claims are subject to verification and investigation.  You may be requested to provide further information.

3.     All claims must be made by persons or entities who were beneficial owners (as opposed to record holders or nominees) of shares of Sprint common stock.  If Sprint common stock was owned jointly, all joint owners must complete and sign the Proof of Claim.

4.     Executors, administrators, guardians, conservators and trustees may complete and sign the Proof of Claim on behalf of persons or entities represented by them, but they must identify such persons or entities and provide proof of their authority (*e.g.*, powers of attorney or currently effective letters testamentary or letters of administration) to do so.

5.     You must file a separate Proof of Claim for each differently named account or ownership, such as an individual account, an IRA account, a joint account, a custodial account, etc.  Joint tenants, co-owners or UGMA custodians should file a single claim. Claimants who file one or more claims (*e.g.*, one in Claimant's name and one for an IRA or joint ownership) must identify the other claims filed.

6.     NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may email the Settlement Administrator's electronic filing department at info@SprintSecuritiesClassAction.com.  Any file not submitted in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Settlement Administrator issues an email after processing your file with your claim number(s) and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should

contact the electronic filing department at info@sprintsecuritiesclassaction.com to inquire about your file and confirm it was received and acceptable.

7.   There will be no Recognized Loss attributed to any Sprint securities other than common stock.

8.   The date of purchase and/or sale of shares of Sprint common stock is the "trade" date and not the "settlement" date.

9.   The first-in, first-out basis ("FIFO") will be applied to both purchases and sales.

10.  Sprint common stock originally sold short will have no Recognized Loss.

11.  Exercise of option contracts or the conversion of preferred stock into common stock will be considered to be purchases or sales of common stock as of the date of the exercise or conversion.  Option premiums and the conversion price for preferred stock will be incorporated into the purchase/sale price of the common stock accordingly.

12.  The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Settlement Class Member on equitable grounds.

13.  No cash payment will be made on a claim where the potential distribution is less than $20.00.

14.  You must attach to your Proof of Claim form **copies** of brokerage confirmations, monthly statements or other documentation of your transactions in Sprint common stock in order for your claim to be valid.  Failure to provide this documentation could delay verification of your claim or could result in rejection of your claim.

If you have any questions or need additional Proofs of Claim, contact the Settlement Administrator via the information set forth in Section A.  You may make photocopies of this form.

*Sprint Securities Litigation*

## PROOF OF CLAIM

**Must be received by the Settlement Administrator postmarked no later than July 25, 2023.**

## C.  CLAIMANT IDENTIFICATION

*Please Type or Print*

Beneficial Owner's Name *(as it appears on your brokerage statement)*

Joint Beneficial Owner's Name *(as it appears on your brokerage statement)*

Record Owner's Name *(if different from beneficial owner listed above)*

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

| City | State/Province | ZIP Code |
|------|----------------|----------|
|      |                |          |

| Foreign Postal Code *(if applicable)* | Foreign Country *(if applicable)* |
|---------------------------------------|-----------------------------------|
|                                       |                                   |

| Telephone Number (Day) | Telephone Number (Evening) |
|------------------------|----------------------------|
|                        |                            |

 Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

**Type of Beneficial Owner:**

**Specify one of the following:**

☐ Individual(s)   ☐ Corporation   ☐ UGMA Custodian   ☐ IRA   ☐ Partnership

☐ Estate   ☐ Trust   ☐ Other (describe): _____

**D.  SCHEDULE OF TRANSACTIONS IN SPRINT COMMON STOCK**

1.  State the total number of Sprint common stock held as of close of trading on
    October 24, 2017.  If none, write "zero" or "0."

