UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISAAC SOLOMON and FRANCINE CANION, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>   v.<br><br>SPRINT CORPORATION, MICHEL COMBES, ANDREW DAVIES, MARCELO CLAURE and TAREK ROBBIATI<br><br>    Defendants. | ) ) ) ) ) ) ) ) **Civil Action No. 1:19-cv-05272-MKV** ) ) ) ) ) ) ) |

**PLAINTIFFS' REPLY IN SUPPORT OF
UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
AND AN APPLICATION FOR ATTORNEYS' FEES, REIMBURSEMENT OF
LITIGATION EXPENSES AND A REIMBURSEMENT AWARD FOR PLAINTIFFS**

Lead Plaintiff Isaac Solomon and additional Plaintiff Francine Canion (collectively the "Plaintiffs"), on behalf of themselves and the Settlement Class,[1] respectfully submit this reply in further support of their Unopposed Motion for Final Approval of Class Action Settlement and their Application for Attorneys' Fees, Reimbursement of Litigation Expenses, and a Reimbursement Award for Plaintiffs, which were filed on July 14, 2023. *See* ECF Nos. 92-95. This Reply is supported by the Supplemental Declaration of Eric Nordskog Regarding Notice Administration (the "Supp. Mailing Decl."), attached hereto as Exhibit A and the Declaration of Francine Canion, attached as Exhibit B.

The proposed Settlement resolves this litigation in its entirety in exchange for a cash payment of $3,750,000. As detailed in Plaintiffs' and Lead Counsel's opening papers (ECF Nos. 92-95), the Settlement is the product of hard-fought litigation and extensive arm's-length negotiations, and represents a favorable result for the Class in light of the substantial challenges that Plaintiffs would have faced in proving liability and damages.

The Settlement Administrator mailed and published notice as directed by the Preliminary Approval Order. *See* ECF No. 89 at ¶¶6-8; Supp. Mailing Decl. at ¶3. The Court-ordered deadline for Class Members to object to the fairness, reasonableness, or adequacy of the Settlement, Plan of Allocation, Attorneys' Fees and Litigation Expenses, or Plaintiffs' requested reimbursement award, or to opt-out of the Settlement, elapsed on July 31, 2023. ECF No. 89 at ¶¶11-13; ECF No. 91. As of this filing, 19,785 Proofs of Claim have been received by the Settlement Administrator on behalf of purported Settlement Class Members seeking recovery under the Settlement, and no

---

[1] The Settlement Class consists of all individuals and entities who purchased or otherwise acquired Sprint common stock between October 25, 2017 and November 1, 2019, both dates inclusive, and who were damaged thereby. Excluded from the Class are Defendants; the officers, directors, and affiliates of Sprint; any entity in which Defendants have or had a controlling interest; immediate family members, legal representatives, heirs, successors, or assigns of any of the above.

objections to the Settlement have been received. Supp. Mailing Decl. at ¶¶10-11. Two persons seek to be excluded from the Settlement, but one person is not a Settlement Class Member who could recover under the terms of the Settlement. The absence of objections and near total lack of opt-outs, along with the benefits provided to Settlement Class Members by the Settlement, support final approval of the Settlement by the Court.[2]

## I. The Absence of Objections Strongly Supports Final Approval

It is "'well-settled' that the reaction of the class to a settlement is considered perhaps 'the most significant factor to be weighed in considering its adequacy.'" *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695 (CM), 2007 U.S. Dist. LEXIS 85629, at *21 (S.D.N.Y. Nov. 7, 2007) (quoting *Maley v. Del Glob. Techs. Corp.*, 186 F. Supp. 2d 358, 362-63 (S.D.N.Y. 2002)).

Here, a robust notice program was implemented that included mailing 24,420 Notice Packets to identifiable Settlement Class Members or their nominees, publishing summary notice over PR Newswire, publishing all documents relevant to the Settlement on the Settlement Administrator's website, and implementing a targeted media campaign designed to reach as many absent Settlement Class Members as practicable. *See* Supp. Mailing Decl. at ¶¶3-5. The Notice provided here identified, among other things, the maximum amount that would be sought for Attorneys' Fees and Litigation Expenses, and reimbursement for Plaintiffs, affording Settlement Class Members the opportunity to object if they considered any portion unreasonable. *See* ECF Nos. 87-4, 87-5.

