USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/14/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISAAC SOLOMON and FRANCINE CANION, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPRINT CORPORATION, MICHEL COMBES, ANDREW DAVIES, MARCELO CLAURE and TAREK ROBBIATI<br><br>Defendants. | Civil Action No. 1:19-cv-05272-MKV |

## FINAL ORDER AND JUDGMENT APPROVING THE CLASS ACTION SETTLEMENT

WHEREAS, this matter came before the Court for hearing on August 14, 2023, pursuant to the Preliminary Approval Order entered on April 11, 2023 (ECF No. 89), on the application of the Parties for final approval of the Settlement as set forth in the Stipulation of Settlement (the "Stipulation"); and

WHEREAS, due and adequate notice has been given to the Settlement Class as required in the Preliminary Approval Order, and the Court has heard all persons properly appearing and requesting to be heard, read and considered the motions and supporting papers, and found good cause appearing;

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. This Order and Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein that are not otherwise identified have a meaning assigned to them as set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Action and over all Parties

to the Action, including all Settlement Class Members.

3.       On August 14, 2023, the Court held a Final Approval Hearing, after due and proper notice, to consider the fairness, reasonableness and adequacy of the proposed Settlement.  In reaching its decision in this Action, the Court considered the Parties' Stipulation, the Court file in this case, and the presentations by Lead Counsel on behalf of Plaintiffs and the Settlement Class and counsel for Defendants in support of the fairness, reasonableness, and adequacy of the Settlement.

4.       In the Preliminary Approval Order, the Court found that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) were satisfied, warranting preliminary certification of the Settlement Class.  The Court finds that such requirements continue to be satisfied and that the Settlement Class defined in the Preliminary Approval Order shall remain certified, consisting of:

> All individuals and entities who purchased or otherwise acquired Sprint common stock between October 25, 2017 and November 1, 2019, both dates inclusive, and who were damaged thereby.

Excluded from the Settlement Class are (i) Defendants; (ii) the parent entity, officers and directors of the Company, at all relevant times; (iii) members of the immediate families of such officers and directors of the Company, and their legal representatives, heirs, successors or assigns; and (iv) any entity in which Defendants have or had a controlling interest.  Also excluded from the Settlement Class are any Settlement Class Members who have filed valid exclusions as identified on Exhibit A hereto.

5.       In the Preliminary Approval Order, the Court preliminarily approved the Notice and the Summary Notice and found that their proposed form, content and plan of dissemination to Settlement Class Members satisfied the requirements of Rule 23(e) of the Federal Rules of Civil Procedure, due process, and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(7).  The Court reaffirms that finding and holds that the best practicable and

feasible notice was given to members of the Class under the circumstances and constitutes due and sufficient notice of the Settlement, Stipulation in support thereof, and Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement or the Final Approval Hearing. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for in the Stipulation of Settlement, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. Furthermore, the Court hereby affirms that due and sufficient notice has been given to the appropriate State and Federal officials pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C § 1715. Thus, it is hereby determined that all Settlement Class Members are bound by this Order and Judgment except those Persons listed on Exhibit A hereto.

6. The Court has determined that the Settlement, as set forth in the Stipulation, is fair, reasonable, and adequate and is hereby finally approved in all respects. In making this determination, the Court has considered factors with respect to fairness, which include (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the Settlement Class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risk of maintaining the class action through trial; (7) the ability of the Defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks. The Court has considered the submissions of the Parties along with the record in this Action, all of which show that the proposed Settlement is fair, reasonable and adequate.

7. The Court has also considered each of the factors identified in Federal Rule of Civil Procedure 23(e)(2) and finds that those factors likewise demonstrate that the proposed Settlement is fair, reasonable and adequate.

8. The Settlement provides that Sprint Corporation will cause $3,750,000 in cash to be paid into a Settlement Fund for the benefit of the Settlement Class. Among other things, the recovery of an individual Settlement Class Member depends on the number of Sprint Corporation shares that the Settlement Class Member purchased and sold, and the prices at which other Settlement Class Members who filed claims purchased and sold those shares.

9. The Court has considered, separately from its consideration of the fairness, reasonableness and adequacy of the Settlement reflected in the Stipulation as a whole, the Plan of Allocation proposed by Plaintiffs' Counsel. The Court finds that the proposed Plan of Allocation is fair, just, reasonable, and adequate, and is finally approved in all respects.

10. The Court notes that there were no objections filed to the Settlement from Settlement Class Members.

11. In addition to finding the terms of the Settlement to be fair, reasonable, and adequate, the Court determines that there was no fraud or collusion between the Parties or their counsel in negotiating the Settlement's terms, and that all negotiations were made at arm's length. Furthermore, the terms of the Settlement make it clear that the process by which the Settlement was achieved was fair.

12. This Order and Judgment shall be binding on all Settlement Class Members, including Plaintiffs, except for those persons that filed valid exclusions as listed on Exhibit A hereto. The Court hereby authorizes and directs the implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Action

and all claims contained therein, as well as the Released Claims, are dismissed with prejudice as against Defendants and the Released Parties. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

13. Upon the Effective Date, Plaintiffs, each Settlement Class Member, and anyone claiming through or on behalf of any of them, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties, whether or not any individual Settlement Class Member executes and delivers the Proof of Claim and Release form. Claims to enforce the terms of the Stipulation are not released.

