## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISAAC SOLOMON and FRANCINE CANION, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPRINT CORPORATION, MICHEL COMBES, ANDREW DAVIES, MARCELO CLAURE and TAREK ROBBIATI<br><br>Defendants. | **Civil Action No. 1:19-cv-05272-MKV**<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISTRIBUTION OF SETTLEMENT FUND** |

Lead Plaintiff Isaac Solomon and additional Plaintiff Francine Canion ("Plaintiffs"), on behalf of themselves and all others similarly situated, respectfully move the Court to issue an Order that authorizes distribution of the Net Settlement Fund[1] in the form proposed and submitted herewith as Exhibit 1.

Based on the Settlement Administrator's analysis of the Proofs of Claim submitted in this Action, 2,844 claimants have submitted valid and properly documented claims ("Authorized Claimants"), of which 2,825 were timely submitted. Plaintiffs now seek to distribute the Net Settlement Fund to the Authorized Claimants on a *pro rata* basis.

For the reasons set forth in detail below, this proposed distribution is appropriate and Plaintiffs respectfully submit that it should be approved.

## I.  Claims Administration

On August 14, 2023, the Court held a Final Approval Hearing to consider the proposed Settlement. By Judgment and Order of Final Approval dated August 14, 2023 ("Final Order"), the Court approved the Parties' $3,750,000 settlement as fair, reasonable, and adequate. ECF No. 98.

Under the terms of the Settlement Stipulation, the Settlement Fund was established for the settlement of the claims asserted against Defendants. All Settlement Class Members wishing to participate in the Settlement were required to submit Proofs of Claim, postmarked no later than July 25, 2023, together with adequate supporting documentation for the transactions and holdings reported therein. *See* Declaration of Eric A. Nordskog in Support of Plaintiffs' Motion for Class Distribution Order ("Nordskog Decl."), filed herewith as Exhibit 2, at ¶ 5. As a result of a very effective notice program, A.B. Data, Ltd. ("A.B. Data")  – the Court-appointed Settlement

---

[1] All capitalized terms have the same meaning as those defined in the Stipulation of Settlement filed at ECF No. 87-1.

Administrator – received 20,358 Proofs of Claim as of November 3, 2023. *Id*. at ¶ 5. As demonstrated by the Nordskog Declaration, A.B. Data reviewed all submitted claims and, to the extent that a claim was deficient in any regard, A.B. Data notified the claimant of the deficiency and advised the claimant as to the possible ways to cure the deficiency. *Id*. at ¶¶ 6, 19-26. Attached as Exhibit B to the Nordskog Declaration is an example of the notice of rejection letter used to notify claimants of the rejection of their claims in part or whole.

As a result of the claims handling process explained above, A.B. Data determined that 17,514 claims are ineligible to receive a distribution. Of those ineligible claims, (a) 2,805 had no purchases of Sprint common stock during the Class Period; (b) 14,335 did not result in a Recognized Claim (i.e., a validly documented claim for which the trades resulted in a Recognized Loss) under the Court-approved Plan of Allocation; (c) 373 were duplicates; and (d) 1 was withdrawn. *See* Exhibit 2, Nordskog Decl. at ¶ 35.

A.B. Data has accepted 2,844 Claims (*i.e.*, 2,825 timely submitted and valid Claims and 19 late but otherwise eligible Claims), representing a total Recognized Loss amount of $13,511,205.69. *Id*. at ¶ 33-34. The total Recognized Loss amount for the 19 late but otherwise eligible Claims is $1,172,937.59, or less than 9% of the total Recognized Loss amount. *Id*. Lead Counsel informs the Court that no delay has resulted from the acceptance of these late Claims. Moreover, Lead Counsel believes that, when the equities are balanced, it would be unfair to prevent an otherwise valid claim from participating in the Net Settlement Fund solely because it was submitted after the cut-off date, but while the claims were still being processed. Accordingly, Lead Counsel respectfully requests the Court to approve the administrative determination not to reject claims submitted after the July 25, 2023 submission deadline because of untimeliness.

However, there must be a final cut-off date after which no more claims can be accepted in order that there may be a fair and proportional distribution of the Net Settlement Fund. Acceptance of any claim received after preparation of this Motion would necessarily require a delay in the distribution. Accordingly, it is also respectfully requested that this Court enter an Order directing that no claim received after November 3, 2023 be accepted for any reason whatsoever. *See id*. at ¶ 29. For these reasons, Plaintiffs respectfully request the Court to approve the administrative determinations accepting and rejecting claims as set forth herein.

## II.    Fees And Expenses Of Settlement Administrator

Plaintiffs request an Order approving payment of the fees and expenses of the Settlement Administrator. In accordance with A.B. Data's agreement with Lead Counsel to act as the Settlement Administrator herein, A.B. Data was responsible for mailing Class Notice, maintaining a website and claimant call hotline, processing claims, preparing tax returns for the Settlement Fund, and distributing the Net Settlement Fund to accepted claimants. A.B. Data has not yet been fully paid for its work on behalf of the Class. A.B. Data's outstanding fees and expenses total $257,247.78. To date, in accordance with the Stipulation, A.B. Data has received $214,072.58 in payment of fees and expenses. This amount is less than the $275,000 amount agreed to in the Stipulation of Settlement to expend on the costs of administration without further Court approval. *See* ECF No. 87-1 at 13 (Section VI. A). Accordingly, there is a total of $43,175.20 payable to A.B. Data. *See* Exhibit 2, Nordskog Decl. at ¶ 37, and Exhibit H of the Nordskog Decl.

