# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ISAAC SOLOMON and FRANCINE CANION, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPRINT CORPORATION, MICHEL COMBES, ANDREW DAVIES, MARCELO CLAURE and TAREK ROBBIATI<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) **Civil Action No. 1:19-cv-05272-MKV**<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR DISTRIBUTION OF SETTLEMENT FUND** |

Whereas, this Court preliminarily approved the terms of the Stipulation of Settlement (the "Stipulation") by Order dated April 11, 2023 (ECF No. 89) and approved the Plan of Allocation by Order dated August 14, 2023 (ECF No. 98);

Whereas, this Court retained jurisdiction over this Action for the purpose of supervising the implementation of the Stipulation and distribution of the Net Settlement Fund;

Whereas, this Court has reviewed the Motion for an Order Approving Distribution of Class Settlement Fund by Lead Plaintiff Isaac Solomon and additional Plaintiff Francine Canion ("Plaintiffs"), the Declaration of Eric Nordskog on Behalf of A.B. Data, Ltd. in Support of Plaintiffs' Motion for Authorization to Distribute Net Settlement Fund (the "Nordskog Declaration") submitted herewith, related documents, and good cause having been shown;

AND NOW, this ____ day of _____ 2023, upon consideration of Plaintiffs' Motion, it is hereby **ORDERED**:

1.      That Plaintiffs' Motion is **GRANTED**;

2.      The administrative determinations of the Settlement Administrator to accept the claims listed in Exhibits E & F to the Nordskog Declaration and described in ¶¶33-34 of the Nordskog Declaration, including claims submitted after the filing deadline but before November 3, 2023, are approved and those claims are accepted;

3.      The administrative determinations of the Settlement Administrator to reject the claims listed in Exhibit G to the Nordskog Declaration and described in ¶36 of the Nordskog Declaration are approved and those claims are rejected;

4.      No Proof of Claim received by the Settlement Administrator after November 3, 2023 may be accepted for processing;

5.      The Settlement Administrator is authorized to make the distributions described in Plaintiffs' Motion and the Nordskog Declaration;

6.      Any balance remaining in the Net Settlement Fund nine (9) months after the initial distribution (whether by reason of tax refunds, uncashed checks or otherwise), shall, if feasible, be reallocated among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically reasonable, in Plaintiffs' Counsel's discretion, to distribute to Authorized Claimants;

7.      At such time as Plaintiffs' Counsel, in consultation with the Settlement Administrator, determines that further distribution of the funds remaining in the Net Settlement Fund to Authorized Claimants is not cost-effective, if funds remain after payment of any unpaid administration fees or expenses, taxes and tax preparation costs, and escrow fees, Plaintiffs' Counsel shall propose a plan to the Court regarding the use of such funds for contribution to non-sectarian, not-for-profit organization(s);

8.      The Settlement Administrator shall continue to receive, review and process any correspondence or information submitted by claimants with respect to already-filed Proofs of Claim. Should there be any adjustments to any Proofs of Claim prior to distribution of the Net Settlement Fund, the Settlement Administrator shall update its claims database with the new information and report the updated total to Plaintiffs' Counsel prior to distribution;

9.      All persons who were involved in the review, verification, calculation, tabulation, or any other aspect of the administration of claims filed in this Action, and all persons who were involved in the administration or taxation of the Net Settlement Fund, are released from liability for any and all claims arising out of such activities;

10.     Consistent with Paragraph 21 of the Final Approval Order (ECF No. 98), Lead Counsel shall be paid the remaining amount of attorneys' fees or 50% of the $1,249,999.99 figure approved by the Court in the Final Approval Order, together with interest thereon, upon submission by Lead Counsel of a letter attesting to the fact that checks and/or wire payments for the settlement have been distributed to valid claimants;

11.      The amount of $43,175.20 that is payable to the Settlement Administrator for the remaining costs of administration is approved; and

12.     This Court shall retain jurisdiction over any further application or matter which may arise in connection with this Action.

**IT IS SO ORDERED**.


Dated: _____          _____

                                Honorable Mary Kay Vyskocil
                                United States District Judge
                                Southern District of New York


3