**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ISAAC SOLOMON and FRANCINE CANION, Individually and On Behalf of All Others Similarly Situated,<br><br>              Plaintiffs,<br><br>      v.<br><br>SPRINT CORPORATION, MICHEL COMBES, ANDREW DAVIES, MARCELO CLAURE and TAREK ROBBIATI<br><br>              Defendants. | **Civil Action No. 1:19-cv-05272-MKV**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISTRIBUTE THE FUNDS REMAINING IN THE NET SETTLEMENT FUND TO *CY PRES* RECIPIENT** |

Lead Plaintiff Isaac Solomon and additional Plaintiff Francine Canion ("Plaintiffs")[1] submit this memorandum of law in support of their Motion to Distribute the Funds Remaining in the Net Settlement Fund to *Cy Pres* Recipient in the above-captioned Action.

## I.      Background

On April 11, 2023, the Court entered the Order preliminarily approving the class action Settlement, certifying the Settlement Class, providing for Notice, and Scheduling the Final Approval Hearing. (ECF No. 89, "Preliminary Approval Order"). On August 14, 2023, the Court entered the Final Order and Judgment Approving the Class Action Settlement (ECF No. 98, "Final Approval Order"). Then, on April 4, 2024, the Court entered an order Granting Motion for Distribution of Settlement Fund. (ECF No. 103, "Distribution Order"). Once the Distribution Order was entered, the settlement was fully distributed to all valid claimants. *See* ECF No. 104.

The Court appointed Settlement Administrator, A.B. Data, Ltd. ("A.B. Data"), has advised Lead Counsel that pursuant to the Distribution Order, $2,206,426.36 in Settlement checks have been cashed. According to the accompanying Declaration of Eric Nordskog Concerning the Remaining Funds for *Cy Pres*, ("Nordskog Declaration", attached as Exhibit 1 to the Declaration of Brian P. O'Connell), the 120-day void check period expired on August 17, 2024. Nordskog Declaration ¶5. *Id.* As of the date of the Nordskog's Declaration's execution, the balance is just $6,054.81 from uncashed checks. AB Data has determined that it is not economically feasible to perform a second distribution. *Id*. ¶5.

Pursuant to Paragraph X.H.6 of the Stipulation, after all feasible distributions, "any *de minimis* balance which still remains in the Net Settlement Fund shall be donated to an appropriate

---

[1] All capitalized terms that are not otherwise defined herein have the same meanings as set forth in the Stipulation of Settlement dated September 12, 2022 (the "Stipulation") (ECF No. 87-1).

nonprofit organization selected by Lead Counsel." The Distribution Order provides that if "further distribution of the funds remaining in the Net Settlement Fund to Authorized Claimants is not cost-effective ... Plaintiffs' Counsel shall propose a plan to the Court regarding the use of such funds for contribution to nonsectarian, not-for-profit organization(s)." Distribution Order  ¶7. Lead Counsel, after consulting with the Settlement Administrator, has determined that further distribution of the funds to Authorized Claimants is no longer cost-effective.

## II.    The Court Should Authorize Distribution of the Funds Remaining in the Net Settlement Fund to the Legal Aid Society of New York

Lead Counsel requests that the Court authorize distribution of those funds to the Legal Aid Society of New York ("Legal Aid Society"), a non-sectarian, not-for-profit organization that provides legal services throughout New York City.

"It is often the case that judgment or settlement funds from a class action will go unclaimed." *Vazquez v. Lamont Fruit Farm*, Inc., No. 06-CV-582S, 2011 U.S. Dist. LEXIS 144167, at *10, n.4 (W.D.N.Y. Dec. 12, 2011). It comes as no surprise that "[m]ost class actions result in some unclaimed funds." *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1307 (9th Cir. 1990); *In re Motorsports Merchandise Antitrust Litig.*, 160 F. Supp. 2d 1392, 1393-94 (N.D. Ga. 2001) ("It is not uncommon in . . . class actions to have funds remaining after payment of all identifiable claims."). Indeed, "[d]espite best efforts[,] . . . it remains virtually certain – especially when large classes are involved – that not all class members will share in an aggregate class recovery. This situation may or may not result in a residue remaining after individual claim distribution." *Jones v. National Distillers*, 56 F. Supp. 2d 355, 356 (S.D.N.Y. 1999) (citations omitted).

In circumstances where there are funds remaining, "[f]ederal courts have broad discretionary powers in shaping equitable decrees for distributing unclaimed class action funds."

*Six (6) Mexican Workers*, 904 F.2d at 1307 (finding that the court properly considered *cy pres* distribution for the limited purpose of distributing the unclaimed funds); *see Motorsports Merchandise*, 160 F. Supp. 2d at 1393 ("Where no legal claim to settlement benefits exists, a court can exercise its equitable powers to distribute the remaining funds."). "Where distribution of class funds to class members is infeasible, courts often use *cy pres* principles [a method of distributing proceeds to the next best beneficiary] to determine an appropriate use for the funds." *Jones*, 56 F. Supp. 2d at 357; *see also In re Microsoft Corp. Antitrust Litig.*, 185 F.Supp.2d 519, 523 (D. Md. 2002) ("*[C]y pres* approach is most frequently used for the purpose of distributing the residue of a class settlement fund.").

"Additionally, the distribution preference of class counsel is entitled to deference because class counsel are the only entities with a meaningful equitable stake in the remaining class funds." *Jones*, 56 F. Supp. 2d at 359 (finding the distribution of unclaimed funds from a securities fraud class action settlement to the Legal Aid Society was proper where class counsel, as the only entity with an equitable interest in the remaining funds, chose the Legal Aid Society); *see also In re NQ Mobile, Inc. Sec. Litig.*, No. 1:13-cv-07608-WHP, 2016 U.S. Dist. LEXIS 189606, at *14-15 (S.D.N.Y. Mar. 11, 2016) (designating the Legal Aid Society as an appropriate *cy pres* recipient for funds remaining in a securities class action settlement fund); *In re Jumia Technologies AG Securities Litigation*, Master File No. 1:19-cv-04397-PKC, ECF No. 140 (S.D.N.Y. February 22, 2023) (same).

### III.    Conclusion

Based on the foregoing, the Court should approve and enter the [Proposed] Order Granting Authorization to Distribute the Funds Remaining in the Net Settlement Fund to *Cy Pres* Recipient, submitted herewith as Exhibit 2 to the Declaration of Brian P. O'Connell.

Dated: December 17, 2024        */s/ Brian P. O'Connell*

                         **POMERANTZ LLP**

                         Patrick V. Dahlstrom
                         Omar Jafri
                         Brian P. O'Connell
                         Ten South La Salle Street, Suite 3505
                         Chicago, Illinois 60603
                         Telephone: (312) 377-1181
                         E-mail:  pdahlstrom@pomlaw.com
                                   ojafri@pomlaw.com
                                   boconnell@pomlaw.com

                            -and-

                         Jeremy A. Lieberman
                         J. Alexander Hood II
                         600 Third Avenue, 20th Floor
                         New York, New York 10016
                         Telephone: (212) 661-1100
                         Facsimile: (212) 661-8665
                         E-mail: jalieberman@pomlaw.com
                                   ahood@pomlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, on December 17, 2024, I served a copy of Plaintiffs' Memorandum to counsel of record for Defendants using the CM/ECF system, which will send email notification of this filing to all attorneys of record.

Executed on December 17, 2024.

                       /s/ *Brian P. O'Connell*
                       Brian P. O'Connell