Total Shares Held

2.  Separately list each and every **purchase** of Sprint common stock between October 25, 2017 **through** January 30, 2020, inclusive,
    and provide the following information *(must be documented)*:

| Trade Date (list chronologically) Month/Day/Year | Number of Shares Purchased | Purchase / Acquisition Price Per Share | Total Amount of Purchase (excluding commissions, taxes, and other fees) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

3.  Separately list each and every **sale** of Sprint common stock between October 25, 2017 through January 30, 2020, inclusive, and
    provide the following information *(must be documented)*:

| Trade Date (list chronologically) Month/Day/Year | Number of Shares Sold | Sale Price Per Share | Total Amount of Sale (excluding commissions, taxes, and other fees) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

4.  State the **total number** of Sprint common stock owned at the close of trading on
    January 30, 2020, long or short *(if none, enter "0"; if other than zero,
    must be documented)*:

Total Shares Held

**If you need additional space, attach the required information on separate, numbered sheets in the same format as
above and print your name and last four digits of your Social Security or Taxpayer Identification Number at the
top of each additional sheet.**

**YOU MUST ALSO READ THE RELEASE AND SIGN THE CERTIFICATION BELOW.**

**E. SUBMISSION TO JURISDICTION OF THE COURT**

By submitting this Proof of Claim and Release form, I/we, and every Settlement Class Member I/we represent, submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of this Action and the Settlement of the Action, as reflected in the Stipulation of Settlement. I/we further agree to be bound by the orders of the Court, agree that this Proof of Claim form, my/our status or the status of the Settlement Class Member(s) I/we represent as a Claimant and the allowable amount of this claim will be subject to review and further inquiry, and that I/we will furnish such additional documentation with respect to this Proof of Claim as may be required.

**F. RELEASE**

By signing this Proof of Claim and Release form, and in consideration of the establishment of the Net Settlement Fund, as of the Effective Date thereof, the undersigned claimant ("Claimant"), on behalf of Claimant and Claimant's heirs, executors, administrators, personal representatives, attorneys, agents, partners, successors and assigns, and any other person claiming (now or in the future) to have acted through or on behalf of them, hereby release and forever discharge all of the "Released Claims," including "Unknown Claims," against each of the "Released Parties."

"Released Claims" means any and all claims, suits, actions, appeals, causes of action, damages (including, without limitation, compensatory, punitive, exemplary, rescissory, direct, consequential, or special damages, and restitution and disgorgement), demands, rights, debts, penalties, costs, expenses, fees, injunctive relief, attorneys' fees, expert or consulting fees, prejudgment interest, indemnities, duties, liabilities, losses, or obligations of every nature and description whatsoever, including both known and Unknown Claims, whether or not concealed or hidden, fixed or contingent, direct or indirect, anticipated or unanticipated, whether legal, contractual, rescissory, statutory, or equitable in nature, arising under federal, state, local, statutory, or common law, or any other law, rule, or regulation that have been or could have been asserted in any forum by the members of the Settlement Class, or the successors or assigns of any of them, in any capacity arising out of, based upon or related in any way to the purchase, acquisition, sale, or ownership of Sprint securities during the Settlement Class Period, including without limitation any claims that were or could have been asserted in the Amended Complaint or the initial complaint and relate to the purchase of Sprint's common stock during the Settlement Class Period, except for any claims relating to the enforcement of this Settlement.

"Released Parties" means Defendants and each of Sprint's current or former parents, subsidiaries, predecessors, successors, divisions, joint ventures and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, investment bankers, underwriters, insurers, or reinsurers in their capacities as such, as well as each of the immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns of the Individual Defendants other individuals referred to in this paragraph.

"Unknown Claims" shall collectively mean any and all claims, demands, rights, liabilities, and causes of action of every nature and description which Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to object to this Settlement. With respect to any and all Released Claims, each of the Settlement Class Members shall be deemed to have expressly waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code § 1542, which provides:

A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. Settlement Class Members may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, in each case known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged that the foregoing waiver was separately bargained for and is a key element of the Settlement of which these releases are a part.

Upon the Effective Date, the Settlement Class Members, on behalf of themselves, and to the fullest extent permitted by law, their heirs, executors, administrators, personal representatives, attorneys, agents, partners, successors and assigns, and any other Person

claiming (now or in the future) to have acted through or on behalf of them, shall hereby be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever, released, relinquished, settled and discharged the Released Parties from all Released Claims and shall be permanently and forever barred and enjoined from instituting, commencing, or prosecuting, or continuing to prosecute, in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, any Released Claim against any of the Released Parties directly, indirectly or in any other capacity, whether or not such Settlement Class Members execute and deliver a Proof of Claim and Release to the Settlement Administrator.