No objections to any aspect of the Settlement, Plan of Allocation, Attorneys' Fees and Litigation Expenses, or Plaintiffs' requested reimbursement awards have been served or filed on

---

[2] Attached as Exhibit C is a revised Proposed Order for final approval of the Settlement that adds applicable dates and specifies that no Settlement Class Member objected to the Settlement, but is otherwise the same as the Proposed Order previously submitted as ECF No. 87-3.

Lead Counsel, the Settlement Administrator or the Court. Courts in this Circuit have consistently recognized that a lack of objections supports final approval. *See, e.g.*, *In re Virtus Inv. Partners, Inc. Sec. Litig.*, No. 15CV1249, 2018 U.S. Dist. LEXIS 205304, at *6 (S.D.N.Y. Dec. 4, 2018) ("Here, no class members objected, which strongly favors approval.").

The absence of objections likewise supports the request for Attorneys' Fees, Litigation Expenses, and a reimbursement award to Plaintiffs. *See, e.g.*, *In re Signet Jewelers Ltd. Sec. Litig.*, No. 1:16-CV-06728-CM-SDA, 2020 U.S. Dist. LEXIS 128998, at *62 (S.D.N.Y. July 21, 2020) ("The absence of any objections to the requested attorneys' fees and Litigation Expenses supports a finding that the request is fair and reasonable."); *Asare v. Change Grp. of New York, Inc.*, No. 12 Civ. 3371(CM), 2013 U.S. Dist. LEXIS 165935, at *42 (S.D.N.Y. Nov. 18, 2013) (noting that "not one potential class member has made an objection, a factor held by courts as supporting approval of an attorneys' fees award.").

## II. The Absence of Exclusions Supports Final Approval

To date, only two requests to be excluded from the Settlement have been received, and of these two, only one exclusion came from a Settlement Class Member. *See* Supp. Mailing Decl. at ¶9 and Supp. Mailing Decl. Ex. A.[3] That nearly all eligible investors opted to remain in the Settlement Class strongly supports final approval. *See, e.g.*, *In re Veeco Instruments Inc. Sec. Litig.*, 2007 U.S. Dist. LEXIS 85629, at *22 (finding that "those affected by the Settlement [] overwhelmingly endorsed it" where only one class member sought to be excluded); *Guevoura Fund Ltd. v. Sillerman*, No. 1:15-CV-07192-CM, 2019 U.S. Dist. LEXIS 218116, at *21 (S.D.N.Y. Dec. 18, 2019) ("The absence of negative feedback from Class Members evidences an overall

---

[3] The two exclusions are attached as Exhibit A to the Supp. Mailing Decl. of Eric Nordskog, which, should the Court choose, can be attached to the Proposed Order for Final Approval of the Settlement as contemplated by paragraphs 4, 5 and 12 of the Proposed Order for Final Approval.

3

favorable response of the Class Members to the Settlement."); *In re Luxottica Grp. S.p.A. Sec. Litig.*, 233 F.R.D. 306, 311–12 (E.D.N.Y. 2006) ("Favorable reaction of a class of sophisticated investors evidences fairness, reasonableness, and adequacy.").

### III.  Conclusion

For all the reasons stated herein, and in the memoranda of law in support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and their Application for Attorneys' Fees, Reimbursement of Litigation Expenses, and a Reimbursement Award for Plaintiffs (ECF Nos. 93-94), Plaintiffs respectfully request the Court to enter the attached Proposed Order and Final Judgment.

Respectfully submitted,

**POMERANTZ LLP**

Dated: August 7, 2023

/s/ Omar Jafri

Patrick V. Dahlstrom
Omar Jafri
Brian P. O'Connell
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
E-mail:  pdahlstrom@pomlaw.com
          ojafri@pomlaw.com
          boconnell@pomlaw.com

*Counsel for Plaintiffs and the Settlement Class*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 7, 2023, I served the foregoing to counsel of record for Defendants using the CM/ECF system, which will send email notification of this filing to all attorneys of record.

Executed on August 7, 2023.

*/s/ Omar Jafri*
Omar Jafri