14. Upon the Effective Date, Plaintiffs, each Settlement Class Member and anyone claiming through or on behalf of any of them, by operation of this Judgment, shall be forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or any proceeding, in any court of law or equity, arbitration, tribunal, administrative forum, or other forum of any kind asserting any of the Released Claims against any of the Released Parties.

15. Upon the Effective Date, Defendants and anyone claiming through or on behalf of any of them, shall hereby be deemed to have released, and by operation of this Judgment shall be permanently barred and enjoined from instituting, commencing, or prosecuting all Defendants' Claims against Plaintiffs and all other Settlement Class Members, and their respective attorneys, insurers and reinsurers. Defendants' Claims do not include claims to enforce the terms of the Stipulation or any order of the Court in this Action.

16. The Parties may file the Settlement Stipulation and/or this Order and Judgment in any proceedings that may be necessary to consummate or enforce the Settlement Stipulation, the Settlement, or this Order and Judgment.

17. The finality of this Order and Judgment shall not be affected, in any manner, by rulings that the Court may make on Lead Counsel's application for an award of attorneys' fees and expenses or an award to Plaintiffs.

18. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement is or may be deemed to be or may be used as: (i) an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; (ii) an admission of, or evidence of, any fault or omission of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; (iii) an admission, or evidence, that any claim asserted by Plaintiffs was not valid in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (iv) an admission of, or evidence of, the appropriateness of treating the Action as a class action for any other purpose than the Settlement.  The Released Parties may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

19. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of this Settlement and any award or distribution of the Gross or Net Settlement Fund, including interest earned thereon; (ii) disposition of the Gross or Net Settlement Fund; (iii) hearing and determining applications for attorneys' fees, expenses, and interest in the Action; and (iv) all Parties herein for the purpose of construing, enforcing, and administering the Stipulation of Settlement.

20. The Court finds and concludes that, throughout this Action, Plaintiffs, Lead

Counsel, Defendants, and Defendants' Counsel complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure. The Court further finds that Plaintiffs and Lead Counsel adequately represented the Settlement Class Members for purposes of entering into and implementing the Settlement.

21. Separate from its consideration of the Settlement set forth in the Stipulation, the Court hereby awards Lead Counsel attorneys' fees of $1,249,999.99, plus reimbursement of their expenses in the amount of $121,491.12, together with the interest earned thereon for the same time period and at the same rate as that earned on the Gross Settlement Fund until paid. Lead Counsel shall be paid 50% of the attorneys' fees awarded and 100% of the approved expenses immediately upon entry of this Order. Payment of the balance of the attorneys' fees awarded shall be made upon submission by Lead Counsel of a declaration attesting to the fact that the Gross Settlement Fund has been distributed to the class and approval of payment by the Court. The Court finds that the amount of fees awarded is appropriate and that the amount of fees awarded is fair and reasonable given the time and labor expended by counsel, the complexity of the litigation, the risk of the litigation, the quality of representation, the fee requested in relation to the recovery under the Settlement, and public policy. In the event that this Judgment does not become Final, and Lead Counsel and any other Plaintiffs' counsel to whom Lead Counsel has distributed payments shall within thirty (30) days of entry of the order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated or if the Effective Date is otherwise precluded from occurring, refund any portion of the Fee and Expense Award that has already been paid from the Gross Settlement Fund.

22. Separate from its consideration of the Settlement set forth in the Stipulation, the Court hereby awards each Plaintiff a reimbursement award pursuant to §78u-4(a)(4) of the PSLRA

in the amount of $5,000 for reasonable costs and expenses relating to the representation of the Settlement Class, such amounts to be paid out of the Gross Settlement Fund within ten (10) days of the entry of this Order.

23. In the event that the Settlement is terminated as provided in the Stipulation, or the Effective Date otherwise does not occur, then this Order and Judgment, and all orders entered and releases delivered in connection herewith, shall be vacated, rendered null and void to the extent provided by and in accordance with the Stipulation, and this Order and Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of August 4, 2022, as provided in the Stipulation.

24. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

25. Without affecting the finality of this Order and Judgment, the Court reserves continuing and exclusive jurisdiction over all matters relating to the administration, implementation, effectuation, and enforcement of the Settlement.

26. The Court finds under Federal Rule of Civil Procedure 54(b) that there is no just reason to delay the entry of this Judgment, and the Clerk is expressly directed to enter Judgment.

**SO ORDERED**.

Dated: _8/14/2023_____

_____
Honorable Mary Kay Vyskocil
United States District Judge
Southern District of New York

# EXHIBIT A

**Sprint Securities Litigation**
**Exclusion Report**

| Exclusion Number | Name | Postmark Date |
|---|---|---|
| 1 | David P. Alvarado | June 21, 2023 |
| 2 | Linda Mae Calloway | July 21, 2023 |