## III.    Distribution of Net Settlement Fund

Plaintiffs also respectfully request that the Court enter an order directing and authorizing the initial distribution of the balance of the Settlement Fund plus interest accrued thereon (after deduction of fees and expenses previously awarded and requested herein and any taxes owing) to

the Settlement Class Members whose 2,844 claims have been accepted as set forth on the list of accepted claims submitted with the Nordskog Declaration, in proportion to their Recognized Loss as shown therein. *See* Nordskog Decl. at ¶ 36 & Exhibits E and F thereto. As indicated in the Nordskog Declaration, the total Recognized Losses of all 2,844 eligible claims computed in accordance with the Plan of Allocation set forth in the Notice are $13,511,205.69. *Id*. at ¶¶ 33-34. This represents a gross recovery of approximately 27.75% and a net recovery of approximately 15.63% for all valid claims.

Should the Court concur with A.B. Data's administrative determinations about the claims recommended for acceptance and rejection, Lead Counsel recommends the following distribution plan:

a) Per the Plan of Allocation, each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants, including the 19 late-but-otherwise-eligible claims if those claims are deemed valid by the Court. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $20.00;

b) To encourage Authorized Claimants to cash their distribution checks promptly, and to avoid or reduce future expenses related to unpaid distribution checks, all checks should bear a notation "DEPOSIT PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT NEGOTIATED WITHIN 120 DAYS OF DISTRIBUTION." Similarly, all other checks issued in connection with subsequent distributions shall bear the same notation;

c) If any funds remain in the Net Settlement Fund because of uncashed distribution checks or otherwise, then, after the Settlement Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund at least nine (9) months after the initial distribution of such funds will be used in the following fashion, if economically feasible: (i) first, to pay any additional settlement administration expenses and (ii) second, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $20.00, after payment of the estimated expenses to be incurred in administering the Net Settlement Fund and in making this second distribution. These redistributions shall be repeated, if economically feasible, until Lead Counsel, in consultation with A.B. Data, determines that such further distributions are no longer economically feasible;

d) Authorized Claimants who do not cash their distribution checks within the time allotted will irrevocably forfeit all recovery from the Settlement unless good cause is shown. The funds allocated to all such checks will be available for re-distribution to other Authorized Claimants in subsequent distributions if such distributions are determined to be economically feasible;

e) At such time as Lead Counsel, in consultation with A.B. Data, determines that further distribution of the funds remaining in the Net Settlement Fund to Authorized Claimants is not cost-effective, any funds that remain after payment of any unpaid administration fees or expenses, taxes and tax preparation costs, and escrow fees,

will be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court. *See* Nordskog Decl. ¶ 38.

## IV. <u>Payment of Remaining Attorneys' Fees</u>

The Court's Order on Plaintiffs' Motion for an Award of Attorneys' Fees and Expenses (ECF No. 98) awarded $1,249,999.99 in attorneys' fees plus accrued interest, payable 50% upon entry of that Order and 50% upon distribution of the Net Settlement Fund. As set forth in the Nordskog Declaration, the Net Settlement Fund is ready to be distributed. Plaintiffs respectfully request that they be paid the remaining amount of attorneys' fees or 50% of the $1,249,999.99 figure approved by the Court in the Final Approval Order, together with interest thereon, upon submission by Lead Counsel of a letter attesting to the fact that checks and/or wire payments for the settlement have been distributed to valid claimants. *See* ECF No. 98 at ¶ 21.

## V. <u>Release of Claims</u>

To ensure the full and final distribution of the Net Settlement Fund, it is necessary to bar any further claims against the Net Settlement Fund beyond the amounts allocated to Authorized Claimants, and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, be released and discharged from any and all claims arising out of such involvement. Accordingly, Plaintiffs respectfully request that the Court release and discharge all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund from any and all claims arising out of such involvement, and bar all

Settlement Class Members, whether or not they receive payment from the Net Settlement Fund, from making any further claims against the Net Settlement Fund, Plaintiffs, their counsel, Defendants, their counsel, the Settlement Administrator, the Escrow Agent or any other person involved in the administration or taxation of the Gross Settlement Fund or Net Settlement Fund, beyond the amounts allocated to such Settlement Class Member by this Court's Orders. *See In re Patriot Nat'l, Inc. Sec. Litig.*, No. 1:17-cv-01866-ER, 2021 WL 1040462, at *2 (S.D.N.Y. Mar. 18, 2021); *In re Merrill Lynch & Co., Inc. Sec., Deriv. and ERISA Litig.*, No. 07-cv-9633 (JSR)(DFE), 2010 WL 11595033, at *2 (S.D.N.Y. Dec. 23, 2010).

## CONCLUSION

For all of these reasons, Plaintiffs respectfully request that this Court grant their Motion for an Order for Distribution of the Settlement Fund.

Dated: November 13, 2023          */s/ Omar Jafri*

**POMERANTZ LLP**

Patrick V. Dahlstrom
Omar Jafri
Brian P. O'Connell
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
E-mail:  pdahlstrom@pomlaw.com
         ojafri@pomlaw.com
         boconnell@pomlaw.com

        -and-

Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
E-mail: jalieberman@pomlaw.com
         ahood@pomlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on November 13, 2023, I served a copy of Plaintiffs' Motion to counsel of record for Defendants using the CM/ECF system, which will send email notification of this filing to all attorneys of record.

Executed on November 13, 2023.


/s/ *Omar Jafri*
Omar Jafri