## G. REPRESENTATIONS

I/we acknowledge that I/we have read the Notice, and that pursuant thereto I/we file this claim to participate in the Settlement.

I/we hereby warrant and represent that neither I/we, nor any person I/we represent, is a Defendant (as defined in the Stipulation of Settlement) with respect to any of the claims asserted in the Action, member of a Defendant's family or their legal representative, heir, successor or assign, an entity in which any Defendant (or a combination of defendants) have or had a controlling interest, or a person or entity who has requested exclusion from the Settlement Class.

I/we hereby warrant and represent that I am/we are authorized to execute and deliver this Proof of Claim and Release form.

I/we also submit to the jurisdiction of the United States District Court for the Southern District of New York, with respect to my/our claim as a Settlement Class Member(s) and for purposes of enforcing the release and covenant not to sue set forth herein.  I/we further acknowledge that I am/we are bound by and subject to the terms of any judgment that may be entered in this Action.  I/we have not submitted any other claim covering the same purchases or sales of Sprint common stock during the Settlement Class Period and know of no other Person having done so on my/our behalf.

## H. CERTIFICATION

I/we certify that I am/we are not subject to backup withholding.  **(If you have been notified by the IRS that you are subject to backup withholding, strike out the previous sentence.)**

I/we declare and affirm under penalties of perjury that the foregoing information and the documents attached hereto, including the Social Security or Taxpayer Identification Number shown on this Proof of Claim, are true, correct and complete to the best of my/our knowledge, information and belief, and that this Proof of Claim was:

Executed this _____ day of _____ 2023 in _____, _____.
                              (Month)                              (City)                              (State/Country

_____
Signature of Claimant

_____
Print your name here

_____
Signature of Joint Claimant, if any

_____
Print your name here

_____
Signature of person signing on behalf of Claimant

_____
Print your name here

_____
Capacity of person signing on behalf of Claimant, if other than an individual (*e.g.*, Executor, President, Custodian, etc.)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

**Reminder Checklist:**

1.   Remember to sign the above Release and Certification.

2.   Remember to attach only **copies** of acceptable supporting documentation.  Failure to provide all the acceptable documentation and transactions requested may result in the rejection of your claim in part or in full.

3.   Do not send originals of securities certificates.

4.   Keep copies of the completed claim form and documentation for your own records.

5.   If you would like acknowledgement of the receipt of your Proof of Claim by the Settlement Administrator, please send it by certified mail, return receipt requested, or its equivalent.  **No other formal acknowledgment will be provided, and you will bear all risks of delay or non-delivery of your claim.**

6.   If your address changes in the future, or if these documents were sent to an old or incorrect address, please send us **written** notification of your new address.

7.   If you have any questions or concerns regarding your claim, please contact the Settlement Administrator at: Sprint Securities Litigation Settlement Administrator, c/o A.B. Data, Ltd., P.O. Box 173094, Milwaukee, WI 53217, www.SprintSecuritiesClassAction.

# EXHIBIT B

# Pomerantz LLP Announces a Notice of Pendency and Settlement of Class Action in Solomon v. Sprint Corporation, et al

NEWS PROVIDED BY
**Pomerantz LLP →**
19 May, 2023, 10:00 ET

CHICAGO, May 19, 2023 /PRNewswire/ --

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ISAAC SOLOMON and FRANCINE CANION, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPRINT CORPORATION, MICHEL COMBES, ANDREW DAVIES, MARCELO CLAURE and TAREK ROBBIATI<br><br>Defendants. | Civil Action No. 1:19-cv-05272-MKV |

**<u>SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION</u>**

**TO:  All individuals and entities who purchased or otherwise acquired Sprint common stock between October 25, 2017 and November 1, 2019, both dates inclusive, and who were damaged thereby.**

**Excluded from the Settlement Class are (i) Defendants; (ii) the parent entity, officers and directors of the Company, at all relevant times; (iii) members of the immediate families of such officers and directors of the Company, and their legal representatives, heirs, successors or assigns; and (iv) any entity in which Defendants have or had a controlling interest.  Also excluded from the Settlement Class is any Settlement Class Member that validly and timely requests exclusion in accordance with the requirements set by the Court.**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**
**YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.**

**YOU ARE HEREBY NOTIFIED,** pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that a hearing will be held on August 8, 2023 before the Honorable Mary Kay Vyskocil in Courtroom 18C of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007, for the purpose of determining, among other things: (1) whether the proposed Settlement of the Settlement Class's claims against the Defendants for $3,750,000 in cash should be approved as fair, reasonable and adequate; (2) whether the Plan of Allocation should be approved as fair, reasonable and adequate; (3) whether the application by Lead Counsel for an award of attorneys' fees and expenses should be approved; (4) whether a request for reimbursement of Plaintiffs' costs and expenses should be approved; and (5) whether the Action should be dismissed with prejudice against the Defendants as set forth in the Stipulation of Settlement filed with the Court.

If you purchased or acquired Sprint common stock between October 25, 2017 through November 1, 2019, your rights may be affected by the Settlement of this Action, including the release and extinguishment of claims you may possess relating to your ownership interest in Sprint common stock.  If you have not received a detailed Notice of Pendency and Class Action Settlement (the "Notice") and a copy of the Proof of Claim and Release Form, you may obtain copies by writing to the Settlement Administrator at: Sprint Securities Litigation, c/o A.B. Data, Ltd., P.O. Box 173094, Milwaukee, WI 53217, www.SprintSecuritiesClassAction.com.

If you are a member of the Settlement Class and wish to share in the Settlement money, you must submit a Proof of Claim no later than July 25, 2023 establishing that you are entitled to recovery.  As further described in the Notice, you will be bound by any judgment entered in the Action, regardless of whether you submit a Proof of Claim, unless you exclude yourself from the Settlement Class, in accordance with the procedures set forth in the Notice, by no later than July 25, 2023.  All members of the Settlement Class who have not requested exclusion from the Settlement Class will be bound by any judgment entered in the Action pursuant to the Settlement Stipulation.  Any objections to the Settlement, Plan of Allocation, attorney's fees and expenses, or Plaintiffs' reimbursement award must be filed and served, in accordance with the procedures set forth in the Notice, no later than July 25, 2023 to each of the following:

| Clerk of the Court | Lead Counsel | Defendants' Counsel |
|---|---|---|
| United States District Court | Omar Jafri | Scott D. Musoff |
| Southern District of New York | POMERANTZ LLP | SKADDEN, ARPS, SLATE, |
| | 10 South LaSalle Street | MEAGHER & FLOM LLP |
| 500 Pearl Street | Suite 3505 | One Manhattan West |
| New York, NY 10007 | Chicago, IL 60603 | New York, NY 10001 |

If you have any questions about the Settlement, you may visit

www.SprintSecuritiesClassAction.com or contact Lead Counsel at the above address or via telephone at (312) 377-1181.

**INQUIRIES <u>SHOULD NOT</u> BE DIRECTED TO THE COURT,**
**THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL.**

Dated: May 19, 2023                              By Order of the Court
                                                 United States District Court
                                                 Southern District of New York

SOURCE Pomerantz LLP

# EXHIBIT C

# EXHIBIT D

If you purchased or acquired Sprint common stock between October 25, 2017 through November 1, 2019, your rights may be affected by the Settlement of this Action.

Document 95-1          Filed

All individuals and entities who purchased or otherwise acquired

**SPRINT COMMON STOCK**

between October 25, 2017 and November 1, 2019.

LEARN MORE HERE

**YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION SETTLEMENT.**

SprintSecuritiesClassAction.com

Sprint Securities Class Action

sprintsecuritiesclassaction.com

Learn more